IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, RANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG,<br><br>           Plaintiffs,<br><br>    vs.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>           Defendant. | CIVIL NO. 03-00567 JMS BMK<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE CLAIMS OF PLAINTIFF FRANK PAULSON |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
<u>SUMMARY JUDGMENT ON THE CLAIMS OF PLAINTIFF FRANK PAULSON</u>

PRELIMINARY STATEMENT

Plaintiff Frank Paulson contends that the Transportation Security Administration (TSA) discriminated against him on the basis of his race and age in terminating him from his employment as a security screener at the Kahului, Maui Airport in March 2003. Paulson will be unable to prevail on his claims because he will be unable to produce any evidence that the TSA was motivated by discriminatory intent. The decision to terminate him was made by personnel specialists in Washington because they determined that he failed to disclose on his employment application that he had been arrested in the seven years prior. Paulson's race and age played no role in the specialists' determination that his employment should be terminated, and none of the Hawaii supervisors who Paulson claims discriminated against him played

any role in the decision.  Paulson's age discrimination claim is barred for the additional reason that he was not a member of the class protected by the Age Discrimination in Employment Act, since at the time of his termination he was under 40 years old.

Accordingly, summary judgment for defendant is appropriate.

ARGUMENT

I.  DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PAULSON WAS TERMINATED BECAUSE HE FAILED TO DISCLOSE THAT HE HAD BEEN ARRESTED, NOT BECAUSE OF HIS RACE OR AGE.

   A.  Legal Standards.

       1.  General Standards Governing Motions for Summary Judgment.

Federal Rule of Civil Procedure 56 allows a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."

In Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1047 (9th Cir. 1995), the Ninth Circuit succinctly described the showing a party moving for summary judgment must make and the corresponding burden a party opposing summary judgment must carry to thwart the motion.  A party seeking summary judgment must "identify those parts of the record that indicate the absence of a genuine issue of material fact."  Id. at 1048 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson v. Liberty

Lobby Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).  Once the party seeking summary judgment meets its burden, the nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial.'"  Id. (quoting Celotex, 477 U.S. at 324).  The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587.  Further, if the evidence proffered by the party opposing the motion is "merely colorable, or is not significantly probative," summary judgment may appropriately be granted.  Id. (quoting Liberty Lobby, 477 U.S. at 249-50).  "The possibility that the plaintiff may discredit the defendant's testimony at trial is not enough for the plaintiff to defeat a properly presented [summary judgment] motion."  United Steelworkers of America v. Phelps Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc), cert. denied, 493 U.S. 809, 110 S.Ct. 51.

   The party opposing summary judgment must demonstrate that the fact in contention is material, i.e., that it might affect the outcome of the suit under the governing law, Liberty Lobby, 477 U.S. at 248; T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that

the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Anderson, 477 U.S. at 248-49.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322.

      2.    Summary judgment in Title VII cases.

"Liability in a disparate treatment case 'depends on whether the protected trait [national origin, race, and gender] actually motivated the employer's decision.'"  Raytheon Company v. Hernandez, 540 U.S. 44,  (2003) (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993).  Accordingly, this race, national-origin and gender-based non-selection claim can be analyzed with the three-part burden shifting scheme first enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  In keeping with this scheme, plaintiff has the initial burden to establish a prima facie case of discrimination.  If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for taking the action.  McDonnell Douglas Corp., 411 U.S. at 802.  The burden on the employer is one of production rather than proof or persuasion. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981) ("The defendant need not persuade the court that it was actually motivated by the

proffered reasons").

If the defendant meets this burden, the plaintiff must then prove by a preponderance of the evidence that the employer's articulated reasons are a pretext for discrimination.  Id.  The "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."  Id.  Plaintiffs may establish pretext (1) by direct evidence if it proves the fact of discriminatory animus without inference or presumption, or (2) by specific and substantial indirect circumstantial evidence. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221-22 (9th Cir. 1998).

    C.    Defendant is Entitled to Summary Judgment Because Paulson Cannot Produce Evidence that His Termination Was Motivated by Discriminatory Intent.

Here, for the purposes of this motion, defendant assumes that Paulson can establish a prima facie case of discrimination. Paulson will be unable to carry his burden of producing evidence, either direct or circumstantial, that discriminatory intent played any role in his termination.  TSA officials in Washington required Paulson's termination because he inaccurately stated on his job application that he had not been arrested in the previous seven years, when in fact he had been arrested for battery and for theft during that period.  The TSA Maui officials who Paulson claims were biased against him because of his race and age played

no role in the evaluation of Paulson's application or in the decision to terminate him. The officials who decided that termination was required had no knowledge of his race.

Based on these facts, Paulson will be unable to produce any evidence of discriminatory intent. Accordingly, defendant is entitled to summary judgment on his claims.

II. PAULSON'S AGE DISCRIMINATION IS ALSO BARRED BECAUSE HE WAS NOT YET 40 YEARS OLD AT THE TIME HE WAS TERMINATED.

The ADEA on its face does not protect persons under 40. 29 U.S.C. 631(a); see O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312 (1996)(recognizing that the ADEA "limits the protected class to those who are 40 or older").

Here, at the time he was terminated in March 2003, Paulson was 39 years old. Accordingly, he cannot maintain an age discrimination claim.

DATED: February 24, 2006, at Honolulu, Hawaii.

>                     EDWARD H. KUBO, JR.
>                     United States Attorney
>                     District of Hawaii
>
>
>                         /s/ Thomas A. Helper
>                     By_____
>                         THOMAS A. HELPER
>                         Assistant U. S. Attorney
>
>                     Attorneys for Defendant