IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG, <br><br>        Plaintiffs, <br><br>    vs. <br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, <br><br>        Defendant. <br>_____ | CIVIL NO. 03-00567 JMS/BMK <br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE CLAIMS OF PLAINTIFF FRANK PAULSON |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE CLAIMS OF PLAINTIFF FRANK PAULSON

On February 24, 2006, the Defendant filed a Motion for Summary Judgment on the Claims of Plaintiff Frank Paulson ("Paulson"). On May 8, 2006, Paulson along with Plaintiffs Lucas Bruno, Christopher Gahr, Charles Turner, and Tom Young filed a Statement of No Opposition to the Defendant's Motion for Summary Judgment on the Claims of Frank Paulson. Pursuant to Local Rule 7.2(d), the court determines that the motion can be decided without oral argument. After reviewing the papers submitted by the parties, the court concludes that the Defendant is entitled to summary judgment on the claims of Frank Paulson.

Paulson alleges in his complaint that the Transportation Security Administration ("TSA") discriminated against him on the basis of his race and age in terminating him from his employment as a security screener at the Kahului, Maui Airport in March 2003. The Defendant contends that the decision to terminate Paulson was made by personnel specialists in Washington after they determined that Paulson failed to disclose on his employment application that he had been arrested in the seven years prior to his employment. The Defendant states that Paulson's race and age played no role in the decision to terminate him.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court applies the framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to analyze whether summary judgment is appropriate in a Title VII disparate treatment case. Under *McDonnell Douglas*, once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* at 802. If the defendant meets this burden, the burden then shifts to the plaintiff to produce some evidence that the employer's articulated reason is a pretext for

discrimination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

In the instant case, the Defendant has produced evidence that Paulson was terminated because he failed to disclose his criminal record prior to being hired by TSA. Paulson does not oppose the Defendant's motion for summary judgment and has offered neither evidence nor argument that the Defendant's articulated reason for his termination was a pretext for discrimination.[1] Failure to prove pretext under these circumstances is fatal to Paulson's case. Accordingly, the court GRANTS the Defendant's motion for summary judgment.

IT IS SO ORDERED

DATED, Honolulu, Hawaii, May 18, 2006.



J. Michael Seabright
United States District Judge

*Bruno, et at, v. Chertoff*, Civ. No. 03-00567 JMS/BMK, Order Granting Defendant's Motion for Summary Judgment on the Claims of Frank Paulson

---

[1] Defendant has also demonstrated that at the time of his termination, Paulson was 39 years old. Because the Age Discrimination in Employment Act only applies to those who are 40 or older, Paulson's age discrimination claim fails as a matter of law. *See* 29 U.S.C. § 631(a); *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996).