EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS A. HELPER  5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER ) GAHR, FRANK ROBERT PAULSON, ) CHARLES TURNER, and TOM ) YOUNG, ) <br>           Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> MICHAEL CHERTOFF[1], Secretary,) DEPARTMENT OF HOMELAND ) SECURITY, ) <br> ) <br>         Defendant. ) <br> _____) | CIVIL NO. 03-00567 JMS BMK <br><br> DEFENDANT'S FINAL PRETRIAL STATEMENT; CERTIFICATE OF SERVICE |

DEFENDANT'S FINAL PRETRIAL STATEMENT

Comes now defendant, Secretary of Department of Homeland

Security, by and through his undersigned counsel, and hereby

makes his Pretrial Statement pursuant to Rule 16.6, Local Rules

of the United States District Court for the District of Hawaii.

      (a)  PARTY.

This pretrial statement is submitted on behalf of defendant,

Secretary of Department of Homeland Security .

(b)  <u>JURISDICTION AND VENUE</u>.

Jurisdiction and venue appear proper in this court.

(c)  <u>SUBSTANCE OF ACTION</u>.

Plaintiffs are four former screeners and screening supervisors who the Transportation Security Administration (TSA) terminated from their employment at Kahului Airport.  They claim the terminations were motivated by their race (Caucasian) and age.  In fact, each plaintiff was terminated for good cause, as were other employee of other races and ages.

(d)  <u>UNDISPUTED FACTS</u>.

The date of hiring and termination of each of the plaintiffs, their job responsibilities and the structure of TSA Kahului,

(e)  <u>DISPUTED FACTUAL ISSUES</u>.

The central issues in the litigation are the reasons for plaintiff's termination, and whether they made errors and broke workplace rules.  Also in dispute is whether TSA supervisors made statements attributed to them by plaintiffs about attitudes toward Caucasians.

(f)  <u>RELIEF PRAYED</u>.

Defendant seeks judgment in its favor on all counts and to recover its costs.

(g)  <u>POINTS OF LAW</u>.

The relevant points of law will be set forth in defendant's

trial brief.  This appears to be a relatively straightforward
Title VII race case, slightly complicated by the fact that the
same jury will hear the cases of four plaintiffs who were
terminated at different times, by different supervisors, for
different reasons.

Defendant highlights one point of law that could have a
significant impact on the length and scope of the trial.
Plaintiffs may seek to spend a substantial amount of trial time
on personnel decisions other than plaintiffs' own terminations.
A substantial portion of plaintiffs' depositions, and of
statements from a handful of other Caucasian screeners, concerned
decisions such as who TSA  selected to be supervisors; (2) who
TSA selected to go on desirable neighbor island and Pacific
training assignments; (3) who at TSA other than plaintiffs
received reprimands; (4) who (other than plaintiffs) TSA
terminated; (5) who was supposedly yelled at, treated unfairly
and (conversely) who was supposedly favored.

Testimony on these other personnel actions will almost
certainly not be admissible.  Typically such anecdotal evidence
of allegedly discriminatory acts other than the one at issue in
the case are usually "inadmissible in the typical case of
individual discrimination."  Obrey v. Johnson, 400 F.3d 691, 698
(9th Cir. 2005).  Although such evidence might be admissible in a
"pattern and practice" case of discrimination, plaintiffs cannot
maintain such a case here.  A pattern or practice claim imposes a

substantial burden on the plaintiffs: they must establish by "a preponderance of the evidence that . . . discrimination was the [TSA's] standard operating procedure – the <u>regular rather than the unusual practice</u>." <u>Cooper v. Fed. Reserve Bank of Richmond</u>, 467 U.S. 867, 876 (1984) (internal quotation marks and citation omitted; emphasis added). "Proving isolated or sporadic discriminatory acts by the employer is insufficient to establish a prima facie case of a pattern or practice of discrimination." <u>Id.</u> at 875-76.

Plaintiffs will fall far short of showing that discrimination was TSA's "standard operating procedure." Indeed, the statistics will show that terminations were applied equally to all racial groups. Of 117 Caucasian screeners and supervisors hired in TSA's first two years, only 17 were terminated – less than fifteen percent. The figure for Asian employees is slightly higher – 12 out of 75 were terminated, about 16 percent. If one includes the "Other" category, a category likely to include many persons of mixed race, the results are about the same – 9 out of 82 were terminated, about 11 percent. Accordingly, plaintiffs' cannot maintain a pattern and practice claim, and therefore cannot introduce anecdotal evidence of TSA's personnel decisions other than the termination decisions directly at issue.

Even if plaintiffs could lay a legal foundation for the anecdotal evidence, plaintiffs would have to lay a factual foundation to show that the persons in these other personnel

decisions were similarly situated to plaintiffs - i.e. with the same supervisors making termination or termination-like personnel decisions in the same time frame as plaintiffs' terminations.

Even if plaintiffs could lay   Federal Rule of Evidence 403 considerations would require the court to exclude or sharply limit the evidence.  <u>Obrey</u>, 400 F.3d at 699.  The alternative would be extensive minitrials on every personnel decision which a Caucasian screener perceived to be unfair.

If plaintiffs intend to try to introduce evidence of other personnel actions, defendant will file an appropriate motion <u>in limine</u> on the issue.  At the final pretrial conference, the parties should discuss an accelerated resolution of this issue, given the very substantial impact the issue could have on trial preparation and on the duration of the trial.

     (h)  <u>PREVIOUS MOTIONS</u>.

Plaintiff Frank Paulson has been dismissed from this action on defendants's motion, because it was undisputed that he was terminated by officials in Washington for making false statements about his arrest record on his employment application.

     (i)  <u>WITNESSES TO BE CALLED</u>.

     <u>Expert Witness</u>

Neither side has designated any experts.

     <u>Fact Witnesses</u>

Defendant may call the following witnesses.  Each witness has knowledge of the reasons for the termination of one or more

of the plaintiffs:

A.  Current TSA employees

Each of these persons is a current TSA employee who should be contacted through defendant's counsel:

1.   Patrick Collins

2.   Howard Tagomori

3.   Lowery Leong

4.   Robert Au

5.   Lisa Baker

6.   Filbert Carvalho

7.   Gary Leavitt

8.   Russell Harlan

9.   Angela Williams

10.  Davelyn Gordon

11.  Earl Owens

12.  Uilani Danley

13.  Pamela Wilson

14.  Nashly Leslie

15.  Theresa Greenisen

16.  Susan Bos

17.  Devory Bailey

18.  Jerry Yamada

19.  Ann Quinones/Wertlzer

20.  Garrett Nishida

21. Gerald Takumi

22. Custodians of records as necessary.

23. Other witnesses as identified through discovery, particularly in response to plaintiffs' answers to defendant's recent discovery requests.

24. Witnesses with knowledge relevant to personnel actions other than the terminations of the plaintiffs, to the extent evidence of those actions is heard by the jury.

B. Former TSA employees

Defendant will provide the last known addresses of these potential witnesses in a supplemental response to plaintiffs' discovery:

1. Patti Igarashi

2. Kaehalani Aruda

3. Tina Perez

4. Denise Vogel

C. Non-TSA employees

1. Representative of NCS Pearson regarding training, scheduling and job assignment issues.

2. Representative of SASER regarding training, scheduling and job assignment issues.

3. Custodians of records as necessary.

(j) EXHIBITS, SCHEDULES AND SUMMARIES.

Defendant will produce its exhibit list by the time set

forth in the pretrial order.

      (k)  <u>FURTHER DISCOVERY OR MOTIONS</u>.

No further motions are anticipated.  As to discovery, the parties have agreed to take one deposition between the date of filing of this statement and the final pretrial conference. Defendant has extended by a week, to June 26, the due date for plaintiffs' discovery responses.  Defendant still has to produce documents from four EEO complaints arising at Kahului from persons other than the plaintiffs, and the last known addresses of former TSA employees identified by plaintiffs.

      (l)  <u>STIPULATION</u>.

No stipulations are now planned.

      (m)  <u>AMENDMENTS, DISMISSALS</u>.

No amendments are now planned.

      (n)  <u>SETTLEMENT DISCUSSIONS</u>.

See separate confidential settlement statement.

      (o)  <u>AGREED STATEMENT</u>.

No agreed statement is likely.

      (p)  <u>BIFURCATION, SEPARATE TRIAL OF ISSUES</u>.

No bifurcation or separate trial of issues appear necessary.

      (q)  <u>REFERENCE TO A MASTER OR MAGISTRATE JUDGE</u>.

No reference to a Master or Magistrate Judge appears necessary.

(r)  <u>APPOINTMENT OR LIMITATION OF EXPERTS</u>.

Not applicable.

(s)  <u>ESTIMATE OF TRIAL TIME</u>.

Six to eight trial days; however, this estimate depends on resolution of the legal issues addressed above.

(t)  <u>CLAIMS OF PRIVILEGE OR WORK PRODUCT</u>.

No matters required to be protected by this rule are deemed privilege or work product by federal defendant.

(u)  <u>MISCELLANEOUS</u>.

No other matters must be discussed at this time.

DATED: June 19, 2006, at Honolulu, Hawaii.

                    EDWARD H. KUBO, JR.
                    United States Attorney
                    District of Hawaii


                      /s/ Thomas A. Helper
                 By _____
                    THOMAS A. HELPER
                    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy off the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

Michael Jay Green              June 19, 2006
Queen Street Building
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813

DATED: July 19, 2006, at Honolulu, Hawaii.


                                /s/ Myra Y. Peterson
                                _____