ORIGINAL

MICHAEL JAY GREEN  4451
345 Queen Street, Second Floor
Honolulu, Hawaii  96813
Telephone:  (808) 521-3336
E-Mail:  michaeljgreen@hawaii.rr.com

DEBRA A. KAGAWA  6169
888 Mililani Street, Suite 501-A
Honolulu, Hawaii  96813
Telephone:  (808) 535-0363

DENISE M. HEVICON  7428
345 Queen Street, Second Floor
Honolulu, Hawaii  96813
Telephone:  (808) 521-3336
E-Mail: dhsangster@hawaii.rr.com

EVE GREEN  5550
24 N. Church Street, Suite 409
Wailuku, Hawaii 96793
Telephone: (808) 242-4049
Facsimile: (808) 244-4021
E-mail: greenlaw@maui.net

Attorneys for Plaintiffs
LUCAS BRUNO III, CHRISTOPHER GAHR,
FRANK ROBERT PAULSON, CHARLES
TURNER, and TOM YOUNG

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 19 2006

at 3 o'clock and 45 min P
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG, | ) ) ) ) ) | CIVIL NO. 03-00567 DAE/BMK<br><br>PLAINTIFFS' FINAL PRETRIAL STATEMENT; CERTIFICATE OF SERVICE |
| Plaintiffs, | ) ) ) ) | |
| vs. | ) ) ) | |
| MICHAEL CHERTOFF, DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) ) | |
| Defendant. | ) ) ) ) | |

## PLAINTIFFS' FINAL PRETRIAL STATEMENT

Plaintiffs, by and through their counsel undersigned, and pursuant to Rule 16.6 of the <u>Rules of the District Court for the District of Hawaii</u>, respectfully submit their Final Pretrial Statement.

I.    PARTIES

This Statement is filed on behalf of Plaintiffs:

LUCAS BRUNO III
CHRISTOPHER GAHR
CHARLES TURNER
TOM YOUNG
(FRANK ROBERT PAULSON was dismissed)


II.    JURISDICTION AND VENUE

This Court has subject matter jurisdiction of this action pursuant to 28

U.S.C.S. § 1331, 42 U.S.C.S. § 2000e-16(c), and under the Age Discrimination

Employment Act of 1967.  Venue is proper in the District of Hawaii under the

special venue provision of Title VII, 42 U.S.C.S. § 2000e-5(f)(3), and under 28

U.S.C. § 1391 as the events giving rise to the claims occurred within this

jurisdiction.


III.    SUBSTANCE OF ACTION

Plaintiffs are white males, over 40 years of age, who were wrongfully

terminated from their jobs with the Transportation Security Administration

(hereinafter "TSA") at the Maui Airport on the basis of race, sex and age.  Each

man was performing his job at a level equal to, or better than, similarly situated

2

employees who were not white males over 40. They were subject to racial epithets by supervisors. Prior to their termination, these Plaintiffs were subject to discipline for actions which other similarly situated employees were not subject to.

IV.    UNDISPUTED FACTS

    (1)    Plaintiffs were all employed by The Transportation Security Administration at the Maui Airport.

    (2)    Plaintiffs were all subject to an adverse employment actions and were terminated from their jobs.

    (3)    Plaintiffs all belong to a protected class.

V.    DISPUTED FACTUAL ISSUES

    (1)    Whether Plaintiffs were wrongfully terminated based on their race (Caucasian), age (over 40), and sex (male).

    (2)    Whether similarly situated employees who were not white males, over 40, from the mainland, were treated differently.

    (3)    Whether supervisors at Maui Airport made racial comments directed at Caucasians in general and plaintiffs specifically, including but not limited to referring to them as "fucking haoles".

3

(4)     Whether the reasons given as justifying the termination of Plaintiffs were pretextual.

(5)     Whether the disciplinary record of Plaintiff Thomas Young was created after he had filed a complaint with the EEOC and placed into his personnel file for the first time at least seven months after his termination.

(6)     Whether Plaintiffs were all qualified for the positions from which they were terminated.

(7)     Whether the Plaintiffs' claims for damages are warranted.


VI.     <u>RELIEF PRAYED</u>

That Plaintiffs be awarded judgment in their favor and against the Defendants.

That Plaintiffs be awarded general damages for mental pain, suffering, humiliation, and embarrassment.

That Plaintiffs be awarded special damages for economic losses in the past and future.

That Plaintiffs be awarded attorneys' fees and costs of this action;

That Plaintiffs be awarded prejudgment and postjudgment interest in the maximum amount provided by law; and

That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

VII.   POINTS OF LAW

1.   Title VII

Plaintiffs claims are based on Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. Section 2000e-16. Plaintiffs were terminated from their employment with TSA on the basis of their race. Plaintiffs are all white males who were 40 years or older at the time they were terminated.

Title VII provides that, with respect to federal government employment, "al personnel actions affecting employees or applicants for employment * * * shall be made free from any discrimination based on race * * *." 42 U.S.C. Section 2000e-16(a). Title VII prohibits all employers from "discharging any individual[] or otherwise * * * discriminating against any individual with respect to his compensation, terms, conditions or privileges of employment" based on the individual's race. 42 U.S.C. Section 2000e-2. Based on such provisions, race-

based disparate treatment by a federal employer is a violation of federal law. <u>See</u>

<u>Aragon v. Republic Silver State Disposal, Inc.</u>, 292 F.3d 654, 658 (9th Cir. 2002).

To establish a claim for employment termination in violation of Title VII,

Plaintiffs must present evidence that "'gives rise to an inference of unlawful

discrimination'" with respect to that termination. <u>Vasquez v. County of L.A.</u>, 307

F.3d 884, 2003 U.S. App. LEXIS 22854, *8 (9th Cir. 2003). Such evidence may

either be direct evidence of discriminatory intent or follow the <u>McDonnell</u>

<u>Douglas</u> burden-shifting framework. <u>McDonnell Douglas Corp. v. Green</u>, 411

U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). Direct evidence is "evidence

which, if believed, proves the fact [of discriminatory animus] without inference or

presumption." <u>Vasquez</u>, 307 F.3d 884, 2003 U.S. App. LEXIS 22854 at *9

(internal quotation and citation omitted).

Under <u>McDonnell Douglas</u>, Plaintiffs must first establish a prima facie case

of racial discrimination. <u>McDonnell Douglas</u>, 411 U.S. at 802. To make such a

prima facie showing respect to their termination, Plaintiffs must show that: (1)

they belong to a protected class; (2) they were qualified for the employment

positions from which they were terminated; (3) they were subjected to adverse

employment action (termination); and (4) similarly situated individuals who did

not belong to Plaintiffs' protected class were treated more favorably. <u>See Aragon</u>,

292 F.3d at 658; <u>see also</u> <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S,. 502, 506, 125

L. Ed. 2d 407, 113 S. Ct. 2742 (1993).

Once Plaintiffs establish a prima facie case of racial discrimination, the

burden of production shifts to the Defendant to articulate a legitimate,

nondiscriminatory reason for taking adverse employment action against Plaintiffs.

<u>McDonnell Douglas</u>, 411 U.S. at 802; <u>Aragon</u>, 292 F.3d at 658.  Should Defendant

articulate such a reason, Plaintiffs must then demonstrate that the reason is a

pretext for unlawful discrimination.  Plaintiffs may prove this by producing

evidence that either directly persuades the court that a discriminatory reason more

likely motivated the employer or indirectly shows that the employer's proffered

explanation is unworthy of credence.  <u>Chuang v. Univ. of Cal. Davis</u>, 225 F.3d

1115, 1124 (9th Cir. 2000).

  2.    <u>Title VII Damages</u>

Plaintiffs seek an award of general and special damages.

42 U.S.C.S. Section 1981(a)(1), which governs compensatory damage

awards under Title VII of the Civil Rights Act of 1964 authorizes an award of

compensatory damages when an employer has engaged in unlawful intentional

employment discrimination.  Compensatory damages under this section <u>includes</u>

7

such nonpecuniary losses as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

In the Fifth Circuit, a plaintiff's testimony alone is sufficient to support an award for emotional damages in a Title VII action. See Gobert v. Babbitt, 2000 U.S. Dist. LEXIS 18833 (E.D. La. 2000). As to the level of specificity needed to support an award, the Fifth Circuit has held that there must be "specific discernable injury to the claimant's emotional state." To help elucidate the meaning of "discernible injury," the Fifth Circuit has looked to the EEOC's official guidelines regarding emotional harm in employment discrimination cases. The EEOC guidelines recognize that emotional harm can manifest itself in ways such as sleeplessness, depression, marital strain, loss of self esteem, nervousness, or fatigue.

Applying these standards, awards in the Fifth Circuit have been upheld where the plaintiff testified as to depression, intestinal problems, sleeplessness, and marital problems. Forsythe, 91 F.3d at 774 (upholding awards of $100,000 and $75,000), anxiety, stress, and loss of self esteem, Migis, 135 F.3d at 1047 (upholding an award of $5,000), and feeling embarrassed, disgusted, stupid, and hopeless), Farpella-Crosby, 97 F.3d at 809 (upholding an award of $5,000).

Title VII also authorizes the court to remedy unlawful employment practices by ordering such affirmative action as may be appropriate including reinstatement, front pay, or such other equitable relief the court deems appropriate. Front pay may be awarded if reinstatement is not feasible.

### 3.     Title VII Attorney's Fees and Costs

The prevailing party on a claim brought under Title VII is entitled to costs, which may include a reasonable attorney's fee. Fed. R. Civ. P. 54(d); 42 U.S.C. Section 2000e-5(k).

### 4.     Age Discrimination in Employment Act (ADEA)

Under the ADEA, it is unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of his age.

The prima facie case of age discrimination may be based on direct evidence of discriminatory intent or the presumption arising from the 4 factors set forth in McDonnell Douglas. These factors are: (1) Plaintiffs are a member of the protected class, consisting of individuals ages 40 and older; (2) Plaintiffs were performing their jobs in a satisfactory manner; (3) Plaintiffs suffered an adverse employment action (termination); and (4) substantially younger individuals with qualifications similar to their own were treated more favorably.

9

Once Plaintiffs have established a prima facie case of age discrimination, the burden shifts to the Defendant to produce evidence that Plaintiffs were fired for a legitimate, non-discriminatory reason. Once Defendant produces sufficient evidence to support its non-discriminatory explanation, Plaintiffs must prove that the explanation offered by the Defendant is pretextual and unworthy of credence. Plaintiffs' burden is to offer admissible evidence that will permit a reasonable factfinder to conclude either that the alleged reasons for their discharge are false, or that the true reasons for their discharge were discriminatory.

     5.    <u>ADEA Damages:</u>

The ADEA provides for back wages.


VIII.  <u>PREVIOUS MOTIONS</u>

Defendants filed a Motion for Summary Judgment as to Plaintiff Frank Robert Paulson on February 24, 2006. A Statement of No Position was filed by Plaintiffs. The Motion was GRANTED and an Order was issued by Judge Michael Seabright on May 18, 2006.


IX.  <u>WITNESSES TO BE CALLED</u>

Please see Witness List attached hereto as Exhibit "A".

10

X.    EXHIBITS, SCHEDULES, SUMMARIES

Please see list of Exhibits attached hereto as Exhibit "B".

XII.    FURTHER DISCOVERY OR MOTIONS

Plaintiffs intend to depose TSA employees Patti Igarashi and Denise Vogel and Plaintiffs' responses to Defendants' Second Request for Answers to Interrogatories are due June 23, 2006.

XIII.    STIPULATIONS

The parties stipulated to extend the discovery cut-off to June 16, 2006.

XIV.    AMENDMENTS, DISMISSALS

Any Amendments to the Complaint have already been filed.

XV.    SETTLEMENT DISCUSSION

Counsel for the parties has had an informal discussion about settlement, however, the parties are very far apart. The parties did not enter into any alternative resolution process. A settlement conference is currently scheduled before Magistrate Kurren on June 22, 2006.

11

XVI.  AGREED STATEMENT

There is no agreed-upon statement.

XVII. BIFURCATION, SEPARATE TRIAL OF ISSUES

Bifurcation/separate trial of issues is not desired.

XVIII.  REFERENCE TO MAGISTRATE JUDGE

Plaintiffs have no objection to this case being heard by a Magistrate Judge.

XIX.  APPOINTMENT AND LIMITATION OF EXPERTS

Appointment by the Court of an impartial expert witness is not desired. Limitation by the Court of the number of expert witnesses is not required as neither side has named any expert witnesses.

XX.  TRIAL

Trial is scheduled for August 1, 2006.  Although Plaintiffs initially demanded a jury trial because they had filed suit against individuals, the

amendment of the Defendants to be only Michael Chertoff and the Department of Homeland Security means that Plaintiffs are only entitled to a bench trial.


XXI.  ESTIMATE OF TRIAL TIME

Plaintiffs estimate that the trial will last eight (8) days or less.


XXII.  CLAIMS OF PRIVILEGE OR WORK PRODUCT

Plaintiffs do not have any claims of work product.


XXIII.  MISCELLANEOUS

None.

DATED: Honolulu, Hawaii, June 19, 2006.

MICHAEL JAY GREEN
DEBRA A. KAGAWA
DENISE M. HEVICON
EVE M. GREEN

13