IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | CIVIL NO. 03-00567 JMS BMK <br><br> MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO REOPEN DISCOVERY |

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO REOPEN DISCOVERY PRELIMINARY STATEMENT

Defendants seek to reopen discovery in this action on the narrow issue of the authority plaintiffs Christopher Gahr and Lucas Bruno granted to their attorneys to settle this matter. Good cause exists for reopening discovery because the information is crucial to determining whether the parties reached an enforceable settlement.

I.   STATEMENT OF FACTS

After extensive settlement negotiations in this matter, and with the assistance of the assigned Magistrate Judge, on July 12, 2006, plaintiffs' attorney Michael Green and defendants' counsel Thomas Helper agreed that plaintiffs would settle and release all claims in this matter in return for a total payment of $335,000, with each party to bear their own fees and costs. These were the

only terms of the agreement.  Helper Dec., ¶ 2.  Helper immediately informed the Magistrate Judge of the settlement via email (because the Magistrate was on the mainland), with a copy to Green.  Helper Dec. ¶ 3; Ex. A.  The email also asked the Magistrate to vacate the August 8 trial date and all pretrial filing deadlines.  Later that day the Magistrate confirmed that all deadlines had been vacated.

On July 13, 2006, Helper was informed by Michael Green's co-counsel, Denise Hevicon, that Gahr wanted to add terms to the settlement.  Ex. B.  Hevicon has indicated that plaintiff Lucas Bruno might also seek to add new settlement demands.  Helper Dec., ¶ 4.

In order to determine whether Green had authority to enter into the settlement, Helper wrote to Green and Hevicon, seeking information on that issue.  Ex. C.  Hevicon declined to provide the information, citing attorney-client privilege.  Helper Dec., ¶ 5.

II. ARGUMENT

A party seeking to modify the court's pretrial schedule must show to show "good cause" for his request.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992).  Here, there was no reason to conduct discovery on the scope of authority issue prior to the date plaintiffs Gahr and Bruno apparently reneged on the settlement agreed to by their attorney.

Accordingly, good cause exists to reopen discovery on the issue.

The information sought by defendant is unquestionably relevant to the dispositive issue of whether the parties reached a binding settlement agreement.  Under Hawaii law, a settlement agreement entered into by a party's attorney is binding if the party granted the attorney actual authority to bind the party. Nelson v. Boone, 78 Haw. 76 (1995).  The authority can be written or oral.  Id.

The only way to obtain information about the authority granted by the client to the attorney is to seek information from both client and attorney.  Although Hevicon's July 13 letter strongly implies that Gahr agreed to the settlement and then changed his mind a few days later, discovery is the only way to confirm that this in fact occurred.  If Gahr and Bruno did authorize their counsel to settle, and then changed their minds after an agreement was reached, defendants will move to enforce the settlement.

The information that defendants will seek in discovery is not protected by the attorney-client privilege.  It has long been settled that information on the scope of an attorney's settlement authority is not protected by the attorney-client privilege. Diversified Development & Inv., Inc. v. Heil, 889 P.2d 1212, 1218, 119 N.M. 290, 296 (1995); Peters v. Wallach, 366 Mass. 622, 321 N.E.2d 806 (1975) (collecting numerous cases).

III. CONCLUSION

For the foregoing reasons, the court should reopen discovery in this matter to allow defendants to inquire into the scope of settlement authority granted by plaintiffs Gahr and Bruno to their attorneys.

DATED: Honolulu, Hawaii, August 3, 2006.

                                    EDWARD H. KUBO, JR.
                                    United States Attorney
                                    District of Hawaii

                                By /s/ Thomas A. Helper
                                    THOMAS A. HELPER
                                    United States Attorney

                              Attorneys for Defendant