EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER   5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG,<br><br>            Plaintiffs,<br><br>     vs.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>            Defendant. | CIVIL NO. 03-00567 JMS BMK<br><br>DEFENDANT'S FINAL PRETRIAL STATEMENT; CERTIFICATE OF SERVICE<br><br>Date:  January 2, 2007<br>Time:  9:00 a.m.<br>Judge: Hon. Barry M. Kurren<br><br>Trial: February 13, 2007<br>Judge: Hon. Samuel P. King |

DEFENDANT'S FINAL PRETRIAL STATEMENT

Comes now defendant, Secretary of Department of Homeland Security, by and through his undersigned counsel, and hereby makes his Pretrial Statement pursuant to Rule 16.6, Local Rules of the United States District Court for the District of Hawaii.

(a) <u>PARTY</u>.

This pretrial statement is submitted on behalf of defendant, Secretary of Department of Homeland Security.

(b) <u>JURISDICTION AND VENUE</u>.

Jurisdiction and venue appear proper in this court.

(c) <u>SUBSTANCE OF ACTION</u>.

Plaintiff Christopher Gahr is a former screening supervisor terminated from his employment at Kahului Airport by the Transportation Security Administration (TSA). He claims the termination was motivated by his race (Caucasian) and age. This case originally included similar claims by four other TSA Kahului employees. Defendant obtained dismissal of one of the claims and settled the claims of three others. Plaintiff Gahr is now apparently proceeding <u>pro se</u>.

(d) <u>UNDISPUTED FACTS</u>.

The date of hiring and termination of plaintiff Gahr, his job responsibilities and the structure of TSA Kahului are all undisputed.

(e) <u>DISPUTED FACTUAL ISSUES</u>.

The central issues in the litigation are the reasons for plaintiff's termination, and whether he made errors and broke workplace rules. Plaintiff's work history and credibility will also be at issue. Plaintiff was employed at Kahului only for

four days, so the factual circumstances of his termination are not complicated.

    (f)  <u>RELIEF PRAYED</u>.

Defendant seeks judgment in its favor on all counts and to recover its costs.

    (g)  <u>POINTS OF LAW</u>.

The relevant points of law will be set forth in defendant's trial brief. This appears to be a relatively straightforward Title VII race case. Defendant is unaware of what evidence plaintiff will seek to introduce. Defendant will, however, highlight two points of law that could have a significant impact on the length and scope of the trial.

The first point of law concerns plaintiff's possible attempt to spend a substantial amount of trial time on personnel decisions other than his own termination. A substantial portion of plaintiff's deposition, and of statements from a handful of other Caucasian screeners (including the settling plaintiffs) who believed they were discriminated against, concerned decisions such as (1) who TSA selected to be supervisors; (2) who TSA selected to go on desirable neighbor island and Pacific training assignments; (3) who at TSA other than plaintiff received reprimands; (4) who (other than plaintiff) TSA terminated; (5) who was supposedly yelled at, treated unfairly and (conversely) who was supposedly favored.

Testimony on these other personnel actions will almost certainly not be admissible. Typically such anecdotal evidence of allegedly discriminatory acts other than the one at issue in the case are usually "inadmissible in the typical case of individual discrimination." Obrey v. Johnson, 400 F.3d 691, 698 (9th Cir. 2005). Although such evidence might be admissible in a "pattern and practice" case of discrimination, plaintiff cannot maintain such a case here. A pattern or practice claim imposes a substantial burden on the plaintiffs: they must establish by "a preponderance of the evidence that . . . discrimination was the [TSA's] standard operating procedure – the regular rather than the unusual practice." Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 876 (1984) (internal quotation marks and citation omitted; emphasis added). "Proving isolated or sporadic discriminatory acts by the employer is insufficient to establish a prima facie case of a pattern or practice of discrimination." Id. at 875-76.

Plaintiffs will fall far short of showing that discrimination was TSA's "standard operating procedure." Indeed, the statistics will show that terminations were applied equally to all racial groups. Of 117 Caucasian screeners and supervisors hired in TSA's first two years, only 17 were terminated – less than fifteen percent. The figure for Asian employees is slightly higher – 12 out of 75 were terminated, about 16 percent. If one

includes the "Other" category, a category likely to include many persons of mixed race, the results are about the same – 9 out of 82 were terminated, about 11 percent. Accordingly, plaintiff cannot maintain a pattern and practice claim, and therefore cannot introduce anecdotal evidence of TSA's personnel decisions other than the termination decisions directly at issue.

Even if plaintiffs could lay a legal foundation for the anecdotal evidence, plaintiff would have to lay a factual foundation to show that the persons in these other personnel decisions were similarly situated to plaintiffs – i.e. with the same supervisors making termination or termination-like personnel decisions in the same time frame as plaintiffs' terminations.

Even if plaintiffs could lay a foundation for a pattern and practice claim, Federal Rule of Evidence 403 considerations would require the court to exclude or sharply limit the evidence. Obrey, 400 F.3d at 699. The alternative would be extensive minitrials on every personnel decision which a Caucasian screener perceived to be unfair.

If plaintiff intends to try to introduce evidence of other personnel actions, defendant will file an appropriate motion in limine on the issue. At the final pretrial conference, the parties should discuss an accelerated resolution of this issue, given the very substantial impact the issue could have on trial preparation and on the duration of the trial.

The second possible issue of law concerns plaintiff's own past employment disputes and litigation. In the late nineties he was terminated from his employment with the San Bernardino County School District as a student drill instructor. In the course of that litigation it was revealed that plaintiff had lied about his background on his employment application. He stated that he was attending Azusa Pacific University when he had in fact never been enrolled there. He claimed that he had been employed at Vestex Corporation as a Human Resource Manager, but that he had left because of layoff. In fact, he was a Human Resources assistant administrator at Vestex, and he was discharged for "inability to perform the task assigned to the position he was hired for." He claimed that he had been a Human Resource Specialist at the West San Gabriel Valley Consortium and left because it was a temporary position. In fact, he was a training associate at the Consortium, and was terminated because he was unable to successfully complete the evaluation period. He also submitted a letter of recommendation to San Bernardino County that the purported author denied writing.

Notably, in the course of the current litigation against TSA, Gahr did not reveal in his interrogatory answers or in his deposition that he had ever been employed at Vestex or the West San Gabriel Valley Corporation. Defendant is in the process of obtaining certified copies of deposition transcripts and other

materials from the San Bernardino County litigation, and will file an appropriate motion in limine for their pre-admission.

      (h)   PREVIOUS MOTIONS.

Plaintiff Frank Paulson has been dismissed from this action on defendants's motion, because it was undisputed that he was terminated by officials in Washington for making false statements about his arrest record on his employment application.

      (i)   WITNESSES TO BE CALLED.

### Expert Witness

Neither side has designated any experts.

### Fact Witnesses

Defendant may call the following witnesses. Each witness has knowledge of the reasons for plaintiff's termination:

A.   Current TSA employees

Each of these persons is a current TSA employee who should be contacted through defendant's counsel:

    1.   Patrick Collins

    2.   Howard Tagomori

    3.   Lowery Leong

    4.   Lisa Baker

    5.   Filbert Carvalho (now deceased, so defendant will introduce his deposition transcript and Equal Employment Opportunity affidavits).

    6.   Russell Harlan

       7.    Earl Owens

       8.    Theresa Greenisen

       9.    Devory Bailey

      10.    Jerry Yamada

      11.    Meleane Tonga

      11.    Custodians of records as necessary.

      12.    Other witnesses as identified through discovery, particularly in response to plaintiff's further document production (see discovery discussion, Section (k) below).

      13.    Witnesses with knowledge relevant to personnel actions other than the terminations of the plaintiffs, to the extent evidence of those actions is heard by the jury.

    B.    Former TSA employees

      1.    Patti Igarashi, (808) 242-2334.

    C.    None-TSA employees

    Witnesses from plaintiff Gahr's prior litigation, including

      1.    Frank Feldman

      2.    Paul Pancucci,

      3.    Representative of Vestex Corporation

      4.    Representative West San Gabriel Valley Consortium

      5.    Representative of Sen Bernardino County School District

Defendant will probably seek to introduce the deposition transcripts of these witnesses. Defendant will provide contact information on the witnesses when defendant obtains the files; however, this information is already available to plaintiff in the form of his own litigation records.

(j)  EXHIBITS, SCHEDULES AND SUMMARIES.

Defendant will produce its exhibit list by the time set forth in the pretrial order.

(k)  FURTHER DISCOVERY OR MOTIONS.

No further motions are anticipated. As to discovery, plaintiff Gahr repeatedly stated in the course of his May 4, 2006 deposition that he had documents responsive to defendant's discovery requests at his home in California, and that he would produce those documents on his return from Iraq. Notably, these records supposedly included his prior employment records, which would have listed the employers for which he misrepresented his employment history such as Vestex and West San Gabriel Valley Consortium. Gahr has now been in California for several months but has not produced any additional documents, despite promptings from defendant's counsel.

(l)  STIPULATION.

No stipulations are now planned.

(m) <u>AMENDMENTS, DISMISSALS</u>.

No amendments are now planned.  The three settling plaintiffs will be dismissed when they return their signed stipulations for compromise settlement.

(n) <u>SETTLEMENT DISCUSSIONS</u>.

Plaintiff Gahr rejected a generous settlement offer which defendant does not intend to extend again.

(o) <u>AGREED STATEMENT</u>.

No agreed statement is likely.

(p) <u>BIFURCATION, SEPARATE TRIAL OF ISSUES</u>.

No bifurcation or separate trial of issues appear necessary.

(q) <u>REFERENCE TO A MASTER OR MAGISTRATE JUDGE</u>.

No reference to a Master or Magistrate Judge appears necessary.

(r) <u>APPOINTMENT OR LIMITATION OF EXPERTS</u>.

Not applicable.

(s) <u>ESTIMATE OF TRIAL TIME</u>.

Two or three trial days; however, this estimate depends on resolution of the legal issues addressed above.

(t) <u>CLAIMS OF PRIVILEGE OR WORK PRODUCT</u>.

No matters required to be protected by this rule are deemed privilege or work product by federal defendant.

(u) <u>MISCELLANEOUS</u>.

No other matters must be discussed at this time.

DATED: December 26, 2006, at Honolulu, Hawaii.

        EDWARD H. KUBO, JR.
        United States Attorney
        District of Hawaii

           /s/ Thomas A. Helper
By _____
    THOMAS A. HELPER
    Assistant U.S. Attorney

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG,<br><br>        Plaintiffs,<br><br>  vs.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>        Defendant. | CIVIL NO. 03-00567 JMS BMK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

    Served by First Class Mail:

    Michael Jay Green, Esq.            December 26, 2006
    Denise M. Hevicon, Esq.
    Debra Akemi Kagawa, Esq.
    Queen Street Building
    345 Queen Street, 2nd Floor
    Honolulu, Hawaii 96813

    Eve M. Green, Esq.                  December 26, 2006
    24 N. Church Street, Suite 409
    Wailuku, Hawaii  96793

    DATED:  December 26, 2006, at Honolulu, Hawaii.

                                                    /s/ Coleen Tasaka-Shoda
                                                    _____