ORIGINAL

Christopher Gahr
Plaintiff,
Unwillingly pro se
700 East Washington #81
Colton, CA 92324
(909) 370-1750
ChrisGahr@aol.com



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 10 2007

at __ o'clock and 30 min. __
SUE BEITIA, CLERK

Lucas Bruno III, Christopher Gahr,
Frank Robert Pauson, Charles
Turner, and Tom Young
　　　　　　　　　　Plaintiffs,
vs.
Michael Chertoff,
Secretary,
Department of Homeland Security,
　　　　　　　　　　Defendant

Civil No. 03-00567 JMS BMK

Plaintiff's Motion for Continuance

Date:  January 10, 2007
Time:  9:00 AM
Judge: Hon. Barry M. Kurren

Trial: February 13, 2007
Judge: Samuel F King

## Motion for Continuance

Plaintiff respectfully requests Continuance of trial date in order to find competent representation and time to prepare for trial. Plaintiff forwards the following grounds for the request for the Court to consider fully.

Plaintiff requests that trial be continued for 9 months.

### 1) Inability to serve as competent attorney

Plaintiff Gahr contends that he is incapable of serving as a competent attorney. Plaintiff does not have the training, nor the experience which would suffice to litigate this case pro se. Forcing the Plaintiff to stand in court as his own attorney would certainly be entertaining for the jury, but would only serve to embarrass the judge and bring disrepute to the Court.

### 2) Expectation that Plaintiff Bruno will be joining Plaintiff Gahr

As of January 10, 2007, NO settlement has been reached, and it is very possible that Plaintiff Bruno may be joining Plaintiff Gahr in the litigation against the TSA. Until, a full completion of termination of the proposed settlement with the other Plaintiffs, it serves the court to continue the trial to a later date.

### 3) Insufficient time to prepare for trial

Plaintiff Gahr has had less than 5 months to prepare for trial.

Plaintiff's previous attorney, Michael Green, esq., required three and one half years in order to prepare the case for trial. Defendant has had more than three years to prepare itself for trial, plus the added advantage of having experience in litigating untold numerous similar cases.

### 3) Limited access to Plaintiff's evidence and depositions

Plaintiff has had limited access to the depositions and evidence in the case. This evidence is in the possession of Plaintiff's previous attorney Michael Green. Recovery of the material is further complicated by the fact that, as of 8 January 2007, Defendant has not yet settled with the other three Plaintiff. Plaintiff Gahr hopes to have the material within weeks which is still not enough time to prepare for trial.

### 4) New facts have emerged in the case which require further discovery

Plaintiff contends that most documents, if not all documents, produced by Defendant and submitted as evidence in both the EEOC investigation and in the discovery process for the civil litigation, are fraudulent. Statements by Defendant Patrick Collins clearly indicate that Defendant manufactured the evidence for the termination of Plaintiff Gahr. Additionally, statements by Defendant witness Collins clearly indicate that the evidence was manufactured AFTER the Defendant was ordered to produce documentation for an EEOC investigation, which was as much as one calendar year after the alleged events took place.

### 5) Key witnesses have not been deposed

Plaintiff's previous attorney, Michael Green, ceased discovery when it appeared that Defendant had chosen to settle. Subsequently, key witnesses were not deposed. As of 8 January 2007, Defendant TSA has not settled with Plaintiffs Bruno, Young and Turner.

### 6) Key witnesses have not been deposed

Plaintiff's previous attorney, Michael Green, esq., ceased the discovery process when it appeared that a settlement had been reached. Therefore, Key witnesses were not deposed.
Key witnesses not yet deposed include but are not limited to:
- Michael Ferrel, LtCol, US Army, retired, regarding discriminatory statements made by Defendant FSD Lowry Leong to Ferrel
- Lizbeth Matsuta, former TSA Supervisor, regarding discriminatory statements by Defendant former TSA Manager at OGG Patty Igarashi

7) **Key witnesses must be redeposed**

Plaintiff's previous attorney, Michael Green, esq., ceased the discovery process when it appeared that a settlement had been reached. Plaintiff will need to establish and clarify facts with a second round of depositions.

8) **Difficulty communicating with the Court**

Plaintiff and court have not communicated well. This may be due to Plaintiff's location (California) and Court's location (Hawaii) Plaintiff points out, only as an illustration and certainly not meaning to place blame, the following examples:

- December 26, 2006, Status conference - Plaintiff learned of this scheduled Pretrial Conference on January 4 from Mr Helper

- January 4, 2007, Pretrial Conference - Plaintiff learned of this scheduled Pretrial Conference on January 9 from Richlyn Young

- January 5, 2007, Status Conference - Plaintiff was informed of this scheduled Pretrial Conference on January 4 at 6:44 PM from Richlyn Young by e-mail

9) **Non-prejudicial**

Continuance is non prejudicial and would not diminish nor deplete the Defendants ability and right a fair trial.

10) **Refusal would harm the courts obligation to protect the rights of the Plaintiff**

Refusal to allow the Plaintiff to be properly represented by competent attorney and to properly prepare for trial only serve harm the Plaintiff's quest for justice, cripple the Defendant's right to defend it's reputation, and harm the credibility of the Court. The end result would find the court obligated to appeals and retrial.
//////Nothing Follows//////

Respectfully submitted,

Christopher Gahr