01-10-07   12:41pm   From-

T-276   P.004/007   F-705

ORIGINAL

Christopher Gahr
Plaintiff,
Unwillingly pro se
700 East Washington #81
Colton, CA 92324
(909) 370-1750
ChrisGahr@acl.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 10 2007

at __4__ o'clock and __30__ min __P__ M
SUE BEITIA, CLERK

Lucas Bruno III, Christopher Gahr,
Frank Robert Pauson, Charles
Turner, and Tom Young
                          Plaintiffs,

    vs.

Michael Chertoff,
Secretary,
Department of Homeland Security,
                          Defendant

Civil No. 03-00567 JMS BMK

Plaintiffs Final Pretrial Statement

Date:    January 10, 2007
Time:    9:00 AM
Judge:   Hon. Barry M. Kurren

Trial:   February 13, 2007
Judge:   Samuel F King

## PLINTIFF'S FINAL PRETRIAL STATEMENT

Comes now Plaintiff, Christopher Gahr, currently unwilling
Pro Se, and makes his final Pretrial Statement pursuant Rule
16.6, Local Rules of the Unites States District court for
the District of Hawaii.

### (a) Party

The pretrial statement is submitted by, and on behalf of
Plaintiff Christopher Gahr serving unwillingly pro se.

### (b) Jurisdiction and Venue.

Plaintiff contends that Jurisdiction and venue may be better
served in California.

### (c) Substance of Action.

Plaintiff is a former supervisor employed by the
Transportation Security Administration (TSA) with 11 years of
Federal Government service. Plaintiff was trained
extensively by the TSA, then spent 6 months training other
TSA personnel and was awarded letters of commendation for
his efforts. After only 3 days of work at the airport in
Maui, Management Personnel concocted a plan to remove Gahr
and other Caucasian, personnel over the age of 40, from
Hawaii. Gahr was immediately reassigned to California and
was terminated about 13 months after he was hired without
benefit of the required appeals process.

Plaintiff claims that documentation, actions of the management personnel, and statements made by the Defendant's management and line personnel at the Kahului Airport clearly indicate that race and age were the only reasons for Plaintiff's termination.

### (d) Undisputed Facts

Pivotal undisputed facts are hiring date, and that TSA refuses to pay employee the salary guaranteed in contract.

### (e) Disputed Factual Issues.

At issue is the termination date and appeals process. Plaintiff, Defendant employees and contractors and the California EDD contend Plaintiff was an employee of the TSA for more than 366 consecutive calendar days Plaintiff contends his rights were further violated by denial of appeals process as a permanent employee;
TSA's continuous violations of Federal own government employment regulations nationwide.
Howard Takamori's failure to investigate the issues as directed by TSA headquarters and by his immediate superior prior to writing termination letter;
And the serious issue of the TSA at Kahului fraudulently submitting manufacturing documentation and evidence in this case as admitted to by Defendant witness Collins.

### (f) Relief Prayed

Plaintiff requests of the court to be made whole.

### (g) Points of Law

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

### (h) Previous Motions

Unknown, Plaintiff has only limited access to documentation, evidence, and depositions in this case.

### (i) Witnesses to be Called

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

### (j) Exhibits, Schedules, and Summaries

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

### (k) Further Discovery or Motions

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

### (l) Stipulations

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

### (m) Amendments, Dismissals

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

### (n) Settlement Discussion

Defendant rejected Plaintiff's offer to settle at the amount that Defendant offered, with the added caveat of allowing the Plaintiff to **resign** rather than be **terminated**. Defendant chose instead to try to compel Plaintiff to settle – a course of action that the Defendant, 2 months later, chose not to pursue.

Defendant did, however, offer the "resignation" option to Plaintiff Bruno.

Plaintiff IS willing to settle.
Defendant IS NOT willing to settle.

### (o) Agreed Statement

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

### (p) Bifurcation, Separate Trial of Issues

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not

know how to prepare for trial.

## (q) Reference to Master or Magistrate Judge

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

## (r) Appointment and Limitation of Experts

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

## (s) Trial

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

## (t) Estimate of Trial Time

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

## (u) Claims of Privilege or Work Product

Unknown, Plaintiff has neither the experience nor the training to serve as an attorney in this case, and does not know how to prepare for trial.

## (v) Miscellaneous

Plaintiff has submitted a Motion for Continuance. Plaintiff respectfully requests that he be given a fair opportunity to present his case. This cannot occur if Plaintiff is forced to serve as his own incompetent attorney.

//////Nothing Follows//////

Respectfully submitted,

Christopher Gehr