EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS A. HELPER  5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG, <br><br>             Plaintiffs, <br><br>   vs. <br><br> MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, <br><br>             Defendant. | CIVIL NO. 03-00567 JMS BMK <br><br> DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF CHRISTOPHER GAHR'S MOTION FOR CONTINUANCE OF TRIAL; DECLARATION OF THOMAS A. HELPER; CERTIFICATE OF SERVICE <br><br> Trial: February 13, 2007 <br> Judge: J. Michael Seabright |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF CHRISTOPHER GAHR'S MOTION FOR CONTINUANCE OF TRIAL

PRELIMINARY STATEMENT

Six months after parting ways with his attorney, and a month before trial, plaintiff Christopher Gahr seeks to continue the trial so that he can continue his efforts to find an attorney. Plaintiff fails to establish any of the four factors for gaining a continuance.  He has not been diligent in preparing for trial;

in particular, he has ignored repeated, specific warnings from this court about the need to find an attorney, or be prepared to represent himself. He fails to show that a continuance will allow him to find an attorney or better prepare for trial. He does not take into account the significant inconvenience to the court, the witnesses and defendant that would result from a continuance. Finally, he fails to establish that he would be harmed by going to trial on the scheduled date. Accordingly, the court should deny his motion to continue.

## STATEMENT OF FACTS

This matter was first filed in October 2003. Plaintiff Gahr, along with four other plaintiffs, was represented by attorney Michael J. Green. In the course of discovery, plaintiff Gahr's failure to fully respond to defendant's discovery caused defendant to bring two discovery motions. On December 1, 2005 the court issued an order to show cause as to why Gahr's claims, and those of the other plaintiffs, should not be dismissed for failure to respond to discovery. On April 3, 2006, the court ordered Gahr alone to supplement his interrogatory answers within two weeks.

After extensive discovery, pretrial filings and settlement negotiations, the parties (except plaintiff Paulson, on whose claims defendant was granted summary judgment) reached an apparent settlement on July 11, 2006. Within a few days,

however, Gahr rejected the settlement, claiming he had never authorized Green to settle on his behalf.  It quickly became apparent that there was a conflict between Gahr and Green.  Magistrate Kurren presided over three off-the-record status conferences in July 2006 regarding settlement and representation issues.  At least two of these conferences Magistrate Kurren warned Gahr of the perils of proceeding without an attorney; Gahr responded that he was on the verge of obtaining substitute counsel.

On August 9, 2006, Green moved to withdraw as Gahr's counsel.  Gahr did not oppose Green's withdrawal, and at the August 10 hearing on the motion he again asserted that he would soon obtain new counsel.

On October 31, 2006 the court held a status conference at which the parties confirmed that all the plaintiffs other than Gahr were settling, and that Gahr's case would proceed to trial.  Magistrate Kurren again cautioned Gahr about proceeding pro se, warned Gahr that the case was likely to be set for trial within a few months, and pointed out that Gahr would have to observe the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Gahr again represented that an attorney would soon enter an appearance on his behalf.  A similar exchange between the Magistrate and Gahr occurred at a November 13 scheduling conference.  At that conference Magistrate Kurren set

a trial date of February 13, 2007, and informed the parties that this date was clear on the trial judge's calendar. The Magistrate also said that the case was an older case on the court's docket, and that trial was highly unlikely to be rescheduled. Gahr agreed to that date. Also during the November 13, 2006 conference, Magistrate Kurren set a final pretrial conference for January 2, 2007, and informed Gahr of his obligation to file a Final Pretrial Statement a week before the conference.

    Gahr did not file a final pretrial statement, and apparently did not contact the court on January 2 for the conference. The conference had been moved to January 4 due to the court's closure on January 2 for a day of mourning for the late President Ford. Gahr had not filed his address with the court clerk upon the withdrawal of counsel, so he did not receive word of the changed date of the conference. The court therefore rescheduled the conference to January 5, and allowed Gahr to appear by telephone. At this conference Gahr for the first time stated that he was unprepared for trial and requested a continuance of the February 13, 2007 trial date. Magistrate Kurren reminded Gahr that he (Magistrate Kurren) had repeatedly warned him of the firmness of the trial date and the dangers of proceeding _pro se_. Gahr acknowledged the warnings.

ARGUMENT

I.  LEGAL STANDARDS

This court has broad discretion to govern its trial calendar. Morris v. Slappy, 461 U.S. 1, 11 (1983) (recognizing that trial courts have "broad discretion" in matters related to continuances). See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given great deference, and will not be disturbed on appeal absent clear abuse of [the court's] discretion.") Courts look to four factors to determine if a continuance is appropriate:

> First, we consider the extent of appellant's diligence in his efforts to ready his [case] prior to the date set for hearing. Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted. Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses. Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial.

United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985), amended, 764 F.2d 675 (9th Cir. 1985) (citations and quotation marks omitted). See Danjaq (applying Flynt test in civil case).

II. GAHR CANNOT ESTABLISH ANY OF THE FOUR FACTORS TO WARRANT CONTINUANCE OF THE TRIAL.

   A.  Gahr Has Not Been Diligent.

The facts set forth above, the courts own files, and Gahr's

recent filings all demonstrate Gahr's lack of diligence in readying this matter for trial.  Gahr has repeatedly disregarded court deadlines.  He has failed to keep his address on file with the court.  His most motion to continue does not provide any indication that he has done anything to prepare for trial in the six months since mid-July 2006, when he repudiated the settlement.  He does not state what he has done to secure counsel.  All the steps that he now contends are necessary – deposing new witnesses, redeposing old witnesses, reviewing files, investigating supposedly fraudulent documents – are steps Gahr could have taken (or sought leave to take) since July 2006.

    Gahr contends that he needs additional time to prepare for trial because he has had limited access to his own evidence.  There are two problems with this assertion.  First, as a matter of law, it has been long held that a party to litigation "is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' "  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 634 (1962) (quoting <u>Smith v. Ayer</u>, 101 U.S. 320 (1880)). <u>See also</u> <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 396-97 (1993) (quoting <u>Link</u>); <u>Ringgold Corp. v. Worrall</u>, 880 F.2d 1138, 1141-42 (9th Cir. 1989) (holding that clients are "considered to have notice of all facts known to their lawyer-agent").  The second problem with his assertion that

he needs time to acquaint himself with the fact is that he makes no attempt to show that he has done anything in the six months since he parted ways with his attorney to prepare himself for trial.  He does not assert that he has even requested his litigation files from his former attorney.

Based on the foregoing, it is clear that Gahr has not been diligent in preparing himself for trial.  Accordingly, the first factor weighs against continuing the trial.

> B. <u>Gahr Fails to Show That a Continuance Would Resolve His Problems</u>.

Gahr introduces no evidence to show that additional time will allow him to find an attorney or prepare for trial.  As to finding an attorney, it is unclear what he could do in nine months that he has not already done.  As to preparing for trial, the deadlines for most of what he wants to do have already passed.  In addition, he concedes in his pretrial statement and in his motion to continue that he is simply not qualified to represent himself.  A nine month continuance will not change that fact.  Accordingly, the second factor weighs against continuing the trial.

> C. <u>A Continuance Would Cause Significant Prejudice to the Court, the Witnesses and Defendant</u>.

Defendant is ready for trial.  It has arranged for numerous witnesses to be available to testify, including several from the mainland, and at least one witness who is no longer employed by

the government.  Thus a continuance would cause prejudice to defendant and its witnesses.

A continuance would also prejudice the court.  Defendant understands that the court has cleared its calendar for trial of this matter on February 13.  Given the precedence given to criminal trial over civil trials, and the heavy caseload of this court, there is no guarantee that trial on a rescheduled date would actually be first on the court's calendar on that date.  Thus substantial court resources would potentially be lost by a continuance.  This loss of a certain trial date is also significantly prejudicial to defendant and the witnesses.  The interests of the court and the public in efficient resolution of cases and effective management of the court's calendar would also be harmed.  Accordingly, the third factor weighs against continuing trial.

    D.    <u>Gahr Would Not Be Significantly Prejudiced by Going to Trial As Scheduled</u>.

As noted above, Gahr has provided nothing to indicate that a continuance will do anything to improve his readiness for trial.  Accordingly, the fourth factor weighs against continuing trial.

## CONCLUSION

For the foregoing reasons, the court should deny plaintiff Gahr's motion to continue the trial.

DATED: December 26, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Thomas A. Helper
By _____
THOMAS A. HELPER
Assistant U.S. Attorney

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG,<br><br>          Plaintiffs,<br><br>     vs.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>          Defendant. | CIVIL NO. 03-00567 JMS BMK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:
Michael Jay Green, Esq.                January 11, 2007
Denise M. Hevicon, Esq.
Debra Akemi Kagawa, Esq.
Queen Street Building
345 Queen Street, 2nd Floor
Honolulu, Hawaii 96813

Eve M. Green, Esq.                     January 11, 2007
24 N. Church Street, Suite 409
Wailuku, Hawaii  96793

Served by First-Class Mail and E-mail
Christopher Gahr                       January 11, 2007
700 E Washington, #81
Colton, CA  92324

chrisgahr@aol.com                      January 11, 2007

DATED:  January 11, 2007, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____