EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER   5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG,<br><br>         Plaintiffs,<br><br>    vs.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>         Defendant. | CIVIL NO. 03-00567 JMS BMK<br><br>ORDER DENYING PLAINTIFF CHRISTOPHER GAHR'S MOTION TO CONTINUE TRIAL<br><br><br><br><br>Trial:  February 13, 2007<br>Judge:  J. Michael Seabright |

ORDER DENYING PLAINTIFF CHRISTOPHER GAHR'S
MOTION TO CONTINUE TRIAL

I.   INTRODUCTION

This matter came for hearing on plaintiff pro se Christopher Gahr's motion to continue trial on January 12, 2006.  Plaintiff Gahr represented himself by telephone.  Thomas A. Helper appeared for defendants.  Plaintiff's former attorney Denise Hevicon was also present.  For the following reasons, the court hereby DENIES

the motion to continue.  Pursuant to Local Rule 74.1, plaintiff has eleven days from entry of this Order to file an appeal to the district court judge.

II.  LEGAL STANDARDS

This court has broad discretion to govern its trial calendar.  Morris v. Slappy, 461 U.S. 1, 11 (1983) (recognizing that trial courts have "broad discretion" in matters related to continuances).  See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given great deference, and will not be disturbed on appeal absent clear abuse of [the court's] discretion.")  Courts look to four factors to determine if a continuance is appropriate:

> First, we consider the extent of appellant's diligence in his efforts to ready his [case] prior to the date set for hearing.  Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted.  Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses.  Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial.

United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985), amended, 764 F.2d 675 (9th Cir. 1985) (citations and quotation marks omitted).  See Danjaq (applying Flynt test in civil case).

III. **APPLICATION OF THE FOUR FACTORS HERE DOES NOT JUSTIFY CONTINUANCE OF THE TRIAL**.

    A.    <u>Gahr Has Not Been Diligent</u>.

The court's own files, Gahr's recent filings, and Gahr's concessions at oral argument on the instant motion all indicate that Gahr has not been diligent in readying this matter for trial. This matter was first filed in October 2003. Plaintiff Gahr, along with four other plaintiffs, was represented by attorneys Michael J. Green and Denise Hevicon. In the course of discovery, plaintiff Gahr's failure to fully respond to defendant's discovery caused defendant to bring two discovery motions.

After extensive discovery, pretrial filings and settlement negotiations, the parties (except plaintiff Paulson, on whose claims defendant was granted summary judgment) reached an apparent settlement on July 11, 2006. Within a few days, however, Gahr rejected the settlement, claiming he had never authorized Green to settle on his behalf. It quickly became apparent that there was a conflict between Gahr and Green. The assigned Magistrate Judge presided over three off-the-record status conferences in July 2006 regarding settlement and representation issues. At least two of these conferences the Magistrate Judge warned Gahr of the perils of proceeding without an attorney; Gahr responded that he was on the verge of obtaining substitute counsel.

On August 9, 2006, Green moved to withdraw as Gahr's counsel. Gahr did not oppose Green's withdrawal, and at the August 10 hearing on the motion he again asserted that he would soon obtain new counsel.

On October 31, 2006 the court held a status conference at which the parties confirmed that all the plaintiffs other than Gahr were settling, and that Gahr's case would proceed to trial. The Magistrate Judge cautioned Gahr about proceeding pro se, warned Gahr that the case was likely to be set for trial within a few months, and pointed out that Gahr would have to observe the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Gahr again represented that an attorney would soon enter an appearance on his behalf. A similar exchange between the Magistrate Judge and Gahr occurred at a November 13 scheduling conference. At that conference the Magistrate Judge set a trial date of February 13, 2007, and informed the parties that this date was clear on the trial judge's calendar. The Magistrate Judge also said that the case was an older case on the court's docket, and that trial was highly unlikely to be rescheduled. Gahr agreed to that date. Also during the November 13, 2006 conference, the Magistrate Judge set a final pretrial conference for January 2, 2007, and informed Gahr of his obligation to file a Final Pretrial Statement a week before the conference.

Gahr did not file a final pretrial statement, and apparently did not contact the court on January 2 for the conference. The conference had been moved to January 4 due to the court's closure on January 2 for a day of mourning for the late President Ford. Gahr had not filed his address with the court clerk upon the withdrawal of counsel, so he did not receive word of the changed date of the conference. The court therefore rescheduled the conference to January 5, and allowed Gahr to appear by telephone. At this conference Gahr for the first time stated that he was unprepared for trial and requested a continuance of the February 13, 2007 trial date.

Gahr's motion to continue does not provide any indication that he has done much to prepare for trial in the six months since mid-July 2006, when he repudiated the settlement. He does not state what he has done to secure counsel. All the steps that he now contends are necessary – deposing new witnesses, redeposing old witnesses, reviewing files, investigating supposedly fraudulent documents – are steps he could have taken (or sought leave to take) since July 2006.

Gahr contends that he needs additional time to prepare for trial because he has had limited access to his own evidence. There are two problems with this assertion. First, as a matter of law, it has been long held that a party to litigation "is deemed bound by the acts of his lawyer-agent and is considered to

have 'notice of all facts, notice of which can be charged upon the attorney.' " Link v. Wabash R. Co., 370 U.S. 626, 634 (1962) (quoting Smith v. Ayer, 101 U.S. 320 (1880)). See also Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396-97 (1993) (quoting Link); Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141-42 (9th Cir. 1989) (holding that clients are "considered to have notice of all facts known to their lawyer-agent"). The second problem with his assertion that he needs time to acquaint himself with the fact is that he makes no attempt to show that he has done anything in the six months since he parted ways with his attorney to prepare himself for trial. Statements by Gahr and his former counsel Denise Hevicon at the hearing on this matter indicate that Gahr did not even seek a copy of his litigation file until a few days ago.

Based on the foregoing, it is clear that Gahr has not been diligent in preparing himself for trial. Accordingly, the first factor weighs against continuing the trial.

> B. Gahr Fails to Show That a Continuance Would Resolve His Problems.

Gahr introduced no evidence to show that additional time would allow him to find an attorney or prepare for trial. As to finding an attorney, it is unclear what he could do in nine months that he has not already done. As to preparing for trial, the deadlines for most of what he wants to do have already

passed. In addition, he concedes in his pretrial statement and in his motion to continue that he is simply not qualified to represent himself. A nine month continuance will not change that fact. Accordingly, the second factor weighs against continuing the trial.

    C.    <u>A Continuance Would Cause Significant Prejudice to the Court, the Witnesses and Defendant</u>.

Defendant represents that it is ready for trial. It has arranged for numerous witnesses to be available to testify, including several from the mainland, and at least one witness who is no longer employed by the government. Thus a continuance would cause prejudice to defendant and its witnesses.

A continuance would also prejudice the court. The court has cleared its calendar for trial of this matter on February 13. Given the precedence given to criminal trial over civil trials, and the heavy caseload of this court, there is no guarantee that trial on a rescheduled date would actually be first on the court's calendar on that date. Thus substantial court resources would potentially be lost by a continuance. This loss of a certain trial date is also significantly prejudicial to defendant and the witnesses. The interests of the court and the public in efficient resolution of cases and effective management of the court's calendar would also be harmed. Accordingly, the third factor weighs against continuing trial.

D.  <u>Gahr Would Not Be Significantly Prejudiced by Going to Trial As Scheduled</u>.

As noted above, Gahr has provided nothing to indicate that a continuance will do anything to improve his readiness for trial. Accordingly, the fourth factor weighs against continuing trial.

## CONCLUSION

For the foregoing reasons, the court DENIES plaintiff Gahr's motion to continue the trial. Pursuant to Local Rule 74.1, plaintiff has eleven days from entry of this Order to file an appeal to the district court judge.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: January 17, 2007

<u>Lucas Bruno, et al. v. Michael Chertoff, Secretary, Department of Homeland Security</u>; Civil No. 03-00567 JMS BMK; ORDER DENYING PLAINTIFF CHRISTOPHER GAHR'S MOTION TO CONTINUE TRIAL