IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER ) GAHR, FRANK ROBERT PAULSON, ) CHARLES TURNER, and TOM ) YOUNG, ) ) Plaintiffs, ) ) vs. ) ) MICHAEL CHERTOFF, Secretary, ) DEPARTMENT OF HOMELAND ) SECURITY, ) ) Defendant. ) _____) | CIVIL NO. 03-00567 JMS BMK MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

The claim at issue in this litigation is whether plaintiff Christopher Gahr ("plaintiff") was terminated from his position as a screening supervisor on the basis of his race. Plaintiff may, however, attempt to spend a substantial amount of trial time on other personnel decisions. A substantial portion of plaintiff's deposition, and of statements from a handful of other Caucasian screeners (including the settling plaintiffs) who believed they were discriminated against, concerned decisions such as (1) who TSA selected to be supervisors; (2) who TSA selected to go on desirable neighbor island and Pacific training assignments; (3) who at TSA other than plaintiff received reprimands; (4) who (other than plaintiff) TSA terminated; and (5) who was supposedly yelled at, treated unfairly and (conversely) who was supposedly favored.

Testimony on these other personnel actions will almost certainly not be admissible. Typically such anecdotal evidence of allegedly discriminatory acts other than the one at issue in the case are usually "inadmissible in the typical case of individual discrimination." Obrey v. Johnson, 400 F.3d 691, 698 (9th Cir. 2005). Although such evidence might be admissible in a "pattern and practice" case of discrimination, plaintiff cannot maintain such a case here. A pattern or practice claim imposes a substantial burden on the plaintiffs: they must establish by "a preponderance of the evidence that . . . discrimination was the [TSA's] standard operating procedure – the regular rather than the unusual practice." Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 876 (1984) (internal quotation marks and citation omitted). "Proving isolated or sporadic discriminatory acts by the employer is insufficient to establish a prima facie case of a pattern or practice of discrimination." Id. at 875-76.

Plaintiffs will fall far short of showing that discrimination was TSA's "standard operating procedure." Indeed, defendant will introduce evidence that TSA hired and retained and scores of Caucasian employees (and that many of these employees were promoted) in the relevant time period, and that substantial numbers of non-Caucasians were terminated in the same period. Accordingly, plaintiff cannot maintain a pattern and practice claim, and therefore cannot introduce anecdotal evidence of TSA's

personnel decisions other than the termination decisions directly at issue.

Even if plaintiffs could lay a legal foundation for the anecdotal evidence, plaintiff would have to lay a factual foundation to show that the persons in these other personnel decisions were similarly situated to plaintiffs – i.e. with the same supervisors making termination or termination-like personnel decisions in the same time frame as plaintiffs' terminations. "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." Vasquez v. County of Los Angeles, 349 F.3d 634, 641-42 (9th Cir. 2004).

Even if plaintiffs could lay a foundation for a pattern and practice claim, Federal Rule of Evidence 403 considerations would require the court to exclude or sharply limit the evidence. Obrey, 400 F.3d at 699. The alternative would be extensive minitrials on every personnel decision which a Caucasian screener perceived to be unfair.

If plaintiff intends to try to introduce evidence of other personnel actions, in response to this motion he should make a proffer plainly describing the action, the similarity to his case, and the documents and witnesses he intends to introduce regarding the action. If plaintiff makes such a proffer, defendant should be afforded the chance outside the presence of the jury to object to the admission of the evidence. If

plaintiff fails to produce any such proffer, the court should bar the evidence.

    DATED: January 23, 2007, at Honolulu, Hawaii.

                      EDWARD H. KUBO, JR.
                      United States Attorney
                      District of Hawaii

                            /s/ Thomas A. Helper
                 By _____
                      THOMAS A. HELPER
                      Assistant U.S. Attorney

                Attorneys for Defendant