IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　Defendant. | CIVIL NO. 03-00567 JMS BMK<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

PRELIMINARY STATEMENT

Plaintiff Christopher Gahr has repeatedly failed to obey this court's deadlines, or heed the court's warnings about possible sanctions for failing to file documents as required and obey other deadlines. Most recently, he has simply ignored court deadlines to file documents required by the court's pretrial order, including witness and exhibit lists. Because plaintiff's conduct harms the interests of the court, the defendant and the public, and because the court has already warned him of the possible consequences of failure to comply with the court's orders, the court should dismiss his case prior to the scheduled February 13, 2007 trial.

STATEMENT OF FACTS

The following statement of facts is taken from Magistrate Kurren's January 17, 2007 Order denying plaintiff's motion to continue trial:

> This matter was first filed in October 2003. Plaintiff Gahr, along with four other plaintiffs, was represented by attorneys Michael J. Green and Denise Hevicon. In the course of discovery, plaintiff Gahr's failure to fully respond to defendant's discovery caused defendant to bring two discovery motions.
>
> After extensive discovery, pretrial filings and settlement negotiations, the parties (except plaintiff Paulson, on whose claims defendant was granted summary judgment) reached an apparent settlement on July 11, 2006. Within a few days, however, Gahr rejected the settlement, claiming he had never authorized Green to settle on his behalf. It quickly became apparent that there was a conflict between Gahr and Green. The assigned Magistrate Judge presided over three off-the-record status conferences in July 2006 regarding settlement and representation issues. At least two of these conferences the Magistrate Judge warned Gahr of the perils of proceeding without an attorney; Gahr responded that he was on the verge of obtaining substitute counsel.
>
> On August 9, 2006, Green moved to withdraw as Gahr's counsel. Gahr did not oppose Green's withdrawal, and at the August 10 hearing on the motion he again asserted that he would soon obtain new counsel.
>
> On October 31, 2006 the court held a status conference at which the parties confirmed that all the plaintiffs other than Gahr were settling, and that Gahr's case would proceed to trial. The Magistrate Judge

>cautioned Gahr about proceeding <u>pro se</u>, warned Gahr that the case was likely to be set for trial within a few months, and pointed out that Gahr would have to observe the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Gahr again represented that an attorney would soon enter an appearance on his behalf.  A similar exchange between the Magistrate Judge and Gahr occurred at a November 13 scheduling conference.  At that conference the Magistrate Judge set a trial date of February 13, 2007, and informed the parties that this date was clear on the trial judge's calendar.  The Magistrate Judge also said that the case was an older case on the court's docket, and that trial was highly unlikely to be rescheduled.  Gahr agreed to that date.  Also during the November 13, 2006 conference, the Magistrate Judge set a final pretrial conference for January 2, 2007, and informed Gahr of his obligation to file a Final Pretrial Statement a week before the conference.
>
>Gahr did not file a final pretrial statement, and apparently did not contact the court on January 2 for the conference.  The conference had been moved to January 4 due to the court's closure on January 2 for a day of mourning for the late President Ford.  Gahr had not filed his address with the court clerk upon the withdrawal of counsel, so he did not receive word of the changed date of the conference.  The court therefore rescheduled the conference to January 5, and allowed Gahr to appear by telephone.  At this conference Gahr for the first time stated that he was unprepared for trial and requested a continuance of the February 13, 2007 trial date.

January 17, 2007 Order at 3-5.

Gahr did file a final pretrial statement on January 10, 2007 (over two weeks late), but the statement consisted of little more

than the repeated admission that he is not able to represent himself adequately.

At the January 12, 2007 hearing on his motion to continue, Gahr conceded that he had advised the court on many occasions that he was making arrangements with an attorney to represent him. Transcript of Hearing on Plaintiff Gahr's Motion for Continuance ("Transcript"), January 12, 2007, at 3. A copy of the Transcript is attached as Exhibit "A". He conceded that prior to the hearing he had never told the court that he was having any problems finding an attorney. Id. Initially, Gahr and his former attorney Hevicon disputed whether Gahr had had an opportunity to copy Hevicon's litigation files. Transcript at 5-8. Ultimately, however, he did not dispute Hevicon's statement that (around the time she and Gahr terminated their attorney-client relationship) she had given him access to his entire file, and told him he could copy anything he wanted, but that he had told her that his attorney would contact her. Transcript at 8-9. Magistrate Kurren specifically found that plaintiff had had the chance to copy his files, but that he did not avail himself of the opportunity. Transcript at 13.

Also at the motion to continue hearing, the court reminded Gahr of upcoming deadlines, of which he claimed to be completely unaware. Transcript at 14. Defendant's counsel pointed out that the first deadline, for the exchange of exhibits, was coming up

4

within a week.  Transcript at 19.  At the request of defendant's counsel, the court specifically warned plaintiff that further failures to comply with the court's schedule could result in sanctions up to and including dismissal.  Transcript at 16, 17.

On Tuesday, January 16, plaintiff failed to send any exhibits to defendant.  Declaration of Thomas A. Helper, ¶ 2.  In the following week, he failed to respond to defense counsel's emailed exhibit submission as required by the November 13, 2006 scheduling order rules.  Helper Dec., ¶ 3.  On January 23, the date set in the scheduling order for filing of the parties' witness lists, exhibit lists, deposition designations and motions in limine, plaintiff failed to file anything.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to comply with any order of the court.  The court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

Lcal Rule 11.1 also puts parties on notice of the possible consequences of failure to obey the rules:

> Failure of counsel or of a party to comply with any provision of these rules is a ground for impoistion of sanctions. Sanctions may be imposed by the court <u>sua sponte</u>. Consistent with the Federal Rules of Civil Procedure, failure to comply with these rules may result in a fine, dismissal, or other appropriate sanction.

The Ninth Circuit has set forth a five-part test to determine if a case should be dismissed for lack of prosecution:

> Because dismissal is such a severe remedy, we have allowed its imposition in these circumstances only after requiring the district court to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

<u>Thompson v. Housing Authority of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).

Here, the both public's interest in expeditious resolution of litigation and the court's interest in managing its docket weigh in favor of dismissal, since plaintiff's failure to file

required documents prevents the court from adequately preparing for trial.  See Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) (finding first two factors weighing in favor of dismissal where plaintiff's failure to file pretrial statement over a month before scheduled trial and other dilatory conduct "greatly impeded resolution of the case and prevented the district court from adhering to its trial schedule").  The third factor, prejudice to defendant, also weighs in favor of dismissal, since plaintiff's failure to file witness and exhibit lists puts defendant entirely in the dark as to what sort of case plaintiff intends to present.  The fourth factor, favoring resolution of cases on their merits, weighs against dismissal.  The fifth factor, consideration of alternatives, weighs in favor of dismissal, since plaintiff has disregarded previous warnings, and has been explicitly warned that future failures to obey the court's schedule might result in sanctions including dismissal.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992), cert. denied, 113 S.Ct. 321 (1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

//

//

//

Based on the foregoing, the court should exercise its broad discretion to dismiss plaintiff's claims with prejudice.

DATED: January 24, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By  /s/ Thomas A. Helper
THOMAS A. HELPER
Assistant U.S. Attorney

Attorneys for Defendant