ORIGINAL

G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Attorneys for Plaintiff
CHRISTOPHER GAHR

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 27 2007

at 4 o'clock and 00 min P M
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT,

## DISTRICT OF HAWAI'I.

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, TOM YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | CIVIL NO. 03-00567-JM:BMK<br><br>PLAINTIFF'S FINAL PRE-TRIAL STATEMENT; CERTIFICATE OF SERVICE.<br><br>Date: March 6, 2007.<br>Time: 9:00 a. m.<br>Judge: The Hon. Barry M. Kurren<br><br>Trial Date: Apr. 17, 2007.<br>Judge: The Hon. J. Michael Seabright |

## PLAINTIFF'S FINAL PRE-TRIAL STATEMENT.

Comes now Plaintiff, Christopher Gahr, by and through his undersigned counsel, and hereby makes his Pre-Trial Statement pursuant to Local Rule 16.6 of the United States District Court, District of Hawai'i.

Pre-Trial Statement - 1

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

### (a) Party.

This pretrial statement is submitted on behalf of the Plaintiff Christopher Gahr.

### (b) Jurisdiction and Venue.

Jurisdiction and venue appear to be proper in this court.

### (c) Substance of Action.

Plaintiff Christopher Gahr is a former screening supervisor terminated from the Transportation Security Administration by the local Management of the TSA in Kahululi Airport (OGG), Hawai'i. He claims the termination was motivated by his race, Caucasian and his age, over 40. This case originally included similar claims by four other TSA employees. Defendant obtained dismissal of one of the claims and settled the claims of the three other Plaintiffs.

Plaintiff Gahr was initially represented by Michael Jay Green, until said counsel obtained an order of withdrawal. Afterwards Plaintiff Gahr appeared in pro se while seeking adequate counsel to handled this matter. On or about January 26, 2007, this court entered an order allowing Attorney Moises A. Aviles to appear *pro hac vice* as the lead attorney in this matter. The court also vacated the prior pre-trial order and re-issued a new order to allow new counsel to prepare properly for the case.

### (d) Undisputed Facts.

The only undisputed fact is the date of hire. Plaintiff was employed with the TSA for 6 months prior to being transferred to OGG, and only worked for 4 days at OGG.

///

///

Pre-Trial Statement - 2

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

### (e) Disputed Factual Issues.

The central issues are the reasons for Plaintiffs termination and the factual circumstances surrounding the termination.

### (f) Relief Prayed

Plaintiff seeks judgment in his favor on all counts. Plaintiff will use documentation to prove overall damages of $875,000.oo.

Additionally, Plaintiff seeks either future compensation or reinstatement.

Additionally, Plaintiff seeks recovery of all legal costs.

### (g) Points of Law

Relevant points of law will be set forth in Plaintiff's Trial Brief. This is a Title VII Case that is complicated by the fact that Defendant refuses to pay Plaintiff several months of compensation and earned vacation pay.

Plaintiff representative will spend its time proving that:

a. Racism and Age Discrimination against white employees was prevalent and encouraged within the management team;

b. A disparate impact against white employees existed, and was propagated by management;

c. Defendant's termination was the direct result of the prevalent racism against Whites by Management;

d. A clear nexus exists between the racist attitudes of Managers and the termination of Plaintiff.

Defendant will clearly prove through sworn testimony and documentation that:

a. The TSA Management at OGG showed a pattern of racism towards white employees;

Pre-Trial Statement - 3

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

  b. Failed to follow it's own written policy regarding termination, choosing inordinately harsh penalty for white employees;

  c. That TSA Management at OGG failed to follow its own policy on termination of Pacific Islander employees, by not terminating those employees in cases in which TSA Policy and regulations required immediate termination.

  d. TSA Management at OGG resorted to illegal HR Practices such as requiring all employees to bring in birth certificates prior to promotion decisions being made.

What Defendant does not mention is that *Obrey v. Johnson*, 400 F.3d 691, 696-697 (9th Cir. 2005), does ***not*** preclude evidence from other employees that similar acts of discrimination have taken place. The case of *Obrey v. Johnson*, 400 F.3d 691, 696-697 (9th Cir. 2005), further explains that:

> "The district court also excluded the testimony of a single Shipyard worker, Mr. Toyama, on the grounds that his evidence was irrelevant. FED. R. EVID. 401 ('"Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'). Toyama was expected to testify that Shipyard officials had informed him that off-yard employees were rotated to Pearl Harbor on a temporary basis because the 'local' workers 'were not good enough' and 'can't do a good job.'
>
> "Toyama's testimony was plainly relevant to the issue of whether the defendant preferred off-yard, predominantly Caucasian, workers over the 'local' Asian-Pacific Islanders. We have observed that 'evidence that the defendant has made disparaging remarks about the class of persons to which plaintiff belongs[] may be introduced to show that the defendant harbors prejudice toward that group.' *Lam v.*

Pre-Trial Statement - 4
    AVILES & ASSOCIATES
    560 N. Arrowhead Av., #2A
    San Bernardino, CA., 92404
    TEL.: (909) 383-2333
    FAX: (909) 383-9550
    maviles1231@aol.com

*Univ. of Haw.*, 164 F.3d 1186, 1188 (9th Cir. 1999) (internal quotation marks omitted). It tends to show 'a defendant's discriminatory state of mind.' *Id*. [Footnote omitted.]

"Toyama's testimony was also relevant to whether the Navy's proffered race-neutral reasons for preferring off-yard workers was a pretext for unlawful race discrimination. Obrey asserts that Toyama also would have challenged the Navy's claim that off-yard managers were more capable of performing their tasks within the Shipyard's budget by demonstrating that the imported managers were funded by budgeted funds separate and apart from the Shipyard's budget. According to Obrey, this testimony would have cast doubt on the Navy's explanation by demonstrating that the off-yard managers exerted no effect whatsoever on the Shipyard's budget.

"Because Toyama's testimony tended to make the existence of discriminatory bias and pretext more probable than it would be without his testimony, we find that the district court abused its discretion by excluding this evidence."

Here, Plaintiff's witnesses would show that he was not the only victim of discrimination, but several other White employees were also discriminated against. That TSA had a "custom, pattern and practice" of preferential treatment in favor of Asian Pacific-Islanders.

Plaintiff will also show that Defendant dealt in bad faith, by refusing to pay Plaintiff both compensation earned prior to termination, vacation pay, and retirement payments which should have been returned to Plaintiff at the time of termination. At various times, Defendant claimed that:

a.  All of Plaintiffs records had been lost and was therefore unable to pay Plaintiff;

Pre-Trial Statement - 5

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

b.   At the point of termination, all compensation still owed to Plaintiff became voided.

Plaintiff will show through simple comparisons that those supervisors terminated by TSA Management at OGG were very high caliber individuals with excellent work records, but that TSA Management at OGG chose instead to promote into those supervisor positions people with documented poor work records and a known felon.

Plaintiff will file Motions in Limine to exclude discussion of that irrelevant case involving the San Bernardino City Unified School District and issues regarding his application.

### (h) Previous motions.

Plaintiff Frank Paulson has been dismissed from the case by defense motion.

### (i) Witnesses to be called.

Expert Witness

Neither side has designated any expert witnesses.

Fact Witnesses

Plaintiff intends to call the following witnesses who have relevant knowledge of the reasons for Plaintiff's termination and the prevalent discriminatory environment and discriminatory treatment to which Plaintiff was subjected to:

| Lucas Bruno | Will testify:<br><br>• TSA Management in Maui was openly racist;<br>• Disparate treatment was openly encouraged. |
|---|---|
| Chuck Turner | Will testify:<br><br>• That Manager Patti Igarashi regularly violated SOP and security procedures; |

Pre-Trial Statement - 6

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

|  | |
|---|---|
|  | <ul><li>That Gahr was meticulous about equipment and accountability;</li><li>TSA Management in Maui was openly racist</li><li>Disparate treatment was openly encouraged;</li><li>Gahr was targeted for termination based on race and age;</li><li>White male team members were targeted for termination based on race.</li></ul> |
| Tom Young | Will testify:<ul><li>About written and verbal policy at OGG;</li><li>Management openly used racist terminology and stereotypes;</li><li>Disparate treatment was openly encouraged;</li><li>That Managers laughed about the official reasons given for Gahr's termination;</li><li>White male team members were targeted for termination based on race and age.</li></ul> |
| Karin Phaneuf | Will testify:<ul><li>That Gahr was meticulous about equipment and accountability;</li><li>Management openly used racist terminology and stereotypes;</li><li>Disparate treatment was openly encouraged;</li><li>Gahr was targeted for termination based on race and age;</li><li>Other male team members were targeted for termination based on race.</li></ul> |
| Deb Pike | Will testify:<ul><li>That Gahr was meticulous about equipment and accountability;</li><li>Management openly used racist terminology and stereotypes;</li><li>Disparate treatment was openly encouraged;</li><li>Gahr was targeted for termination based on race and age;</li><li>Other White team members were targeted for termination based on race.</li></ul> |

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

| | |
|---|---|
| Mary Carvalho | Will testify:<br><br>• That Gahr was meticulous about equipment and accountability;<br>• Management openly used racist terminology and stereotype;<br>• Disparate treatment was openly encouraged;<br>• Gahr was targeted for termination based on race and age;<br>• Other White male team members were targeted for termination based on race. |
| Lizbeth Masuda | Will testify:<br><br>• Management openly used racist remarks;<br>• Disparate treatment was openly encouraged;<br>• White male team members were targeted for termination based on race. |
| Theresa Greeneisen | Will testify:<br><br>• That Manager Filbert Carvalho was disingenuous when writing statement against Plaintiff Gahr;<br>• That Gahr was meticulous about equipment and accountability;<br>• Management openly used racist terminology and stereotypes;<br>• Disparate treatment was openly encouraged;<br>• Gahr was targeted for termination based on race and age;<br>• Other White male team members were targeted for termination based on race. |
| Ruth Paulson | Will testify:<br><br>• Management openly used racist terminology and stereotypes;<br>• Disparate treatment was openly encouraged;<br>• Gahr was targeted for termination based on race and age;<br>• Other White team members were targeted for termination based on race. |

Pre-Trial Statement - 8

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

| Heather Boyum | Will testify: <br><br>• Management openly used racist terminology and stereotypes; <br>• Disparate treatment was openly encouraged; <br>• Gahr was targeted for termination based on race and age; <br>• Other White team members were targeted for termination based on race. |
|---|---|
| Mike Ferrel | Will testify: <br><br>• About his conversation with Lowery Leong; <br>• About his conversation with Patti Igarashi. |
| Justin Thomas | Will testify: <br><br>• Management openly used racist terminology and stereotypes; <br>• That Gahr was meticulous about equipment and accountability; <br>• Disparate treatment was openly encouraged <br>• Gahr was targeted for termination based on race and age; <br>• Other White team members were targeted for termination based on race. |
| Kathy Walker | Will testify: <br><br>• Patrick Collins' behavior; <br>• Management openly used racist terminology and stereotypes; <br>• Disparate treatment was openly encouraged; <br>• That White team members were targeted for termination based on race. |
| Darren Blachford | Will testify: <br><br>• Gahr was very professional in his demeanor and communication; <br>• Very meticulous in his work and accountability. |
| John Buzcek | Will testify: |

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

|  |  |
|---|---|
|  | - Gahr was very professional in his demeanor and communication;<br>- Very meticulous in his work and accountability. |
| Mark Rosenblum | Will testify:<br><br>- Gahr was very professional in his demeanor and communication;<br>- Very meticulous in his work and accountability;<br>- That Gahr worked to establish a union for the TSA. |
| Bob Marchetti | Will testify:<br><br>- That Management's Pattern of behavior toward Gahr is very typical of TSA nationwide. |
| Peter Winch | Will testify:<br><br>- That Gahr worked to establish a union for the TSA under the direction of AFGE;<br>- That Management was fully aware of Gahr's union activities. |
| Ed Case | Will testify:<br><br>- That Gahr visited his office on behalf of the screeners in Maui;<br>- That his office received a very high number of complaints about the HR practices of the TSA. |
| Sarah Goo | Will Testify:<br><br>- That Gahr is a whistleblower. |
| Howard Takamori | Will testify:<br><br>- That he failed to investigate the allegations as required by TSA policy, and as the Federal Security Director ordered him to do;<br>- That in his 35 years of employment, he has only ever fired Gahr and two other people. |

Pre-Trial Statement - 10

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

| Pattie Igarashi | Will testify: <br><br> • About her interaction with Gahr. |
|---|---|
| Patrick Collins | Will testify: <br><br> • That he used the terms Nigger, Spic, Gook <br> • That counseling statements were concocted 7 months after termination when Defendants needed to submit material for EEOC investigation. |
| Eddie Kaupie | Will testify : <br><br> • About his time with the TSA. |
| Kiki Hee | Will testify: <br><br> • About her time with the TSA. |
| Kristie Josolin | Will testify: <br><br> • About her time with the TSA. |
| Bonnie Tanner | Will testify: <br><br> • About her time with the TSA . |

F. Other witnesses that may become relevant in the progression of the case will be identified in the Witness List prior to Trial.

G. Plaintiff will file Motions in Limine to exclude oral and written testimony of witnesses from Plaintiff Gahr's prior litigation.

**(j) Exhibits, Schedules, and Summaries.**

Plaintiff will produce its exhibit list by the time set forth in the Pre-Trial Order.

**(k) Further Discovery or Motions.**

Motions in Limine and a possible Motion to Continue Trial are anticipated at this time.

///

Pre-Trial Statement - 11

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

### (l) Stipulations.

No stipulations are anticipated.

### (m) Amendments, Dismissals.

Plaintiff's counsel, being new to the case, is in the process of evaluating whether any amendments are needed to further the litigation in the proper course.

### (n) Settlement Discussions.

Defendant offered a "global settlement" of $335,000.oo to all four Plaintiffs. Plaintiffs Gahr and Bruno contend that Attorney Michael Green settled without authority, as both Plaintiffs were more interested in Non Monetary relief rather than a cash settlement. Plaintiff's attorney withdrew representation from Plaintiff Gahr and settled for the remaining three Plaintiffs at $235,000.oo.

Defendant has indicated that it is not interested in settling with Gahr.

### (o) Agreed Statement.

No agreed statement is likely.

### (p) Bifurcation, Separate Trial of Issues.

No bifurcation or separate trial of issues appear necessary.

### (q) Reference to a Master or Magistrate Judge.

No reference to a Master or Magistrate Judge appears necessary.

### (r) Appointmemnt or limitation of experts

Not applicable.

### (s) Estimate of Trial Time.

Plaintiff estimates seven days to fully present his evidence. Therefore, Plaintiff estimates and is prepared for a ten day trial.

///

Pre-Trial Statement - 12                    AVILES & ASSOCIATES
                                           560 N. Arrowhead Av., #2A
                                           San Bernardino, CA., 92404
                                               TEL.: (909) 383-2333
                                               FAX: (909) 383-9550
                                               maviles1231@aol.com

**(t) Claims of Privilege or work Product.**

No matters required to be protected by this rule are deemed privileged or work product by Plaintiff.

**(u) Miscellaneous**

Possible continuance of the Trial set for April 17, 2007 since counsel for Plaintiff is new to the case and is in the process of evaluating the proper course of investigation and preparation for this case.

Dated this 27th day of February, 2007

By: _____
G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4174
withylawcourt@aol.com

Dated this 27th day of February, 2007

By: _____
MOISES A. AVILES
AVILES &
ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

///

///

Pre-Trial Statement - 13

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## CERTIFICATE OF SERVICE

The undersigned certifies that that this date a copy of the foregoing document was duly served upon the following individual by hand-delivery, addressed as follows:

THOMAS A. HELPER, ASST. UNITED STATES ATTORNEY
PJKK FEDERAL BUILDING
300 ALA MOANA BL., RM. 6100
HONOLULU, HI., 96813

Attorney for Defendant
MICHAEL CHERTOFF, SECRETARY OF HOMELAND SECURITY

Dated: February 27, 2007, at Honolulu, Hawai'i.

_____
G. TODD WITHY,
Attorney for Plaintiff
CHRISTOPHER GAHR

Pre-Trial Statement - 14

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com