IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER ) <br> GAHR, FRANK ROBERT PAULSON, ) <br> CHARLES TURNER, and TOM ) <br> YOUNG, ) <br> ) <br>         Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> MICHAEL CHERTOFF, Secretary, ) <br> DEPARTMENT OF HOMELAND ) <br> SECURITY, ) <br> ) <br>         Defendant. ) <br> _____) | CIVIL NO. 03-00567 JMS BMK <br><br> MEMORANDUM IN SUPPORT OF <br> MOTION |

MEMORANDUM IN SUPPORT OF MOTION
------

    Plaintiff in this action alleges he was terminated from his employment as a screening manager at Kahului airport because of his Caucasian race.  He will apparently seek to introduce statements by Patrick Collins, a screening manager who play an important role in plaintiff's termination, regarding certain derogatory racial statements made by Collins.  According to plaintiff's pretrial statement (at 11), plaintiff will ask Collins about his use of "the terms Nigger, Spic, Gook."

    The court should exclude this evidence under Rule 401 as having no probative value whatever.  The issue in this case concerns Collins' alleged discriminatory animus toward Caucasians.  Collins' attitude toward other racial groups is

irrelevant. Moreover, plaintiff will be unable to lay any foundation to show that the terms at issue reflect Collins current racial views. Although Collins admitted using the terms referred to in plaintiff's pretrial statement, the evidence will show that he used them decades ago, as a youth and as a Marine in Vietnam. Accordingly, the terms have no relevance to his state of mind today, and so should be excluded under Rule 402 of the Rules of Evidence.[1]

Even if the evidence at issue did have some marginal relevance, that relevance would be far outweighed by the danger of unfair prejudice. A jury member, who became aware that Collins had used the highly charged and inflammatory terms – particularly an African-American, Asian-American or Hispanic-American jury member – might be so offended that he or she would be moved to punish Collins or his employer by ruling against defendant or by disbelieving Collins' testimony on emotional grounds. To avoid this likelihood, the court should exclude the evidence under Rule 403 of the Rules of Evidence.

---

[1] Curiously, plaintiff makes no reference to Collins' admitted use of the phrase "fucking haole" while on the job at TSA. Although Collins will testify that he used the phrase ironically or jokingly (as a Caucasian himself), evidence regarding this phrase is relevant and admissible.

DATED: March 20, 2007, at Honolulu, Hawaii.

        EDWARD H. KUBO, JR.
        United States Attorney
        District of Hawaii

          /s/ Thomas A. Helper
By _____
    THOMAS A. HELPER
    Assistant U.S. Attorney

Attorneys for Defendant