## MEMORANDUM OF POINTS AND AUTHORITIES.

## I. THE DISTRICT COURT MAY EXCLUDE EVIDENCE OF AN OLD CASE SETTLED IN PLAINTIFF'S FAVOR, IF THE CASE IS OLD, IRRELEVANT, AND THAT PLAINTIFF WAS NOT TERMINATED DUE TO A FALSE EMPLOYMENT APPLICATION.

Plaintiff was fired due to race and age discrimination. He was not terminated for filling out a false job application with the Transportation Security Agency ("TSA").[1] In part, the Government intends to introduce an old 12-year-old case, entitled, *Christopher Gahr v. San Bernardino City Unified School District*, San Bernardino Superior Court Case No. SCVSS 33196, that Plaintiff filed related to acts that occurred 13 years ago, and was settled in Plaintiff's favor six years ago. Plaintiff no longer has copies of that case, so he may not remember all of the minute details in that case. In *Gahr*, neither the California Superior Court, nor a jury, made any determination that Plaintiff was a bad, dishonest person; Plaintiff received a favorable settlement. The evidence presented by the Government from the *Gahr* case was never adjudicated nor was the evidence from *Gahr* submitted by the Government been subjected to judicial scrutiny. The Government cannot use the *Gahr* evidence because it lacks standing to introduce, and it lacks a foundation to introduce it. All evidence requires a foundation in order to be introduced as evidence. To say that Plaintiff was dishonest would be in conflict with the favorable settlement award, and was related to acts as old as 13 years. Certainly, it

---

[1] In fact, Plaintiff would show that other TSA employees, including those who were Asian/Pacific Islanders and/or those with criminal records, filed false job applications with the TSA only to be laid-off, not terminated.

Motion in Limine-Bruno v. Chertoff - 4

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

has nothing to do with defending the Government's witness, and its conduct against Plaintiff. Accordingly, any discussion of the *Gahr* case must be excluded.

The case of *Arizona v. Elmer*, 21 F.3d 331, 335-336 (9th Cir. 1994), explains that:

> "The appropriate test to determine admissibility under Rule 404(b) . . . provides: (1) *the other act evidence must tend to prove a material point*; (2) the other act must not be too remote in time; (3) the evidence must be sufficient to support a finding that the defendant committed the other act; and (4) in some cases, the other act must be similar to the offense charged.
>
> "*United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir.) (emphasis added), *cert. denied*, 111 S. Ct. 2861 (1991); *see also United States v. Mayans*, 17 F.3d 1174 (9th Cir. 1994); *Robertson*, No. 92-50393, slip op. at 1010; *United States v. Pitts*, 6 F.3d 1366, 1370 (9th Cir. 1993); *Miller*, 874 F.2d at 1268.
>
> "'We have emphasized consistently that evidence of extrinsic acts may not be introduced unless the government establishes its relevance to an actual issue in the case.' *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985). The State's only argument concerning the relevance of the June shooting is that Elmer's actions - shooting the suspect and covering up the incident - tend to prove Elmer is not honest. However, Elmer's honesty is not an issue in this case, *see supra*, and the State has not established its relevance to an actual issue in the case. See *Hodges*, 770 F.2d at 1479."

Here, the *Gahr* case, related to events 13 years ago. Plaintiff did not do anything wrong, and since the case was settled in Plaintiff's favor, it may show that defendants in that case were at fault, but we are not in this Court to determine

Motion in Limine-Bruno v. Chertoff - 5

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

what the San Bernardino City Unified School District did, but what the TSA did to Plaintiff. TSA employees fired Plaintiff because he was White and over 40.[2] Plaintiff did not file a false job application with the TSA, and did not do any misconduct. In fact, racist practices were openly practiced at the Maui location. This Motion is necessary to prevent discussion of old, outdated cases, unrelated to the TSA's conduct.

## II. CONCLUSION.

Plaintiff requests that the Court order the Government not to refer to, interrogate any witness concerning, comment on, or attempt to suggest to the jury in any way the facts regarding the case of *Christopher Gahr v. San Bernardino City Unified School District*, San Bernardino Superior Court Case No. SCVSS 33196.

Dated this 20th day of March, 2007

By _____
G. TODD WITHY
(5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

---

[2] This is the same TSA at its Maui location that required candidates to prove Hawaiian birth with a birth certificate prior to promotion. It's just as racist as requiring an illiterate Black man to name all the Justices of the Supreme Court before he could vote.

Motion in Limine-Bruno v. Chertoff - 6

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Dated this 20th day of March, 2007

By: /s/ _____
MOISES A. AVILES
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Motion in Limine-Bruno v. Chertoff - 7

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com