EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS A. HELPER  5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　Defendant. | CIVIL NO. 03-00567 JMS BMK<br><br>DEFENDANT MICHAEL CHERTOFF'S PRELIMINARY OBJECTIONS TO PLAINTIFF'S EXHIBITS; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE<br><br><br>Trial: April 24, 2007<br>Judge: J. Michael Seabright |

DEFENDANT MICHAEL CHERTOFF'S
PRELIMINARY OBJECTIONS TO PLAINTIFF'S EXHIBITS

　　　The deadline for defendant to object to plaintiff's exhibits is today.  Plaintiff, however, did not produce any of his exhibits by the deadline set by the court, has produced others in a confusing and tangled fashion, and has not produced others at all.  Defendant hereby objects to all of plaintiff's exhibits that were not previously in defendant's possession as untimely.

Defendant will file further, specific objection after plaintiff has produced all his exhibits and defendant has sufficient time a thorough review of the exhibits.

As to the timeliness objection, plaintiff has failed to meet several deadlines set by the court to allow for orderly and efficient trial preparation.  The original deadline for service of plaintiff's exhibits was March 20.  On that date plaintiff served an exhibit list but no exhibits.[1]  In the days following, defense counsel left several telephone messages and sent one email to plaintiff's counsel, requesting copies of those of plaintiff's exhibits that were not already in defendant's possession, and seeking to arrange a telephone conference to discuss stipulations.  Plaintiff's counsel did not respond to these messages.

On March 27, plaintiff faxed an amended exhibit list.  This document also was not filed with the court, but is attached hereto as Exhibit A for the court's convenience.  That same day, defendant received faxed copies of documents marked as Exhibits 201 through 218, 220 through 225, and 227 through 228.  Defendant received a paper duplicate of Exhibit 219, apparently a DVD, but not the DVD itself.  The initial document in the production, marked 201, appeared to be a W-2 form for Christopher Gahr, as

---

[1] Plaintiff apparently did not file this exhibit list with the court.

opposed to the sworn affidavit of Christopher Gahr indicated for Exhibit 201 on the Amended Exhibit List.  The next exhibits appear to be misnumbered by one number (e.g. the document marked 202 appears to be the same as the document listed as 201 on the Amended Exhibit list), but to otherwise correspond to the Amended Exhibit List.  There is no document marked 226, apparently because that document is mismarked as Exhibit 201, the W-2 form.  Plaintiff did not transmit Exhibits 228 through 246 as listed on the Amended Exhibit List.  <u>See</u> Defendant's Second Statement Regarding Exhibits and Notice of Submission of Defendant's Amended Exhibit List, filed March 27.

Defense counsel continued to try to reach plaintiff's counsel to discuss this matter.  On March 28 plaintiff's counsel finally called to discuss the exhibits, and promised to transmit the remaining exhibits as soon as possible.  Counsel also agreed to confer March 29 at 9:00 a.m Hawaii time to discuss stipulations, on the assumption that defense counsel would have all plaintiff's exhibits by that time.  Defense counsel stated that he would be out of the office on March 30 and April 1, so that the production should be made as soon as possible.

Later in the day on March 28, defense counsel spoke with "Hank" of plaintiff's counsel's office, who repeatedly referred to "three missing items" and appeared not to understand what was missing from plaintiff's production.  Defense counsel explained

to Hank repeatedly that the defense needed Exhibit 219, Exhibits 229 through 232, and Exhibits 239 through 246. Defense counsel said that the defense already had Exhibits 233 through 238, and that plaintiff need not produce those exhibits. Later in the day, however, defense counsel received an email from Hank, titled "The three items", and attaching copies of plaintiff's witness list, exhibit list and deposition designations, all of which defendant already had.

On March 29 at 9:00 Hawaii time defense counsel received a call from Elizabeth in plaintiff's counsel's office, indicating that plaintiff's counsel was caught in court and would be unable to participate in the scheduled conference. Defense counsel responded that he be available in the office until noon Hawaii time, and gave his cell phone number so he could be contacted while he was out of the office. Elizabeth said she would check with plaintiff's counsel and get back to defense counsel as to when plaintiff's counsel would be able to call. Neither Elizabeth nor plaintiff's counsel called back on that day or the days following.

Later in the day on March 29, defense counsel wrote to plaintiff's counsel expressing concern about the situation and asking that plaintiff's counsel state "in writing what you propose to do about the late production of documents," and further requesting a telephone conference regarding the issues at

hand.  A copy of that letter is attached as Exhibit B. Plaintiff's counsel has not responded to this letter.

On March 31 defense counsel's office received a DVD and a three-inch stack of documents (with no cover letter).  The DVD appears to be plaintiff's Exhibit 219.  A preliminary review of the documents shows the following.  None of the documents have any permanent exhibit markings.  Three pages have small post-it notes attached on which the numbers 231, 239 and 241 have been written in pen.  The bulk of the pages fall after the post-it marked 231, and appears to roughly correspond with the description of Exhibit 231 in plaintiff's Amended Exhibit List. The documents are a hodge-podge of EEO statements, documents such as resumes, EEO transmittal forms, pages from personnel handbooks, and documents from personnel files of former plaintiffs.  Some of the documents appear to be missing pages. Following the page with the "239" post-it is what appears to be reproductions of slides from a PowerPoint presentation titled "Aviation Security Overview," as opposed to the "Gahr's Supervisor Prototype Course Book" description for Exhibit 239 given on Plaintiff's Amended Exhibit List.  The pages following the post-it marked 241 appear to be AMA-700 Standard Operating

Procedures document corresponding to the same number on plaintiff's Amended Exhibit List.[2]

Plaintiff has yet to produce Exhibits 229 and 243 through 246.[3]

Defendant has suffered considerable prejudice from plaintiff's dilatory conduct. Counsel has had to spend hours chasing plaintiff's counsel to try to discuss the matter, more hours trying to sort through plaintiff's tangled productions, and still more hours explaining the situation to the court. More importantly, lack of knowledge about plaintiff's exhibits has rendered defense counsel unable to prepare the trial brief and other documents required by the court, and unable to adequately prepare defendant's witnesses to testify at trial. The failure to observe the court's schedule also compromises the interests of the court and the public in the just, timely and efficient resolution of matters before the court.

---

[2] The latter two documents (239 and 241) may be Sensitive Security Information as defined by 49 C.F.R. § 1520.5(b). If so, the documents are protected from public disclosure and it may have been a violation of law if Gahr retained the documents following his termination. Defense counsel has referred this issue to TSA counsel for further investigation.

[3] Exhibits 229 and 232 are described on the Amended Exhibit List as documents from defendant's discovery responses. Since defendant produced thousands of pages during discovery, defendant remains unaware as to which pages plaintiff intends to use as exhibits.

Based on the foregoing, defense counsel objects to the admission of any document that was not produced to defense counsel in accordance with the scheduling order – i.e. all of plaintiff's exhibits that were not already in defendant's possession at the time of the March 20, 2007 deadline. These exhibits include Nos. 219 to 232 and 239 to 246. Defendant will make more specific, detailed objections if and when it receives a complete set of plaintiff's exhibits.

DATED: April 3, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By  /s/ Thomas A. Helper
    _____
    THOMAS A. HELPER
    Assistant U.S. Attorney

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG,<br><br>            Plaintiffs,<br><br>    vs.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>            Defendant. | CIVIL NO. 03-00567 JMS BMK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

    Served by First Class Mail:

    Moises A. Aviles                              April 3, 2007
    Aviles & Associates
    560 N. Arrowhead Ave., Suite 2A
    San Bernardino, CA  92401

    Served Electronically through CM/ECF:

    G. Todd Withy                                   April 3, 2007
    Withylawcourt@aol.com, withylaw@aol.com

        Attorneys for Plaintiff
        CHRISTOPHER GAHR

DATED: April 3, 2007, at Honolulu, Hawaii.

                                                    /s/ Coleen Tasaka-Shoda
                                                    _____