G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Attorneys for Plaintiff
CHRISTOPHER GAHR

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 03 2007

at 4 o'clock and 29 P. M
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT,

## DISTRICT OF HAWAI'I.

LUCAS BRUNO III, CHRISTOPHER
GAHR, FRANK ROBERT PAULSON,
CHARLES TURNER, TOM YOUNG,

    Plaintiffs,

    v.

MICHAEL CHERTOFF, Secretary,
DEPARTMENT OF HOMELAND
SECURITY,

    Defendant.

CIVIL NO. 03-00567-JM:BMK

JURY INSTRUCTIONS.

Trial Date: Apr. 17, 2007.
Judge: The Hon. J. Michael Seabright

Dated: _____

    THE HON. J. MICHAEL SEABRIGHT,
District Judge, UNITED STATES
DISTRICT COURT, DISTRICT OF
HAWAI'I.

Jury Instructions -Bruno v. Chertoff - 1

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.1 DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

*Source:* Ninth Circuit Model Jury Instruction 1.1.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.2 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff claims that he was discriminated against and was terminated because of his race and age in violation of Title VII of the Civil Rights Act of 1964, and of the Age Discrimination in Employment Act.

The Defendant denies those claims and also contends that Plaintiff was terminated for reasons other than race and age.

Plaintiff denies defendant's claims.

*Source:* Ninth Circuit Model Jury Instruction 1.2.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

### 1.3 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

*Source:* Ninth Circuit Model Jury Instruction 1.3.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.4 WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

*Source:* Ninth Circuit Model Jury Instruction 1.4.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.5 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

*Source: United States v. Marsh,* 144 F.3d 1229, 1238 (9th Cir. 1998).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*Source:* Ninth Circuit Model Jury Instruction 1.6.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.7 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

*Source:* Ninth Circuit Model Jury Instruction 1.7.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.8 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

*Source:* Ninth Circuit Model Jury Instruction 1.8.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.9 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

*Source: United States v. Pino-Noriega,* 189 F.3d 1089, 1096 (9th Cir.), *cert. denied,* 528 U.S. 989 (1999).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.10 NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

*Source:* Ninth Circuit Model Jury Instruction 1.10.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.11 TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let notetaking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

*Source: United States v. Baker,* 10 F.3d 1374, 1402 (9th Cir. 1993), *cert. denied,* 513 U.S. 934 (1994).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.12 OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiff will then present evidence, and counsel for the Defendant may cross-examine. Then the Defendant may present evidence, and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

*Source:* Ninth Circuit Model Jury Instruction 1.12.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 1.13 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Source:* Ninth Circuit Model Jury Instruction 1.13.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.1 CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshall [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

*Source:* Ninth Circuit Model Jury Instruction 2.1.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.2 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the nearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Source:* Ninth Circuit Model Jury Instruction 2.2.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.3 STIPULATED TESTIMONY

The parties have agreed what [_____]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

*Source: United States v. Lambert,* 604 F.2d 594, 595 (8th Cir. 1979); *United States v. Hellman,* 560 F.2d 1235, 1236 (5th Cir. 1977).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.4 STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

*Source: United States v. Mikaelian,* 168 F.3d 380, 389 (9th Cir.) *amended by* 180 F.3d 1091 (9th Cir. 1999).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.5 JUDICIAL NOTICE

The court has decided to accept as proved the fact that, e. g., the city of San Francisco is north of the city of Los Angeles], even though no evidence has been introduced on the subject. You must accept this fact as true.

*Source:* Federal Rule of Evidence 201(g).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.6 DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [_____] which was taken on [_____], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

*Source:* Ninth Circuit Model Jury Instruction 2.6.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.7 TRANSCRIPT OF TAPE RECORDING

You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

*Source: United States v. Franco,* 136 F.3d 622, 626 (9th Cir. 1998).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.10 LIMITED PURPOSE EVIDENCE

The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [_____] and for no other purpose.

*Source:* Ninth Circuit Model Jury Instruction 2.10.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.11 IMPEACHMENT BY CONVICTION OF CRIME

The evidence that a witness has been convicted of a crime may be considered only as it may affect the believability of that witness and for no other purpose.

*Source:* Ninth Circuit Model Jury Instruction 2.11.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.12 TESTS AND EXPERIMENTS

Arrangements have been made to conduct a test or experiment.

Observe the conditions under which that test or experiment is made. These conditions may or may not duplicate the conditions and other circumstances that existed at the time and place of the incident involved in this case.

It is for you to decide what weight, if any, you give to the test or experiment. *Source:* Ninth Circuit Model Jury Instruction 2.12.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 2.13 USE OF INTERROGATORIES OF A PARTY

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

*Source:* Ninth Circuit Model Jury Instruction 2.13.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

*[NOTE: THESE ARE THE CLOSING INSTRUCTIONS:]*

## 3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

*Source:* Ninth Circuit Model Jury Instruction 3.1.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 3.2 WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

*Source: United States v. Mikaelian,* 168 F.3d 380, 389 (9th Cir.) *amended by* 180 F.3d 1091 (9th Cir. 1999).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 3.3 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*Source:* Ninth Circuit Model Jury Instruction 3.3.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 3.5 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*Source:* Ninth Circuit Model Jury Instruction 3.5.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 3.6 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

*Source:* Ninth Circuit Model Jury Instruction 3.6.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 3.7 OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from [a] person[s] who, because of education or experience, [is] [are] permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Source:* Federal Rules of Evidence 602, 701-705.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 5.1 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Source:* Ninth Circuit Model Jury Instruction 5.1.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 5.3 COMPLETE AFFIRMATIVE DEFENSE

On any claim, if you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff on that claim, unless you also find that the Defendant has proved an affirmative defense, in which event your verdict should be for the Defendant on that claim.

*Source:* Ninth Circuit Model Jury Instruction 5.3.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 12.1 CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT— ELEMENTS AND BURDEN OF PROOF (42 U.S.C. § 2000E)

The Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

      1. the Plaintiff was discharged by the Defendant; and

      2. the Plaintiff's race was a motivating factor in the Defendant's decision to discharge the Plaintiff.

If you find that both of the elements on which the Plaintiff has the burden of proof have been proved, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict should be for the Defendant.

*Source:* 42 U.S.C., §1981a(c); *Washington v. Garrett,* 10 F.3d 1421, 1433 (9th Cir. 1993)

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 12.2 CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—
## "MIIXED MOTIVE CASE" (42 U.S.C. § 2000E)

You have heard evidence that the Defendant's decision to discharge the Plaintiff was motivated by the Plaintiff's race and by a lawful reason. If you find that the Plaintiff's race was a motivating factor in the Defendant's decision to discharge the Plaintiff, the Plaintiff is entitled to your verdict, even if you find that the Defendant's conduct was also motivated by a lawful reason. However, if you find that the Defendant's decision was motivated both by race and a lawful reason, you must decide whether the Plaintiff is entitled to damages. The Plaintiff is entitled to damages unless the Defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the Plaintiff's race had played no role in the employment decision.

*Source: Washington v. Garrett,* 10 F.3d 1421, 1433, n. 15 (9th Cir. 1993).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 12.5 CIVIL RIGHTS—TITLE VII—SAME DECISION—AFTER---
## ACQUIRED EVIDENCE

The Defendant contends that the Defendant would have made the same decision to discharge the Plaintiff because [_____]. If the Defendant proves by a preponderance of the evidence that the Defendant could have made the same decision and would have discharged Plaintiff because of [_____], you should limit any award of back pay to the date the employer would have made the decision to discharge the Plaintiff as a result of the after-acquired information.

*Source: McKennon v. Nashville Banner Publishing Co.,* 513 U.S. 352, 362 (1995).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 14.1 AGE DISCRIMINATION—DISPAIIATE TREATMENT—ELEMENTS AND BURDEN OF PROOF—DISCHARGE

The Plaintiff seeks damages against the Defendant for discharge based on age discrimination in violation of federal law. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

      1. the Plaintiff was discharged;

      2. the Plaintiff was 40 years of age or older at the time of discharge;

      3. the Plaintiff was performing the job satisfactorily

      4. the Plaintiff was replaced by a substantially younger person with equal or inferior qualifications; and

      5. the Plaintiff's age was the determining factor in the Defendant's decision to discharge the Plaintiff; in other words, the Defendant would not have made the same decision but for the Plaintiff's age.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant.

*Source: Arnett v. California Public Employees Retirement System,* 179 F.3d 690 (9th Cir. 1999)

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 14.8 AGE DISCRIMINATION—DAMAGES COMPENSATORY—
## REDUCTION—MITIGATION

If you find for the Plaintiff on his race and age discrimination claims, you must determine the Plaintiffs damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the Plaintiff for any loss of pay, wages, and/or benefits you find was caused by the discriminatory act of the Defendant. You should consider the following:

Back pay includes back wages, lost pay, and employee benefits the Plaintiff would have received from the date the Defendant discharged Plaintiff to the date of trial.

You must deduct any wages or other earnings Plaintiff received from other employment from the date the Defendant discharged Plaintiff to the date of trial.

You must deduct any severance pay received after the discharge.

If the Defendant proves by a preponderance of the evidence that Plaintiff unjustifiably failed to take a new job of like kind, status, and pay which was available to Plaintiff, or failed to make reasonable efforts to find a new job, you should subtract from these damages any amount Plaintiff could have earned in a new job after the discharge. The Plaintiff's damages also include front pay, that is, the loss of future wages, pay, and employee benefits from the Defendant.

You must deduct from any front pay any wages or other earnings and employee benefits Plaintiff would receive after the date of trial using reasonable mitigation efforts.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

*Source: Cassino v. Reichold Chems.,* 817 F.2d 1338, 1346 (9th Cir. 1987).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 7.4 DAMAGES ARISING IN THE FUTURE DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received. -

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

*Source: Passantino v. Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 508-509 (9th Cir. 2000).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 7.6 NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

*Source: Parton v. GTE North, Inc.,* 971 F.2d 150, 154 (8th Cir. 1992).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 3.9 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

*Source: United States v. Johnson,* 594 F.2d 1253, 1254-1255 (9th Cir.), *cert. denied,* 444 U.S. 964 (1979).

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 3.10 CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Source:* Federal Rule of Evidence 1006.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 3.12 IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that [_____], a witness, e. g., has been convicted of a felony, lied under oath on a prior occasion, etc. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

*Source:* Federal Rules of Evidence 105, 608, and 609.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 4.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Source:* Ninth Circuit Model Jury Instruction 4.1.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 4.2 USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

*Source:* Ninth Circuit Model Jury Instruction 4.2.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 4.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshall] [bailiff] signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and 11 will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—-how the jury stands, numerically or otherwise, until after you have reached a unanimous - verdict or have been discharged. Do not disclose any vote count in any note to the court.

*Source:* Ninth Circuit Model Jury Instruction 4.3.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## 4.4 RETURN OF VERDICT

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

*Source:* Ninth Circuit Model Jury Instruction 4.4.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## CERTIFICATE OF SERVICE.

I HEREBY CERTIFY that, on the date and by method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served by First Class mail and E-mail</u>

Thomas A Helper  5676
Assistant U. S. Attorney
Room 6-100 PJKK federal Building
300 Ala Moana Blvd
Honolulu Hawai'i 96850-6100
tom.helper@usdoj.gov

April 3, 2007 at San Bernardino, California

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com