G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Attorneys for Plaintiff
CHRISTOPHER GAHR

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 0 2007

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT,

## DISTRICT OF HAWAI'I.

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, TOM YOUNG, <br><br>Plaintiffs, <br><br>v. <br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, <br><br>Defendant. | CIVIL NO. 03-00567-JM:BMK <br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE REGARDING RACIAL STATEMENTS OF PATRICK COLLINS; AFFIDAVIT OF CHRISTOPHER GAHR. <br><br>Trial Date: Apr. 24, 2007. <br>Judge: The Hon. J. Michael Seabright |

///
///
///

Opposition to Motion in Limine-Bruno v. Chertoff - 1

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## I. THE DISTRICT COURT MAY NOT EXCLUDE RECENT EVIDENCE OF WHETHER PATRICK COLLINS MADE RACIST REMARKS AGAINST AFRICAN-AMERICANS AND LATINOS.

Plaintiff Christopher Gahr is married to Magalys Villarreal de Gahr, a part Hispanic-American, part African-American from the nation of Panama.

Patrick Collins, the morning shift Screening Manager at Maui International Airport (OGG), admitted to using of racial pejoratives and slurs. In the only conversation between Plaintiff Gahr and Collins, Gahr told Collins that he (Gahr) was married to a "black Hispanic woman". Because Collins probably felt repulsed that Plaintiff is married to a *mulatto*, Collins did not simply forget the racist terms he used in Viet Nam. As a Manager of a shift other than Plaintiff's, Collins assisted in the discrimination and termination of Plaintiff by blaming Gahr for not cleaning up the area and calibrating the machines during Gahr's three days at OGG. However, this was by policy a Managers task. Additionally, several weeks after Gahr's termination, Collins admitted that the machines were not being maintained by the staff and were grossly neglected to the point that they were non-operational.

Although, Plaintiff was terminated because he was White, Collins' acts may not only be motivated by pleasing his racist superiors, but he helped in Plaintiff's termination, because of his prejudice against interracial marriages.

In this day and age, racial prejudices should not be heard at the workplace. If Collins was employed by the TSA on the mainland and uttered his racist comments, the Government would equally be sued by any Black, Latino, or any White in an interracial marriage.

All racism is relevant in this caseand must be heard by the jury. The case of *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1115 (9th Cir. 2004), explains that:

Opposition to Motion in Limine-Bruno v. Chertoff - 2

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

"Additionally, McGinest was subjected to extreme racial insults, as well as more subtle taunts, by supervisors and coworkers. Racist graffiti such as 'nigger' and 'white is right' regularly appeared in the bathroom and on equipment, and on one occasion a management-level employee called McGinest 'stupid nigger' to his face. Although it is clear that 'not every insult or harassing comment will constitute a hostile work environment,' 'repeated derogatory or humiliating statements . . . can constitute a hostile work environment.' *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000).

"In evaluating the significance of the statements in question, we consider the objective hostility of the workplace from the perspective of the plaintiff. *Nichols*, 256 F.3d at 872; *Ellison v. Brady*, 924 F.2d 872, 878-79 (9th Cir. 1991). In *Ellison*, in the context of sexual harassment, we evaluated objective hostility from the perspective of a reasonable woman. As the Supreme Court has noted, 'Hostile work environment claims based on racial harassment are reviewed under the same standard as those based on sexual harassment.' *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 116 n 10. We now state explicitly what was clear from our holding in *Ellison*, that allegations of a racially hostile work-place must be assessed from the perspective of a reasonable person belonging to the racial or ethnic group of the plaintiff. [Footnote omitted.]"

Plaintiff would show that he was terminated because he was a "fucking Haole." Additionally, Collins, as a Manager in the Federal Government Service was required by law to actively stop discrimination from the workplace, chose instead to participate in Management's program of discrimination, and termination of Plaintiff Gahr due to Gahr's marriage to a part-Black, part-Hipanic woman. This

Opposition to Motion in Limine-Bruno v. Chertoff - 3

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

evidence should be included and discrimination by Federal Government Managers must be halted.

## II. CONCLUSION.

Plaintiff requests that the Court deny the Government's Motion exclude Patrick Collins' racist remarks, and allow Plaintiff to prove *prima facie* discrimination by Collins as well.

Dated this 10th day of April, 2007

By: _____
G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

Dated this 10th day of April, 2007

By: _____
MOISES A. AVILES
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Opposition to Motion in Limine-Bruno v. Chertoff - 4

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com