*not all orig sigs cc: mrs*

**ORIGINAL**

G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Attorneys for Plaintiff
CHRISTOPHER GAHR

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 0 2007

at __4__ o'clock and __04__ min __P__ M
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT,

## DISTRICT OF HAWAI'I.

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, TOM YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | CIVIL NO. 03-00567-JM:BMK<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE REGARDING PERSONNEL DECISIONS OTHER THAN PLAINTIFF'S TERMINATION.<br><br>Trial Date: Apr. 24, 2007.<br><br>Judge: The Hon. J. Michael Seabright |

///

///

///

Opposition to Motion in Limine-Bruno v. Chertoff - 1

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## I. THE DISTRICT COURT MAY NOT EXCLUDE EVIDENCE OF OTHER PERSONNEL DECISIONS, SINCE IT WOULD DEFINITELY SHOW A PATTERN AND PRACTICE OF DISCRIMINATION BY PLAINTIFF'S THEN IMMEDIATE SUPERIORS.

This is a Title VII Case that is complicated by the fact that Defendant refuses to pay Plaintiff several months of compensation and earned vacation pay.

Plaintiff representative will spend its time proving the allegations contained in the Second Amended Complaint that:

a. Racism against white employees was prevalent and accepted within the management team;

b. A disparate treatment against white employees existed, and was propagated by management;

c. Defendant's termination was the direct result of the prevalent racism against whites by Management;

d. A clear nexus exists between the racist attitudes of Managers and the termination of Plaintiff.

Defendant will clearly prove through sworn testimony and documentation that:

a.  The TSA Management *at OGG* showed a pattern of racism towards White employees;

b.  Failed to follow it's own written policy regarding termination, choosing inordinately harsh penalty for white employees;

c.  That TSA Management *at OGG* failed to follow its own policy on termination of Pacific Islander employees, by not terminating those employees in cases in which TSA Policy and regulations required immediate termination.

Opposition to Motion in Limine-Bruno v. Chertoff - 2         AVILES & ASSOCIATES
                                                             560 N. Arrowhead Av., #2A
                                                             San Bernardino, CA., 92404
                                                             TEL.: (909) 383-2333
                                                             FAX: (909) 383-9550
                                                             maviles1231@aol.com

      d.    TSA Management *at OGG* resorted to illegal HR Practices such as requiring all employees to bring in birth certificates prior to promotion decisions being made.

What Defendant does not mention is that *Obrey v. Johnson*, 400 F.3d 691, 696-697 (9th Cir. 2005), does *not* preclude evidence from other employees that similar acts of discrimination have taken place. The case of *Obrey v. Johnson*, 400 F.3d 691, 697 (9th Cir. 2005), further explains that:

> "The district court also excluded the testimony of a single Shipyard worker, Mr. Toyama, on the grounds that his evidence was irrelevant. FED. R. EVID. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'). Toyama was expected to testify that Shipyard officials had informed him that off-yard employees were rotated to Pearl Harbor on a temporary basis because the 'local' workers 'were not good enough' and 'can't do a good job.'
>
> "Toyama's testimony was plainly relevant to the issue of whether the defendant preferred off-yard, predominantly Caucasian, workers over the 'local' Asian-Pacific Islanders. We have observed that 'evidence that the defendant has made disparaging remarks about the class of persons to which plaintiff belongs[] may be introduced to show that the defendant harbors prejudice toward that group.' *Lam v. Univ. of Haw.*, 164 F.3d 1186, 1188 (9th Cir. 1999) (internal quotation marks omitted). It tends to show 'a defendant's discriminatory state of mind.' *Id.* [Footnote omitted.]

///

Opposition to Motion in Limine-Bruno v. Chertoff - 3

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

"Toyama's testimony was also relevant to whether the Navy's proffered race-neutral reasons for preferring off-yard workers was a pretext for unlawful race discrimination. Obrey asserts that Toyama also would have challenged the Navy's claim that off-yard managers were more capable of performing their tasks within the Shipyard's budget by demonstrating that the imported managers were funded by budgeted funds separate and apart from the Shipyard's budget. According to Obrey, this testimony would have cast doubt on the Navy's explanation by demonstrating that the off-yard managers exerted no effect whatsoever on the Shipyard's budget.

"Because Toyama's testimony tended to make the existence of discriminatory bias and pretext more probable than it would be without his testimony, we find that the district court abused its discretion by excluding this evidence."

Here, Plaintiff's witnesses, not just one or two, would show that he was not the only victim of discrimination, but several other Whites were also discriminated against. Plaintiff's testimony is plainly *relevant* to the issue of whether the Defendant preferred predominantly "local" Asian-Pacific Islanders over Caucasian workers. White employees were quickly fired, where Hawaiians with a felony record were hired, and a birth certificate from the State of Hawaii guaranteed you a promotion regardless of merit, including a felony conviction.

Plaintiff will also show that Defendant dealt in bad faith, by refusing to pay Plaintiff both compensation earned prior to termination, and vacation pay and retirement pay which should have been paid back to Plaintiff at the time of termination. Plaintiff claimed that:

a.  All of Plaintiffs records had been lost and was therefore unable to pay Plaintiff;

Opposition to Motion in Limine-Bruno v. Chertoff - 4

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

b.  At the pint of termination, by law, all compensation earned by Plaintiff became voided.

Plaintiff will show through simply comparisons that those supervisors terminated by That TSA Management at OGG were very high caliber individuals with excellent work records.

That TSA Management at OGG chose instead to promote into those supervisor positions people with documented poor work records and a known felon.

## II. CONCLUSION.

Plaintiff requests that the Court deny the Government's Motion in Limine, and allow testimony of his former co-workers and others showing that Managers and other superiors didn't want "fucking Haoles" working security at Maui International Airport.

Dated this 10th day of April, 2007

By:_____
G. TODD WITHY
(5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

Opposition to Motion in Limine-Bruno v. Chertoff - 5

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Dated this 10th day of April, 2007

By: *[signature]*
MOISES A. AVILES
AVILES &
ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Opposition to Motion in Limine-Bruno v. Chertoff - 6

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## CERTIFICATE OF SERVICE.

I HEREBY CERTIFY that, on the date and by method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served by First Class mail and E-mail</u>, & Fax

Thomas A Helper 5676

Assistant U. S. Attorney

Room 6-100 PJKK Federal Building

300 Ala Moana Blvd

Honolulu Hawai'i 96850-6100

<u>tom.helper@usdoj.gov</u>   Fax: (808) 541-3752

April 10, 2007 at San Bernardino, California

*[signature]*

Opposition to Motion in Limine-Bruno v. Chertoff - 7

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com