IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG,<br><br>           Plaintiffs,<br><br>     vs.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>           Defendant.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL. NO. 03-00567 JMS/BMK<br><br><br>ORDER REQUIRING WRITTEN PROFFER FROM PLAINTIFF AS TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING PERSONNEL DECISIONS OTHER THAN PLAINTIFF'S TERMINATION |

### ORDER REQUIRING WRITTEN PROFFER FROM PLAINTIFF AS TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING PERSONNEL DECISIONS OTHER THAN PLAINTIFF'S TERMINATION

On January 23, 2007, the United States filed a Motion in Limine to Exclude Evidence Regarding Personnel Decisions Other than Plaintiff's Termination. Through this motion, defendant seeks exclusion of testimony regarding personnel actions of others. On April 10, 2007, plaintiff filed his opposition, proffering that he will prove that TSA Management acted with a pattern of racism towards Caucasian employees and treated Pacific-Island

employees more favorably.  Plaintiff implies, but provides no evidence, that he intends to offer evidence of similar acts of discrimination.

In order for the court to be fully informed of all the facts necessary to rule on this matter, plaintiff is ordered to provide the court with a written proffer as to *each* witness that would testify, or exhibit offered, as to the matters the defendants seek to exclude.  In other words, plaintiff is ordered to provide, in writing, a proffer as to each witness that would testify as to the treatment of anyone other than plaintiff, and explain the relationship between that action and the alleged discrimination against plaintiff.  The proffer should include, but is not limited to, the race of the witness, the time of the alleged discriminatory act or acts against the witness, and the person who discriminated against the witness.  If plaintiff seeks to introduce testimony tending to show more favorable treatment towards non-Caucasians, similar information must be provided.  Further, like explanations should be provided for any exhibits plaintiff seeks to introduce in an effort to prove discrimination against, or favorable treatment towards, others.

Plaintiff's proffer is to be filed no later than 5:00 p.m. on Monday, April 16.  The defendant may file a reply, at its option, by 9:00 a.m. on Wednesday, April 18.

At the hearing on this matter, the parties should be prepared to discuss *Heyne v. Caruso*, 69 F.3d 1475 (9th Cir. 1995) and *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010 (9th Cir. 1999).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 11, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Gahr v. Chertoff*, Civ. No. 03-00567 JMS/BMK, Order Requiring Written Proffer from Plaintiff as to Defendant's Motion in Limine to Exclude Evidence Regarding Personnel Decisions Other than Plaintiff's Termination