G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 11 2007

at 3 o'clock and 40 min. PM
SUE BEITIA, CLERK

Attorneys for Plaintiff
CHRISTOPHER GAHR

## UNITED STATES DISTRICT COURT,

## DISTRICT OF HAWAI'I.

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, TOM YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | CIVIL NO. 03-00567-JM:BMK<br><br>TRIAL BRIEF.<br><br>Trial Date: Apr. 17, 2007.<br><br>Judge: The Hon. J. Michael Seabright |

Voir Dire -Bruno v. Chertoff - 1

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

# I. INTRODUCTION.

Plaintiff Christopher Gahr is a Caucasian male - 46 years old. Plaintiff was hired by the Transportation Security Administration ("TSA") on March 14, 2002 as a Supervisor for the Mobile Screening Force (MSF). Gahr underwent four weeks of intensive training as a Security Screener and a Screener Supervisor. Upon completion of his training, he underwent six weeks of OJT. After their intense training, Gahr and all MSF team members traveled from airport to airport training the local staff in security, customer service, and supervision. During that time, Gahr worked an average of 14 hours a day, six days a week, returning home to see his wife and children only twice.

On October 17, 2002, Gahr began working as a Checkpoint Supervisor at Maui International Airport ("OGG"). He was terminated 3 days later. He states that the Managers of the TSA at Maui Airport (OGG) concocted his termination because he is a Caucasian, and over the age of 40, and they wanted to replace him with a "Asian/Pacific Islander" substantially under the age of 40.

The practices of the Managers were discriminatory. Members of Management admitted in Depositions that they used the words, "Nigger," "Haole," and "Spic." Gahr finds the terms "Nigger" and "Spic" especially offensive because Members of Management knew that his wife is a Dark Hispanic woman.

Voir Dire -Bruno v. Chertoff - 2

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Witnesses state under oath that Gahr's Manager, Patti stated, "it is Brown for Brown or White for White!"

Management often stated they wanted everything done the "Local Maui" way, endangering Airport and National Security. Plaintiff, as well as former Plaintiffs Lucas Bruno III, Frank Robert Paulson, Charles Turner, and Thomas Young, all born on the Mainland, were sent by the TSA as Supervisors to supervise the Screeners and train them.

Managers at OGG required team members to bring in their birth certificate proving that they were born in the State of Hawai'i, prior to being promoted. OGG Managers allowed a convicted felon to be the supervisor of three of his former prison guards. Two of the former prison guards were terminated for concocted minor infractions and one decided to find employment elsewhere. When the TSA Management at OGG was forced to terminate the felon because his background investigation showed that he had lied on his application, they simply laid him off.

The actions by TSA Management at OGG were so racist and predatory that few Caucasian Mainlanders were able to survive at OGG. Christopher Gahr, as well as his former co-Plaintiffs, were extremely qualified. But it was common practice to ignore federal law and regulations by giving preferential treatment to "Asian/Pacific Islanders,"

Voir Dire -Bruno v. Chertoff - 3

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

The TSA was created in order to help prevent the hijacking of airplanes, and to prevent a reoccurrence of September 11, 2001. The Screeners, if properly trained, were supposed to search for weapons, and anything that could be used as a weapon. The cavalier attitude by the racist Asian/Pacific Islander Managers may as well have encouraged terrorists and others to take over planes and use them as missiles at West Coast targets.

Plaintiff is seeking monetary and equitable relief for his job loss. Nobody should be subjected to the suffering inflicted by the Management of the TSA at OGG.

## II. PLAINTIFF WOULD FIRST PROVE BY *PRIMA FACIE* EVIDENCE THAT HE SUFFERED DISCRIMINATION BY HIS EMPLOYER.

The case of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-803, 93 S. Ct. 1817, 36 L. Ed. 2d 668, the Supreme Court stated that:

> "The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. [Footnote omitted.] In the instant case, we agree with the Court of Appeals that respondent

Voir Dire -Bruno v. Chertoff - 4

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

proved a prima facie case. <u>463 F.2d 337, 353.</u> Petitioner sought mechanics, respondent's trade, and continued to do so after respondent's rejection. Petitioner, moreover, does not dispute respondent's qualifications [Footnote omitted.] and acknowledges that his past work performance in petitioner's employ was 'satisfactory.' [Footnote omitted.]

"The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection. We need not attempt in the instant case to detail every matter which fairly could be recognized as a reasonable basis for a refusal to hire. Here petitioner has assigned respondent's participation in unlawful conduct against it as the cause for his rejection. We think that this suffices to discharge petitioner's burden of proof at this stage and to meet respondent's prima facie case of discrimination."

Here, Igarashi, et al., openly harassed the Caucasian employees. They didn't Caucasian Supervisors, who were more qualified and have superior credentials, because they all wanted to secure OGG the "Local" way, not the Official Washington, DC., TSA way. The repetition of racial insults, the favoritism of "Locals", and the birth certificate requirements for promotion show that the OGG Managers and Administrators flaunted the Civil Rights Act of 1964.

///

///

Voir Dire -Bruno v. Chertoff - 5

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## III. THE REASONS WHY PLAINTIFF WAS TERMINATED WAS NOT ONLY PRETEXTUAL, BUT EXTREMELY FALSE, PHONY, AND BOGUS.

Christopher Gahr was "terminated" for the alleged reasons:

1. The security machines were not properly calibrated.
2. He forced the "extremely sick" Theresa Greenisen (who only had a sprained finger, and who insisted on working on the night in question) to work one night.
3. He "lied" on a previous job application with the San Bernardino (California) City Unified School District ("SBCUSD") in the mid-1990's.

Those reasons for termination are *FALSE.* First, it is the Manager's responsibility to calibrate the security machines. Igarashi, et al., reduced Gahr's role at the TSA as a mere Screener, and it wasn't Gahr's responsibility as a Supervisor to calibrate the machines anyway. For Greenisen, she was hired at the TSA with the sprained finger six weeks prior to Gahr's transfer to OGG. She was OK that night she worked, and Greenisen's finger was used as a false excuse to fire Gahr. As for the SBCUSD, Gahr was awarded with a settlement in his favor against the SBCUSD in a lawsuit in 2001. Gahr no longer has those materials of that suit, and those facts are so dated. In fact, Gahr did not lie to the SBCUSD on his application. The convicted felon the TSA hired did.

Voir Dire -Bruno v. Chertoff - 6

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S. Ct. 1817, 36 L. Ed. 2d 668, also states that:

///

///

> "Petitioner's reason for rejection thus suffices to meet the prima facie case, but the inquiry must not end here. While Title VII does not, without more, compel rehiring of respondent, neither does it permit petitioner to use respondent's conduct as a pretext for the sort of discrimination prohibited by § 703 (a)(1). On remand, respondent must, as the Court of Appeals recognized, be afforded a fair opportunity to show that petitioner's stated reason for respondent's rejection was in fact pretext. Especially relevant to such a showing would be evidence that white employees involved in acts against petitioner of comparable seriousness to the 'stall-in' were nevertheless retained or rehired. Petitioner may justifiably refuse to rehire one who was engaged in unlawful, disruptive acts against it, but only if this criterion is applied alike to members of all races."

Here, all of the reasons for termination have no basis whatsoever. In fact, Igarashi, et al., have concocted several false reasons for terminating the other Caucasian employees. Title VII was not adopted solely to help Blacks and Latinos, but was adopted to prevent discrimination against all races. The racist and predatory reasons for having the anti-"Fucking Haole" workplace has got to end.

Voir Dire -Bruno v. Chertoff - 7

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

# IV. PLAINTIFF WILL SHOW THAT THE DEFENDANT ENGAGED IN A PATTERN OF DISCRIMINATION.

Gahr will spend its time proving that:

a. Racism against Caucasian employees was prevalent and accepted within the management team;

b. A disparate impact against Caucasian employees existed, and was propagated by management;

c. Defendant's termination was the direct result of the prevalent racism against Caucasians by Management;

d. A clear nexus exists between the racist attitudes of Managers and the termination of Gahr.

Defendant will clearly prove through sworn testimony and documentation that:

    a. The TSA Management *at OGG* showed a pattern of racism towards white employees;

    b. Failed to follow it's own written policy regarding termination, choosing inordinately harsh penalty for Caucasian employees;

    c. That TSA Management *at OGG* failed to follow its own policy on termination of Pacific Islander employees, by not

Voir Dire -Bruno v. Chertoff - 8

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

terminating those employees in cases in which TSA Policy and regulations required immediate termination.

d. TSA Management *at OGG* resorted to illegal HR Practices such as requiring all employees to bring in birth certificates prior to promotion decisions being made.

What Defendant does not mention is that *Obrey v. Johnson*, 400 F.3d 691, 696-697 (9th Cir. 2005), does *not* preclude evidence from other employees that similar acts of discrimination have taken place. The case of *Obrey v. Johnson*, 400 F.3d 691, 696-697 (9th Cir. 2005), further explains that:

"The district court also excluded the testimony of a single Shipyard worker, Mr. Toyama, on the grounds that his evidence was irrelevant. FED. R. EVID. 401 ('"Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'). Toyama was expected to testify that Shipyard officials had informed him that off-yard employees were rotated to Pearl Harbor on a temporary basis because the 'local' workers 'were not good enough' and 'can't do a good job.'

"Toyama's testimony was plainly relevant to the issue of whether the defendant preferred off-yard, predominantly Caucasian, workers over the 'local' Asian-Pacific Islanders. We have observed that 'evidence that the defendant has made disparaging remarks about

Voir Dire -Bruno v. Chertoff - 9

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

the class of persons to which plaintiff belongs[] may be introduced to show that the defendant harbors prejudice toward that group.' *Lam v. Univ. of Haw.*, 164 F.3d 1186, 1188 (9th Cir. 1999) (internal quotation marks omitted). It tends to show 'a defendant's discriminatory state of mind.' *Id*. [Footnote omitted.]

"Toyama's testimony was also relevant to whether the Navy's proffered race-neutral reasons for preferring off-yard workers was a pretext for unlawful race discrimination. Obrey asserts that Toyama also would have challenged the Navy's claim that off-yard managers were more capable of performing their tasks within the Shipyard's budget by demonstrating that the imported managers were funded by budgeted funds separate and apart from the Shipyard's budget. According to Obrey, this testimony would have cast doubt on the Navy's explanation by demonstrating that the off-yard managers exerted no effect whatsoever on the Shipyard's budget.

"Because Toyama's testimony tended to make the existence of discriminatory bias and pretext more probable than it would be without his testimony, we find that the district court abused its discretion by excluding this evidence."

Here, Gahr's witnesses would show that he was not the only victim of discrimination, but several other Caucasians were also discriminated against. Caucasian employees were quickly fired, where Hawaiians with a felony record

Voir Dire -Bruno v. Chertoff - 10

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

were hired, and a birth certificate from the State of Hawaii guaranteed you a promotion regardless of merit, including a felony conviction.

Gahr will also show that Defendant dealt in bad faith, by refusing to pay Gahr both compensation earned prior to termination, and vacation pay and retirement pay which should have been paid back to Gahr at the time of termination. Gahr claimed that:

    a. All of Gahr's records had been lost and was therefore unable to pay Gahr;

    b. At the pint of termination, by law, all compensation earned by Gahr became voided.

Gahr will show through simply comparisons that those supervisors terminated by That TSA Management at OGG were very high caliber individuals with excellent work records.

That TSA Management at OGG chose instead to promote into those supervisor positions people with documented poor work records and a known felon.

Defendant will presumably waste an inordinate amount of time trying to smear the credibility of Gahr by presenting skewed manufactured evidence provided by a former Defendant IN a case that was filed by Gahr in 1995. The litigation lasted six years, and the Defendant in that case settled on the day of trial

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

for 75% of Gahr's Demand. Gahr has filed Motions in Limine to exclude discussion of that irrelevant case involving the San Bernardino City Unified School District.

///

Defendant will also try to smear the credibility of the Gahr by bring irrelevant and presumably manufactured evidence that Gahr omitted former employers from his application, as Defendant claimed that it had lost all of Gahr's records.

## V. THE DISTRICT COURT SHOULD EXCLUDE EVIDENCE OF AN OLD CASE SETTLED IN PLAINTIFF'S FAVOR, IF THE CASE IS OLD, IRRELEVANT, AND THAT PLAINTIFF WAS NOT TERMINATED DUE TO A FALSE EMPLOYMENT APPLICATION.

Gahr was fired due to race and age discrimination. He was not terminated for filling out a false job application with the Transportation Security Agency ("TSA").[1] In part, the Government intends to introduce an old 12-year-old case, entitled, *Christopher Gahr v. San Bernardino City Unified School District*, San Bernardino Superior Court Case No. SCVSS 33196, that Gahr filed related to acts

---

[1] In fact, Plaintiff would show that other TSA employees, including those who were Asian/Pacific Islanders and/or those with criminal records, filed false job applications with the TSA only to be laid-off, not terminated.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

that occurred 13 years ago, and was settled in Gahr's favor six years ago. Gahr no longer has copies of that case, so he may not remember all of the minute details in that case. In *Gahr,* neither the California Superior Court, nor a jury, made any determination that Gahr was a bad, dishonest person; Gahr received a favorable settlement. The evidence presented by the Government from the *Gahr* case was never adjudicated nor was the evidence from *Gahr* submitted by the Government been subjected to judicial scrutiny. The Government cannot use the *Gahr* evidence because it lacks standing to introduce, and it lacks a foundation to introduce it. All evidence requires a foundation in order to be introduced as evidence. To say that Gahr was dishonest would be in conflict with the favorable settlement award, and was related to acts as old as 13 years. Certainly, it has nothing to do with defending the Government's witness, and its conduct against Plaintiff. Accordingly, any discussion of the *Gahr* case must be excluded.

The case of *Arizona v. Elmer,* 21 F.3d 331, 335-336 (9th Cir. 1994), explains that:

> "The appropriate test to determine admissibility under Rule 404(b) . . . provides: (1) *the other act evidence must tend to prove a material point*; (2) the other act must not be too remote in time; (3) the evidence must be sufficient to support a finding that the defendant committed the other act; and (4) in some cases, the other act must be similar to the offense charged.

Voir Dire -Bruno v. Chertoff - 13

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

"*United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir.) (emphasis added), *cert. denied*, 111 S. Ct. 2861 (1991); *see also United States v. Mayans*, 17 F.3d 1174 (9th Cir. 1994); *Robertson*, No. 92-50393, slip op. at 1010; *United States v. Pitts*, 6 F.3d 1366, 1370 (9th Cir. 1993); *Miller*, 874 F.2d at 1268.

"'We have emphasized consistently that evidence of extrinsic acts may not be introduced unless the government establishes its relevance to an actual issue in the case.' *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985). The State's only argument concerning the relevance of the June shooting is that Elmer's actions - shooting the suspect and covering up the incident - tend to prove Elmer is not honest. However, Elmer's honesty is not an issue in the case, *see supra*, and the State has not established its relevance to an actual issue in the case. *See Hodges*, 770 F.2d at 1479."

Here, the *Gahr* case, related to events 13 years ago. Gahr did not do anything wrong, and since the case was settled in Gahr's favor, it may show that defendants in that case were at fault, but we are not in this Court to determine what the San Bernardino City Unified School District did, but what the TSA did to Gahr. TSA employees fired Gahr because he was Caucasian and over 40.[2] Gahr did not

---

[2] This is the same TSA at its Maui location that required candidates to prove Hawaiian birth with a birth certificate prior to promotion. It's just as racist as requiring an illiterate Black man to name all the Justices of the Supreme Court before he could vote.

Voir Dire -Bruno v. Chertoff - 14

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

file a false job application with the TSA, and did not do any misconduct. In fact, racist practices were openly practiced at the Maui location. The Motion in Limine is necessary to prevent discussion of old, outdated cases, unrelated to the TSA's conduct.

///

///

///

///

///

///

///

///

///

///

///

Voir Dire -Bruno v. Chertoff - 15

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## VI. CONCLUSION.

Gahr requests that the Jury render a verdict of liability against the Government

                              Dated this 2nd day of April, 2007

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

By: _____
G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Dated this 2nd day of April, 2007

By: _____
MOISES A. AVILES
AVILES &
ASSOCIATES
560 N. Arrowhead Av.,
#2A
San Bernardino, CA.,
92404
TEL.: (909) 383-2333

FAX: (909) 383-9550
maviles1231@aol.com

Voir Dire -Bruno v. Chertoff - 18

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## CERTIFICATE OF SERVICE.

I HEREBY CERTIFY that, on the date and by method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served by First Class mail and E-mail</u>
Thomas A Helper  5676
Assistant U. S. Attorney
Room 6-100 PJKK federal Building
300 Ala Moana Blvd
Honolulu Hawai'i  96850-6100
tom.helper@usdoj.gov

April 3, 2007 at ~~San Bernardino, California~~
and April 11, 2007 by mail.

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com