EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS A. HELPER  5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER GAHR[1], | ) | CIVIL NO. 03-00567 JMS BMK |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S FURTHER OBJECTIONS |
| | ) | TO PLAINTIFF'S EXHIBITS; |
| vs. | ) | EXIBIT "A"; CERTIFICATE OF |
| | ) | SERVICE |
| MICHAEL CHERTOFF, Secretary, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

DEFENDANT'S FURTHER OBJECTIONS TO PLAINTIFF'S EXHIBITS

Defendant Michael Chertoff hereby supplements his objections to plaintiff's exhibits.  Defendant earlier objected to all of plaintiff's proposed exhibits on the grounds that plaintiff had not disclosed them within the time limits established by the

---

[1] Because all the court has now approved a stipulation dismissing the claims of all plaintiffs other than Christopher Gahr, defendant has amended the caption to reflect that the remainder of the case concerns only Gahr's claims.

court's order.  See Defendant Michael Chertoff's Preliminary Objections to Plaintiff's Exhibits, filed April 3, 2007. Defendant now makes more specific objections to those of plaintiff's exhibits which plaintiff has sent to defendant, or which defendant can identify from plaintiff's exhibit list and which defendant already has.

Defendant has waited to file specific objections now for two reasons.  First, defendant has been waiting for plaintiff to produce all the exhibits listed on its Amended Exhibit List, sent to defendant on March 27 but never filed.  As defendant has previously informed the court, plaintiff failed to produce any of his exhibits to defendant by the March 20, 2007 deadline.  On March 27, plaintiff produced by fax Exhibits 201 through 218, 220 through 225, and 227 through 228.  By overnight mail received April 2, he produced Exhibits 219, 231 and 239 through 241.  Also on April 2, he withdrew Exhibits 242 through 246.  Plaintiff still has not produced Exhibits 229, 230 and 232.

Based on the above, defendant could not possibly have filed any specific objections by the March 27 deadline, but was awaiting full production so that he could list all his objections in a single document.  Since there is no sign that plaintiff will make full production of his exhibits anytime soon, defendant submits his specific objections now.

The second reason for defendant's delay in filing specific objections is that defense counsel has been attempting to reach plaintiff's counsel to discuss plaintiff's intent in introducing many of the exhibits on his list. If plaintiff seeks to introduce the documents as substantive exhibits, detailed objections are necessary. If, on the other hand, plaintiff seeks to have the documents authenticated for use in impeachment, refreshing recollection, or other purposes short of substantive evidence, in many cases defendant has no objection. For other exhibits, defense counsel sought to discuss the relevance of the document; although the relevance was not apparent to counsel, in counsel's experience discussion sometimes sheds light on the purpose of an exhibit, and eliminates the need for court intervention. Such discussion also can lead to the withdrawal of exhibits.

In order to clarify plaintiff's intent, defense counsel has been trying to reach plaintiff's counsel. As set forth in previous filings, plaintiff's counsel is routinely not available when called, and has routinely failed to return defense counsel's letters, emails and telephone messages. On the few occasions when contact is made, plaintiff's counsel is unprepared for the substantive discussions envisioned by the court's procedures.

Most recently, on April 10, defense counsel finally reached plaintiff's counsel directly. Plaintiff's counsel stated that he

was not prepared to discuss exhibits at the moment, but would email or otherwise contact defense counsel by the close of business with a proposed time for such a discussion. Plaintiff's counsel did not follow through with a proposed time or any other response.

Based on the above, it is apparent that plaintiff's counsel will not be discussing stipulations that might reduce the burden on defendant to make, and the court to rule on, specific objections. Accordingly, defendant files its supplemental objections.

## SPECIFIC OBJECTIONS

Defendant objects as follows to plaintiff's exhibits, as those exhibits are set forth on his Amended Exhibit List. Plaintiff apparently has not filed the Amended Exhibit List with the court. For the court's convenience defendant attaches the list as Exhibit "A".

Exhibits 100 through 117 are actually exhibits from defendant's original exhibit list. Defendant obviously does not object to these exhibits, but does note that plaintiff has not responded to defendant's amended exhibit list, served and filed on March 27. The amended list contained two additional exhibits.

Defendant would stipulate that Exhibits 209 through 212[2], 213, 215 and 218 are admissible.  Defendant would further stipulate that the remainder of plaintiff's exhibits are authentic except as specifically noted below.  These exhibits, however, are barred from admission by the Federal Rules of Evidence (FRE).

Exhibit 201 is plaintiff's own statement.  The document is hearsay if plaintiff intends to offer it for the truth of the matters asserted, as he apparently does.  The statement is not hearsay to the extent defendant chooses to use it, pursuant to FRE 801(d)(2).

Exhibits 202 through 208, 214, 216 and 217 are statements of former TSA employees about events, conditions, rumors and speculations at TSA.  The documents are hearsay in their entirety, not within any exception under FRE 803 or 804.  Accordingly, they should be excluded from evidence.  Plaintiff may be able to use the documents to refresh the recollection of a witness who testifies or for impeachment of such a witness, but not as a substitute for testimony.

Exhibit 219 is a DVD of a short news segment about Gahr's complaints that TSA fired him for organizing a union and then

---

[2] These are statements by plaintiff's supervisors, who made decisions regarding plaintiff's termination.  They are admissible under FRE 801(d)(2).

failed to pay him.  The DVD is hearsay not within any exception as to Gahr, though defendant may use it under FRE 801(d)(2).

Exhibits 220 through 225 apparently concern plaintiff's claim that he was not paid after his termination in October 2002, even though (he claims) some TSA records still listed him as an employee into 2003.  As set forth in defendant's Trial Brief, these claims were never raised either in the administrative processing of plaintiff's EEO complaints or in his complaint filed in this court, nor does plaintiff now identify a waiver of sovereign immunity that would allow such claims to be heard in federal district court under any circumstances.  Accordingly, the documents are irrelevant.  Defendant does not stipulate to the authenticity of these exhibits.

Plaintiff's Amended Exhibit List does not contain an entry for Exhibit 226.

Exhibit 227 purports to be a letter of termination for an employee in Ontario, California, who seems to have been terminated for soliciting a pen from a passenger.  The document is of no discernible relevance to this litigation, since it involves an entirely different set of decision-makers than were involved in plaintiff's termination.  Defendant does not stipulate to the authenticity of this exhibit.

Exhibit 228 contains two documents regarding TSA Kahului employee Eddie Kaupe.  Defendant's objections to these documents

are set forth in his Motion <u>in Limine</u> to Exclude Evidence Regarding Personnel Decisions Other than Plaintiff's Termination.

Plaintiff has not produced Exhibit 229, which is identified on the Amended Exhibit List as "Defendant's Response to Plaintiff's Third Request for Production of Documents, #1 and #2." This refers to the following document requests:

1. Copy of termination letter/memorandum for each person identified in response to Interrogatory No. 1 of Plaintiffs' Second Request for Answers to Interrogatories being served contemporaneously herewith; and

2. Copies of all counseling letters, complaints, and any other disciplinary records concerning the persons identified in response to Interrogatory No. 1 of Plaintiffs' Second Request for Answers to Interrogatories being served contemporaneously herewith.

The Interrogatory No. 1 referred to in these two requests sought a list of "all persons terminated from TSA who were assigned to/employed at Kahului Airport at the time of termination, for the period of January 1, 2002 through December 31, 2003." On June 6, 2006 defendant produced hundreds of pages of records in response, concerning dozens of terminations and disciplinary incidents. Plaintiff apparently intends to raise all these incidents at trial. These documents are textbook examples of the problems highlighted in defendant's Motion <u>in Limine</u> to Exclude Evidence Regarding Personnel Decisions Other than Plaintiff's

Termination.  Because plaintiff has not produced these documents, defendant does not stipulate to their authenticity.

Plaintiff has not produced Exhibit 230, which he identifies as Patti Igarashi's personnel file.  The file, as produced by defendant, contains a variety of individual documents, including notifications of pay raises, training records, and routine personnel actions.  Although some of the documents may be relevant for a limited purpose, plaintiff fails to show any relevance of any particular document.  Because plaintiff has not produced these documents, defendant does not stipulate to their authenticity.

Exhibits 231 contains dozens of different documents, including EEO statements, resumes, EEO transmittal forms, pages from personnel handbooks, and documents from personnel files of former plaintiffs.  Some of the documents appear to be missing pages.  Some of the EEO statements are duplicates of other exhibits.  The documents appear to be either hearsay, irrelevant, or both.  Defendant asks that the court direct plaintiff to review Exhibit 231, determine which documents really have anything to do with the issues in dispute in this case, withdraw those which are irrelevant, separate the documents that plaintiff believes to be relevant and assign an individual number to each, and explain the purpose and evidentiary foundation for each. Defendant does not stipulate to the authenticity of the

documents, although he may so stipulate to some once plaintiff narrows the field.

Exhibits 232 through 238 are deposition transcripts. Although plaintiff has not yet produced these documents, defendant assumes their authenticity. Defendant has filed separately its objections to individual excerpts of the testimony.

Exhibit 239 through 241 are collections of miscellaneous documents, including apparent reproductions of PowerPoint slides, training materials, federal register pages, and manufacturer's materials for screening equipment. As with Exhibit 231, defendant asks that the court direct plaintiff to review Exhibits 239 through 241, determine which documents really have anything to do with the issues in dispute in this case, withdraw those which are irrelevant, separate the documents that plaintiff believes to be relevant and assign an individual number to each, and explain the purpose and evidentiary foundation for each. Defendant does not stipulate to the authenticity of the documents, although he may so stipulate to some once plaintiff narrows the field.

In addition, some of the documents in Exhibits 239 through 241 contain detailed information regarding screening methods, explosives detection, and maintenance of sensitive equipment. This information may be Sensitive Security Information (SSI) as

defined by 49 C.F.R. § 1520.5(b).  If so, the documents are protected from public disclosure and it may have been a violation of law if Gahr retained the documents following his termination.  Defense counsel has referred this issue to TSA specialists for further investigation.  To the extent any relevant document is SSI, defendant may seek a protective order to limit the use and dissemination of the document.

    DATED:  April 13, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By  /s/ Thomas A. Helper
  THOMAS A. HELPER
  Assistant U.S. Attorney

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER GAHR[1], | ) | CIVIL NO. 03-00567 JMS BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

    Served by First Class Mail:

    Moises A. Aviles                            April 13, 2007
    Aviles & Associates
    560 N. Arrowhead Ave., Suite 2A
    San Bernardino, CA  92401

    Served Electronically through CM/ECF:

    G. Todd Withy                                April 13, 2007
    Withylawcourt@aol.com, withylaw@aol.com

        Attorneys for Plaintiff
        CHRISTOPHER GAHR

DATED:  April 13, 2007, at Honolulu, Hawaii.

                                          /s/ Coleen Tasaka-Shoda
                                          _____