EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER   5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER GAHR[1], | ) | CIVIL NO. 03-00567 JMS BMK |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MEMORANDUM IN |
| | ) | OPPOSITION TO PLAINTIFF'S |
| vs. | ) | MOTION TO CONTINUE TRIAL FILED |
| | ) | APRIL 13, 2007; EXIBIT "A"; |
| MICHAEL CHERTOFF, Secretary, | ) | CERTIFICATE OF SERVICE |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO CONTINUE TRIAL FILED APRIL 13, 2007

PRELIMINARY STATEMENT

Defendant Michael Chertoff strongly opposes plaintiff's motion for another continuance of the trial date.  This court has

---

[1] Because the court has now approved a stipulation dismissing the claims of all plaintiffs other than Christopher Gahr, defendant has amended the caption to reflect that the remainder of the case concerns only Gahr's claims.

already granted one such continuance, and explicitly conditioned that grant on plaintiff counsel's assurance that he could be prepared by the instant trial date.  Moreover, plaintiff cannot establish any of the four points necessary to gain a continuance.  He has not been diligent, either before or after obtaining new counsel.  Since he neither acknowledges the court's previous continuance nor makes any attempt to explain what he has done to prepare since the last continuance, he provides no assurance that he would be any better prepared in two (or six or twelve) more months.  He does not take into account the significant inconvenience to the court, the witnesses and defendant that would result from a continuance.  Finally, he fails to establish that he would be harmed by going to trial on the scheduled date.  Accordingly, the court should deny his motion to continue.

## ARGUMENT

The procedural history of this case up to January 20, 2007 is set forth in this court's order of that date denying plaintiff's first motion to continue trial from the then-current February 13, 2007 trial date.  That order established that in the period between July 2006 to January 2007 when plaintiff Christopher Gahr was acting pro se, Gahr was not diligent in either preparing for trial or in attempting to locate a new attorney.  Plaintiff has never challenged the factual findings of the January 20, 2007 Order.

On January 25, 2007, plaintiff's current counsel, Moises Aviles, Esq., appeared specially for the first time along with local counsel G. Todd Withy.  On January 26, 2007, through a declaration lodged in support of his motion to appear <u>pro hac vice</u>, plaintiff's counsel made a second motion to continue the trial.  Counsel requested a three-month continuance of the February 13, 2007 trial date (which he erroneously identified as a March trial date).  Declaration of Moises Aviles, January 26, 2007, ¶ 9.

The court heard the second motion to continue on January 29, 2007.  The court informed the parties that April 17, 2007 was open on his calendar.  The court warned plaintiff and his counsel in strong terms that they had to be ready on that date.  Counsel explicitly confirmed that he would be ready:

> [The COURT:] If I continue thus till sometime around April 17, my warning to you [Mr. Withy] and Mr. Aviles would be that <u>this case will not be continued again, period</u>, absent a criminal trial somehow kicking it....  And so what I need from you and Mr. Aviles is an assurance for me to accept to go forward in this manner that you'll be prepared to go forward on April 17.
>
> MR. WITHY: .... I am available on that date and on that week, but I must defer to Mr. Aviles.  I will be available, I will do my best to make sure it goes, but the lead counsel in this case at the moment is Mr. Aviles; so maybe I better let him address it.
>
> MR. AVILES: Yes, Your Honor.  I'm also available.
>
> * * *

>    THE COURT: All right.  So I understand I have a commitment from you that you will be available for trial on April 17, 2007.
>
>    MR. AVILES: Yes.
>
>    THE COURT: Mr. Withy, the same from you.
>
>    MR. WITHY: I have that commitment with you, yes.
>
>    THE COURT: All right.  <u>And I can tell you this: coming in and saying we're not ready isn't going to cut it</u>.  It's not going to work.  It simply is not going to happen.
>
>    <u>So with that understanding, Mr. Aviles, are you willing to go forward</u>?
>
>    MR. AVILES: <u>Yes</u>.
>
>    THE COURT: Mr. Withy?
>
>    MR. WITHY: Yes, I am.

Transcript of Proceedings, January 26, 2007, at 7-9 (attached as Exhibit "A"; emphasis added).

   The court granted the motion to continue, and set a new trial date of April 17, 2007.  The court later continued the trial for an additional week, to April 24, 2007.

   In the weeks prior to the new trial date, plaintiff has repeatedly failed to meet the deadlines set by the court.  In particular, plaintiff has failed to transmit its proposed exhibits to defendant's counsel, and failed to communicate with defendant's counsel as required by this court's orders.  <u>See</u> Defendant's Further Objections to Plaintiff's Exhibits, filed April 13, 2007.  Plaintiff has not responded to this filing or to

defendant's previous filings pointing out plaintiff's dereliction in producing exhibits and communicating with opposing counsel.

On April 12, 2007, plaintiff filed the instant motion to continue.

ARGUMENT

Plaintiff's motion accurately recites the Ninth Circuit's four-part test for determining whether a district court has abused its broad discretion[2] with regard to a trial continuance:

> First, we consider the extent of appellant's diligence in his efforts to ready his [case] prior to the date set for hearing.  Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted.  Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses.  Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial.

United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985), amended, 764 F.2d 675 (9th Cir. 1985) (citations and quotation marks omitted).  See Danjaq (applying Flynt test in civil case).

After reciting this standard, however, plaintiff simply ignores it.  Instead, his short legal memorandum and equally short declaration of counsel simply assert that this case has a

---

[2] See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given great deference, and will not be disturbed on appeal absent clear abuse of [the court's] discretion.")

long history and that counsel has many other cases. He does not explain what he has done to prepare for trial other than the erroneous blanket assertion that "I have met all current deadlines in this case." Declaration of Counsel, ¶ 9. Remarkably, he does not even acknowledge that in January 2007 he explicitly committed to the court that he would be prepared by April 17, 2007, much less try to explain what has changed since that date to make him unable to meet that commitment.

Plaintiff has not met any of the four <u>Flynt</u> factors. The lack of diligence is not simply that of current plaintiff's counsel, but also that of plaintiff himself, dating back to July of 2006 when he parted ways with his initial attorney. Plaintiff has never established what efforts he made to find a new attorney prior to January 2007. His current counsel makes no attempt to establish now what he has done to prepare for trial since January 2006. Lead counsel's declaration does not even refer to any efforts to prepare by local counsel. Accordingly, plaintiff has not been diligent.

Plaintiff cannot meet the second <u>Flynt</u> factor because he gives no assurance that a further continuance would do any good. He does not assure that his pressing load of other cases will diminish or that his resources will increase. Plaintiff's failure to acknowledge that the court has already granted one continuance and that counsel affirmed that he would be prepared

for trial on the current trial date is particular cause for a lack of confidence in any assurance that next time plaintiff's counsel really would be prepared.

 Plaintiff cannot meet the third factor because he fails to address the impact on defendant and the court.  Defendant has already rescheduled its witnesses once, and moreover has suffered significant prejudice (set forth in defendant's filings regarding plaintiff's exhibits) from plaintiff's failure to obey the court's schedule.  Defendant's witnesses reside on Maui or the mainland.  Some are government officials responsible for supervising scores or hundreds of other employees.  Most of them are intimately involved in providing airline security to the flying public.  Requiring these witnesses, as well as government counsel and legal staff (for both the Departments of Justice and Homeland Security), to clear their schedules for another two-week period for a new trial date, would cause substantial prejudice to the government.  A continuance would also cause prejudice to the interests of the court and the pubic in efficient use of resources and in maintaining a predicable, reliable calendar.

 Plaintiff cannot meet the final _Flynt_ factor either.  As with the second factor above, plaintiff's inability to provide any reliable assurance that another continuance would result in plaintiff actually being prepared for trial means that he also

cannot establish that another continuance would eliminate prejudice toward plaintiff.

## CONCLUSION

For the foregoing reasons, the court should deny plaintiff's motion to continue.

DATED:  April 16, 2007, at Honolulu, Hawaii.

                                      EDWARD H. KUBO, JR.
                                      United States Attorney
                                      District of Hawaii

                                         /s/ Thomas A. Helper
By_____
   THOMAS A. HELPER
   Assistant U.S. Attorney

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER GAHR[1], | ) | CIVIL NO. 03-00567 JMS BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First Class Mail:

Moises A. Aviles                                April 16, 2007
Aviles & Associates
560 N. Arrowhead Ave., Suite 2A
San Bernardino, CA  92401

Served Electronically through CM/ECF:

G. Todd Withy                                   April 16, 2007
Withylawcourt@aol.com, withylaw@aol.com

Attorneys for Plaintiff
CHRISTOPHER GAHR

DATED: April 16, 2007, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda