# EXHIBIT "A"

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF HAWAII

 3                                      )
    CHRISTOPHER GAHR,                   )  CV 03-00567 JMS-BMK
 4                                      )
              Plaintiff,                )  Honolulu, Hawaii
 5       vs.                            )  January 26, 2007
                                        )  3:30 P.M.
 6  SECRETARY DEPARTMENT OF             )
    HOMELAND SECURITY,                  )  Plaintiff's Motion for
 7                                      )  Pro Hac Vice
              Defendant.                )
 8  _____)

 9                      TRANSCRIPT OF PROCEEDINGS
10          BEFORE THE HONORABLE J. MICHAEL SEABRIGHT
                   UNITED STATES DISTRICT JUDGE
11  APPEARANCES:

12  For the Plaintiff:        G. TODD WITHY
                              888 Mililani St., Ste. 700
13                            Honolulu, HI 96813

14                            MOISES A. AVILES
                              Aviles & Associates
15                            560 N. Arrowhead Ave., Ste. 2A
                              San Bernardino, CA 92401
16
    For the Defendant:        THOMAS A. HELPER
17                            Off. of the United States Attorney
                              Prince Kuhio Federal Building
18                            300 Ala Moana Blvd., Ste. 6100
                              Honolulu, HI 96850
19
    Official Court Reporter:  Debra Kekuna Chun, RPR, CRR
20                            United States District Court
                              300 Ala Moana Blvd. Ste. C285
21                            Honolulu, HI 96850
                              (808) 534-0667
22

23

24
    Proceedings recorded by machine shorthand, transcript produced
25  with computer-aided transcription (CAT).
```

**EXHIBIT "A"**

```
1    FRIDAY, JANUARY 26, 2007              3:35 O'CLOCK P.M.
2              THE CLERK:  Civil Number 03-00567 JMS, Christopher
3    Gahr versus Secretary Department of Homeland Security.  This
4    case is called for hearing on Plaintiff's Motion for Pro Hac
5    Vice.
6              May we have appearances, please.
7              MR. WITHY:  G. Todd Withy for the plaintiff Mr. Gahr,
8    and I am asking to have Mr. Aviles enter his pro hac vice.  Mr.
9    Aviles is on the telephone, I believe.
10             THE COURT:  All right.  Can you hear us, Mr. Aviles?
11             MR. AVILES:  Yes, I can, Your Honor.
12             THE COURT:  Mr. Gahr, are you there?
13             THE PLAINTIFF:  Yes, I am, sir.
14             THE COURT:  And you can hear us okay?
15             THE PLAINTIFF:  Yes.  That is correct.
16             THE COURT:  If either one of you speak, please use
17   your name first so we know who's speaking.
18             MR. HELPER:  Good afternoon, Your Honor.  Thomas A.
19   Helper on behalf of the defendant.
20             THE COURT:  Okay.  Well, I have received the motion
21   for appearance pro hac vice.  It appears that the technical
22   requirements are satisfied, which I think none of us thought
23   would be an issue.
24             And looking at the affidavit Mr. Aviles provided, he
25   is asking for a continuance of the trial, based on other trials
```

```
 1   he has set March 6th, March 9th, and March 19th.  And, Mr.
 2   Aviles, do you have anything to add to what's in your pleading?
 3           MR. AVILES:  Yes, Your Honor.  The only thing I would
 4   like to emphasize is that, if the court is willing to continue
 5   the trial date, then possibly reset dates that are in the
 6   amended pretrial order that I don't have, and my client was
 7   never served with that.  I don't want to be part of this
 8   because I think it will hinder my ability to competently
 9   represent Mr. Gahr.
10           THE COURT:  All right.  Anything else?
11           Anything else, Mr. Aviles?
12           MR. AVILES:  No, Your Honor.
13           MR. WITHY:  I would like to comment.  I haven't yet
14   seen the -- any kind of amended scheduling order either.  We
15   looked at the -- we're part of the PACER system.  We looked on
16   that.  There is no certificate of service nor entry of an
17   order.  I did ask Mr. Helper if there was one.  He says there
18   is.  The ones before that were clearly orders and were served;
19   so I haven't seen that either.  And Mr. Aviles hasn't either
20   because I haven't.  So we haven't seen the scheduling order
21   that would apply to these dates.  There were two before.  It
22   was continued twice before for Mr. Green because of his
23   commitments.
24           THE COURT:  Well, there are minutes reflected that
25   have the dates that are -- if you look carefully on CM-ECF,
```

1    you'll find it.

2            Mr. Helper.

3            MR. HELPER: Your Honor, at the appropriate time I'd

4    certainly like to oppose the motion to continue. As the court

5    said, I don't see a grounds for opposing the motion pro hac

6    vice.

7            THE COURT: Yes. I think we're beyond the pro hac

8    vice itself.

9            MR. HELPER: Your Honor, back when Mr. Gahr filed a

10   motion in front of Magistrate Kurren to continue this matter, I

11   filed a memorandum that set forth the four factors that the

12   court looks at to determine whether or not a continuance should

13   be granted. And I just received the three -- request for a

14   three-month continuance half an hour ago; so I don't -- the

15   legal portion of that memo I'd like to simply incorporate by

16   reference into my argument here and then just to sort of track

17   the factors that are set forth.

18           The first factor is the plaintiff's diligence. Judge

19   Kurren has specifically found, I think, that Mr. Gahr was not

20   diligent and has not been diligent. I think that lack of

21   diligence continues on through today with his failure to keep

22   abreast of court deadlines, failure to file things. So I would

23   simply look at Judge Kurren's order plus the court's own

24   records over the past couple of weeks for the lack of

25   diligence. I think that weights strongly against a

1  continuance.
2  　　　　　The second factor is the prejudice to the other
3  party.  A three-month continuance here would be a substantial
4  prejudice.  I think I want to put on the record what my
5  understanding is of the court's scheduling system is.  As I
6  understand it --
7  　　　　　THE COURT:  Let me tell you one thing that sort of is
8  weighing on my mind a little bit here.  There appears to be a
9  criminal case which is set and firm for the same date we're
10 supposed to start this case right now.
11 　　　　　MR. HELPER:  That was part of the -- for February 13.
12 　　　　　THE COURT:  Yes.  Yeah.
13 　　　　　MR. HELPER:  Well --
14 　　　　　THE COURT:  As you know, the Speedy Trial Act --
15 　　　　　MR. HELPER:  Well, that's exactly what I was -- I'm
16 sorry, Your Honor.
17 　　　　　THE COURT:  No, I was going to say sort of
18 essentially through its operation tends to discriminate against
19 civil cases on a constant basis in the sense of we have no
20 choice but to get to the criminal cases first because of the
21 Speedy Trial Act.  And there's another case I believe the week
22 or maybe it's two weeks after that that we've been told
23 likewise.  Is that right, Miss Miwa?  Is it two weeks after?
24 　　　　　THE CLERK:  Yes.
25 　　　　　THE COURT:  Is going to go.  Now, those things change

1   on occasion, but from the representations of counsel it sounds
2   like those are as firm as these criminal cases get and have
3   gone through the pretrial conference stage, which is a fairly
4   good reflection they're serious about going to trial.
5           MR. HELPER:  Well, Your Honor, that's certainly new
6   information, and that's exactly the information that I was
7   going to say for a setting three months down the road that's
8   exactly the prejudice the government would suffer.  My
9   understanding the February 13th date was, in fact, a firm one,
10  but, if it's not, then that does alter the analysis.
11          THE COURT:  Well, unfortunately, there is no such
12  thing as a firm civil trial date.  What I'm considering doing,
13  Mr. Helper, is moving this to mid April, third week in April,
14  and then working with my criminal calendar as diligently as I
15  can -- and I promise this to both sides -- as diligently as I
16  can to make this as firm as possible.
17          MR. HELPER:  I do already have a trial set for
18  April 24th in front of Judge Kay.
19          THE COURT:  I think this should take priority.
20          MR. HELPER:  Okay.
21          THE COURT:  And I can talk to Judge Kay.  And he may
22  not be happy about it, but I was thinking of doing this one
23  maybe the week before that.
24          MR. HELPER:  The week of the 17th.
25          THE COURT:  Right.

```
1           MR. HELPER:  Your Honor, I think I still would object
2   for the record for a continuance based on -- a two-week
3   continuance on the grounds that I think it does prejudice --
4   there is still a chance we can hold on to the February 13th
5   date if the criminal case hasn't or three weeks out here and
6   they do go away as the court does sometimes.
7           THE COURT:  But I think what I might do if I were to
8   deny this pro hac, I think I might tell you you have to trail,
9   and that's not a good result for you also because you have
10  out-of-town witnesses.  I mean there is no easy way here
11  because of these trials I have set to get this case going on
12  the 13th, it seems to me.
13          MR. HELPER:  Your Honor, if -- one way around that is
14  my out-of-town witnesses could pretty easily appear by video
15  conference.  There's only two or three of them.  I think their
16  testimony is relatively short.  If that was granted, then I
17  don't think trailing would, in fact, be a problem for the
18  defendant.  But, Your Honor, I think other than that I would
19  simply rest on the brief that I filed with Judge Kurren on this
20  matter.
21          THE COURT:  All right.  Thank you.
22          All right.  Mr. Withy, let me ask you and Mr. Aviles
23  a couple questions.  If I continue this till sometime around
24  April 17th, my warning to you and Mr. Aviles would be that this
25  case will not be continued again, period, absent a criminal
```

```
 1    trial somehow kicking it.  But, like I said, I would make every
 2    effort and I would trail any criminal case that I would have to
 3    do in any event.
 4              And so what I need from you and Mr. Aviles is an
 5    assurance for me to accept to go forward in this manner that
 6    you'll be prepared to go forward on April 17th.
 7              MR. WITHY:  I am Mr. Withy.  I am available on that
 8    date and on that week, but I must defer to Mr. Aviles.  I will
 9    be available, I will do my best to make sure it goes, but the
10    the lead counsel in this case at this moment is Mr. Aviles; so
11    maybe I better let him address it.
12              MR. AVILES:  Yes, Your Honor.  I'm also available.  I
13    just have a concern with meeting the pretrial scheduling dates.
14              THE COURT:  Now, Mr. Aviles, if I grant your motion,
15    you'd go back to Judge Kurren, and we'd reset those dates.
16              MR. AVILES:  Okay.  That's fine, then.
17              MR. HELPER:  And, Your Honor, it's my understanding
18    this would be the pretrial dates only, not reopening discovery,
19    not reopening motions, any of that.  Correct?
20              THE COURT:  If I grant this motion, Mr. Helper --
21    which I'm inclined to do, you probably can tell -- what I would
22    do is vacate the trial date and all pretrial dates associated
23    with the trial date.  I would not open up for motions.  I would
24    not open up for further discovery, unless the parties jointly
25    agree to it somehow or you file a motion in the normal course
```

```
 1   as you would.  But all of the dates that have passed already,
 2   other than those associated with the trial date, such as
 3   motions in limine, jury instructions, and so forth, all of
 4   those other dates would be cut off.
 5            MR. HELPER:  Thank you, Your Honor.
 6            MR. AVILES:  I'm in accordance with that.
 7            THE COURT:  We cannot hear you, Mr. Aviles.
 8            MR. AVILES:  Yes.  I submit to that -- I agree to
 9   that.
10            THE COURT:  All right.  So I understand I have a
11   commitment from you that you will be available for trial on
12   April 17, 2007.
13            MR. AVILES:  Yes.
14            THE COURT:  Mr. Withy, the same from you.
15            MR. WITHY:  I have that commitment with you, yes.
16            THE COURT:  All right.  And I can tell you this:
17   coming in and saying we're not ready isn't going to cut it.
18   It's not going to work.  It simply is not going to happen.
19            So with that understanding, Mr. Aviles, are you
20   willing to go forward?
21            MR. AVILES:  Yes.
22            THE COURT:  Mr. Withy.
23            MR. WITHY:  Yes, I am.
24            THE COURT:  All right.
25            MR. WITHY:  Could I ask just to conform.  There was a
```

1    date of February 8th for, I think, motions in limine and your
2    motion to dismiss. I won't be in town on February 8th, but is
3    that -- I hope that's going to be taken off calendar, too;
4    right? I mean motion in limine, just put the hearing back.
5           THE COURT: No, no. Yeah, we have a pretrial
6    conference before me set, which includes motions in limine, for
7    the 8th. That will be vacated as well.
8           MR. WITHY: That will be. Okay. Just reset it. I'm
9    just not going to be here that day. Otherwise, I'm fine with
10   everything you've said also.
11          THE COURT: And I don't mean to suggest that, if
12   someone wants to do further discovery, that I'm going to be at
13   all open to allowing that at this stage. I mean in my event
14   this is about Mr. Gahr making a decision late, very late, to
15   bring counsel into the picture.
16          I don't have any question, Mr. Helper, that you're
17   right under the standards that apply here that I have all the
18   discretion in the world to deny this motion. I don't think
19   there's any question about that. But I'm also looking at the
20   fact that my calendar is very iffy right now in February, I'm
21   looking at the fact of the prejudice to Mr. Gahr, even though
22   he was not diligent, and I'm also looking at the fact that I
23   think we'd have a much smoother trial with counsel. So
24   weighing all of those considerations, reluctantly -- extremely
25   reluctantly -- I'm going to grant the motion and vacate all --

```
 1   the trial date, the pretrial conference before me, and all the
 2   dates associated.  So I wanted to go through this and make sure
 3   we're on the same page as to what those dates are so there's no
 4   question here.  All right.  And I will go through it, and I'm
 5   going off of the minutes from the conference.
 6            The trial date is vacated.  Final pretrial
 7   statements, Mr. Helper, you don't need to file another one, if
 8   you don't want to.
 9            MR. HELPER:  Your Honor, I think if there's new
10   deadlines set, I may look at what happens between now and then.
11   Things may change.
12            THE COURT:  I'm vacating the final pretrial statement
13   date as well.  And if you wish to just incorporate something
14   you previously filed, Mr. Helper, just file something saying
15   that so I know that's what you're doing.
16            Motions in limine date is vacated along with the
17   opposition to the motions.  Discovery deadline has passed and
18   will not be reopened.  The submission of voir dire, special
19   verdict form, and concise statement of the case along with jury
20   instructions, that date is vacated.
21            Now, Mr. Withy, let me tell you one problem I've had
22   as a judge with attorneys from the mainland who come in, and
23   that is local attorneys who don't really do what they're
24   supposed to do under the local rule and just sit back and do
25   nothing, and then the attorneys understandably sometimes don't
```

```
 1   know what they have to do under the local rules.  I want to
 2   make sure you get a copy of the local rules to Mr. Aviles.  A
 3   good example is the requirements to meet and confer on jury
 4   instructions.  I expect that sort of thing to be done.  I don't
 5   expect anything but full compliance.
 6            The final witness lists, that is vacated.  The
 7   exchanging of exhibits and demonstrative aids, that is vacated.
 8   Any stipulations for trial, vacated.  Filing objections to
 9   exhibits, that date is vacated.  The date to file excerpts,
10   designations, or depositions and the counterdesignations, those
11   dates are vacated.  And any other dates that are not -- I did
12   not mention are closed.  In other words, expert witnesses,
13   anything of that sort, that should have already been produced
14   among the parties and that has already been closed is closed
15   and will not be reopened.  Of course, if any party thinks it
16   should be for some reason, they can file a motion.
17            All right.  Now, Mr. Withy, you need to actually
18   enter an appearance first, I think.  Is that right?  Before I
19   can even sign off on the pro hac, it seems to me, because you
20   haven't made an appearance.
21            MR. WITHY:  I hereby enter an appearance as counsel
22   for plaintiff Christopher Gahr.
23            THE COURT:  All right.  I will accept that orally but
24   file a short --
25            MR. WITHY:  I have an order attached to our -- to my
```

```
 1   motion --
 2              THE COURT:  Does that include you as well?
 3              MR. WITHY:  -- if that would be appropriate.  If it's
 4   not sufficient, then I'll redo it.  Do you want a separate
 5   order on the items you just enumerated, or you want to put on
 6   order on that.
 7              THE COURT:  No, the order admitting him is fine.
 8   It's just it's based on you being part of the case, and you
 9   haven't made an appearance yet.
10              MR. WITHY:  Okay.
11              THE COURT:  And I don't know technically to be honest
12   with you if you need to make an appearance.  Miss Miwa, do you
13   know?
14              THE CLERK:  I think he needs to, Your Honor.
15              THE COURT:  In writing.
16              MR. WITHY:  I'll file a notice of appearance and file
17   it and serve it.
18              THE COURT:  Right.  But I will accept it orally such
19   that I can sign off on the pro hac -- the order granting pro
20   hac.
21              MR. WITHY:  Do you want to set a date with Magistrate
22   Kurren, or should I call his chambers perhaps?
23              THE CLERK:  For --
24              MR. WITHY:  Well, we need new pretrial dates.
25              THE CLERK:  Call Richlyn.
```

```
 1              THE COURT:  Yeah, so please call -- find out from Mr.
 2   Helper dates that are convenient to everybody and get those
 3   dates so you can get a new final pretrial conference.
 4              All right.  Anything else?
 5              MR. HELPER:  Your Honor, the case that I have with
 6   Judge Kay in April is McKillip, and we also have a summary
 7   judgment hearing in February on that.  It may actually make
 8   sense to push McKillip back given summary judgment motion.  The
 9   hearing may change the lay of the land.
10              THE COURT:  How old is that case?
11              MR. HELPER:  Couple years I would guess.  I couldn't
12   really tell you, but I don't think it's as old as this one.
13              THE COURT:  All right.  Well, I will let Judge Kay
14   know what I've done.  And if I find out that he's extremely
15   unhappy for some reason, then we'll get back together and
16   discuss it further.  All right?
17              MR. HELPER:  Thank you, Your Honor.
18              THE COURT:  All right.  Anything further?
19              MR. WITHY:  No, Your Honor.
20              MR. AVILES:  No, Your Honor.
21              THE COURT:  All right.  We're in recess.
22         (Court recessed at 3:55 P.M.)
23
24
25
```

```
 1              COURT REPORTER'S CERTIFICATE
 2         I, Debra Kekuna Chun, Official Court Reporter, United
 3   States District Court, District of Hawaii, do hereby certify
 4   that the foregoing is a correct transcript from the record of
 5   proceedings in the above-entitled matter.
 6         DATED at Honolulu, Hawaii, April 14, 2007.
 7
 8                                  /s/ Debra Chun
 9                                  DEBRA KEKUNA CHUN
10                                  RPR, CRR
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```