G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Attorneys for Plaintiff
CHRISTOPHER GAHR

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 6 2007

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT,

## DISTRICT OF HAWAI'I.

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, TOM YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | CIVIL NO. 03-00567-JM:BMK<br><br>MEMORANDUM OF POINTS AND AUTHORITIES RE ITEMS COVERED BY ORDER, DATED APRIL 11, 2007.<br><br>Pre-Trial Conference: Apr. 19, 2007.<br>Trial Date: Apr. 24, 2007.<br>Judge: The Hon. J. Michael Seabright |

### I. INTRODUCTION.

On April 11, 2007, the Court made an Order requiring Plaintiff to submit written proffers as to the witnesses and evidence regarding personnel decisions. Plaintiff is not disputing the Order. However, Plaintiff was invited to discuss the

Brief re Apr. 11, 2007 -Bruno v. Chertoff - 1

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

cases of *Heyne v. Caruso,* 69 F.3d 1475 (9th Cir. 1995), and *Beachy v. Boise Cascade Corp.,* 191 F.3d 1010 (9th Cir. 1999), and is submitting a Brief in support of its case.

## II. PLAINTIFF'S PROFFER WOULD OUTLINE AND SHOW TESTIMONY THAT OTHER PERSONS WERE DISCRIMINATED AGAINST, THAT NON-CAUCASIANS WERE GIVEN FAVORABLE TREATMENT, AND SHOW THAT IN THE EXHIBITS THERE IS SOME EVIDENCE OF DISCRIMINATION.

Plaintiff is required to prove evidence of *prima facie* evidence of discrimination, and also, after the Government presents evidence of a non-discriminatory reason(s) why termination of Plaintiff was allegedly proper, evidence of reasons why the termination of Plaintiff was pretextual. If the Government's Motion in Limine to exclude evidence of personnel decisions other than Plaintiff's termination was granted, Plaintiff would have been barred from essentially presenting his case.

Since 1995, the Ninth Circuit, in lieu of absolutely overturning a defense verdict, has stated that evidence of other people's harassment should be reviewed through an offer of proof before rejecting the evidence or testimony. The case of *Heyne v. Caruso,* 69 F.3d 1475, 1481 (9th Cir. 1995), explains that:

> "We find that the district court erred by excluding evidence of Caruso's harassment of other female employees. The district court's evidentiary ruling excluding such testimony significantly hampered Heyne in her efforts to challenge Caruso's asserted motive. See Mullen, 853 F.2d at 1133; see also Estes, 856 F.2d at 1103 (stating that the trial court's exclusion of the employer's general treatment of Blacks was especially damaging in a race discrimination claim 'in

Brief re Apr. 11, 2007 -Bruno v. Chertoff - 2

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of its own motives.') Heyne should have been permitted to introduce evidence of Caruso's sexual harassment of other employees in order to rebut Caruso's proffered reason for terminating her.

"Caruso next argues that Heyne cannot offer the testimony of other employees in evidence because she failed to make an offer of proof at trial regarding the substance and purpose of the testimony. Normally, counsel must make an offer of proof to show the substance of the proffered evidence and to demonstrate the purpose for which the evidence is introduced. See Pau, 928 F.2d at 887. A proper offer of proof informs the trial court of what counsel expects to prove by the excluded evidence and preserves the record so that an appellate court can review the trial court's decision for reversible error. See Jack B. Weinstein, 1 *Weinstein's Evidence* Par. 103[03], at 103-50 (1994).

"The lack of an offer of proof, however, is excused where 'an entire class of evidence has been in advance formally declared inadmissible by the trial court during preliminary argument or colloquy, for the court's ruling relates forward to all possible offers of such evidence and renders them needless.' *Garner v. Santoro*, 865 F.2d 629, 636 (5th Cir. 1989) (quoting John H. Wigmore, 1 *Wigmore on Evidence* § 17, at 766 (Tillers rev. 1983)('Wigmore')(footnote omitted)). In *Garner*, the Fifth Circuit excused the appellant's failure to make an offer of proof regarding a government contractor defense because, prior to trial, the district court had prohibited the defendant from making that defense. *Garner*, 865 F.2d at 636-37."

///

Brief re Apr. 11, 2007 - Bruno v. Chertoff - 3

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Here, evidence of prior workplace conduct is considered highly probative and relevant in determining whether an employer engaged in unlawful discrimination.

> "As a general rule, evidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible to establish whether a defendant's employment action against an employee was motivated by invidious discrimination." Becker v. ARCO Chem. Co., 207 F.3d 176, 194 n. 8 (3rd Cir. 2000); See also Burks v. Oklahoma Pub. Co., 81 F.3d 975, 981 (10th Cir. 1996).

The Ninth Circuit has emphasized that the probative value of evidence that a defendant also treated similarly situated employees unlawfully is "'especially high' because of the inherent difficulty in proving state of mind." Heyne v. Caruso, 69 F.3d 1475, 1480 (9th Cir. 1995).

It can be well established that all the evidence that Plaintiff would present contributes to the inference of unlawful discrimination, and should therefore be considered in its totality. Furthermore, evidence of the Government's general attitude towards Whites is probative of the Government's motive and intent and therefore relevant and admissible to prove Plaintiff's claims of race and age discrimination. **Heyne v. Caruso, 69 F.3d 1475 (9th Cir. 1995).** Finally, pursuant to **Accardi v. Superior Court, (1993) 17 Cal.App.4th 341, 349-351,** and the continuing violation doctrine:

> "'a systematic policy of discrimination is actionable even if some or all of the events evidencing its inception occurred prior to the limitations period... [A]discrimination analysis must concentrate not on individual incidents, but on the overall scenario.' The trier of fact

Brief re Apr. 11, 2007 -Bruno v. Chertoff - 4

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Apr 16 07 02:06p    MOISES A. AVILES    (909) 383-9550    p.4

must determine [discrimination] in light of "the record as a whole" and the totality of the circumstances.'"

Therefore, all of the following evidence contributes to the inference of race and age discrimination and must be considered in its totality.

The Government's Motion in Limine should be denied, or in the alternative, Plaintiff should be entitled to make its proffer as to the related witnesses and evidence he would present; otherwise, the Judgment would be overturned on Appeal, because the highly probative evidence would be excluded.

Plaintiff would seek the testimony of Lucas Bruno III, Thomas Young, and Charles Turner, because Plaintiff's termination was not an isolated event, and goes to motive and intent to terminate all White Mainlanders.

Plaintiff would also seek the testimony of those incidents where non-whites were given favorable treatment showing that the reasons for terminating Plaintiff was false. In other words, they were not terminated for the same reasons Plaintiff, Bruno, Young, and Turner were terminated, and in one case, a convicted felon was hired by Plaintiff's Superiors. Exhibits of similar testimony would also be given.

The case of *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010 (9th Cir. 1999), only limits the use of written proffers only in cases of discrimination. The plaintiff in *Beachy* sought relief because she was denied time to tend to seek medical treatment, not because of an actual disability. *Beachy* would not be relevant to this case, because Plaintiff would prove that he was fired for his race and age, and that the reasons for termination was pretexual.

///

///

Brief re Apr. 11, 2007 - Bruno v. Chertoff - 5

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## II. CONCLUSION.

Plaintiff requests that the Government's Motion in Limine to exclude evidence of personnel decisions other than Plaintiff's termination be denied, or in the alternative, that the Proffer be approved as to each witness or exhibit introduced.

Dated this 16th day of April, 2007

By: _____
G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

Dated this 16th day of April, 2007

By: _____
MOISES A. AVILES
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Brief re Apr. 11, 2007 -Bruno v. Chertoff - 6

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## CERTIFICATE OF SERVICE.

I HEREBY CERTIFY that, on the date and by method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served by First Class Mail, E-mail, and Fax</u>

Thomas A Helper 5676
Assistant U. S. Attorney
Room 6-100 PJKK federal Building
300 Ala Moana Blvd
Honolulu Hawai'i 96850-6100
FAX: (909) 541-3752
tom.helper@usdoj.gov

April 16, 2007 at San Bernardino, California

_[signature]_

Brief re Apr. 11, 2007 -Bruno v. Chertoff - 7

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com