EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER   5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER GAHR[1], ) | CIVIL NO. 03-00567 JMS BMK |
| ) | |
| Plaintiff, ) | DEFENDANT'S REPLY TO |
| ) | PLAINTIFF'S PROFFER OF |
| vs. ) | EVIDENCE REGARDING PERSONNEL |
| ) | DECISIONS OTHER THAN |
| MICHAEL CHERTOFF, Secretary, ) | PLAINTIFF'S TERMINATION; |
| DEPARTMENT OF HOMELAND ) | CERTIFICATE OF SERVICE |
| SECURITY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

DEFENDANT'S REPLY TO PLAINTIFF'S PROFFER OF EVIDENCE
REGARDING PERSONNEL DECISIONS
OTHER THAN PLAINTIFF'S TERMINATION

Pursuant to this court's Order Requiring Written Proffer

From Plaintiff as to Defendant's Motion In Limine to Exclude

Evidence Regarding Personnel Decisions Other Than Plaintiff's

---

[1] Because the court has now approved a stipulation dismissing the claims of all plaintiffs other than Christopher Gahr, defendant has amended the caption to reflect that the remainder of the case concerns only Gahr's claims.

Termination, filed April 11, 2007, defendant hereby responds to plaintiff's proffer of evidence. Defendant waives objection to some of the proffered evidence, and maintains objections to other portions, as set forth below.

At the outset, plaintiff appears to have missed the point of defendant's motion requesting, and the court order's requiring, specifics about plaintiff's proposed evidence. Plaintiff fails to clearly describe the evidence he intends to introduce, as opposed to the argument he intends to make. He fails to lay a proper foundation to show that the witnesses have personal knowledge of the matters asserted. He proffers evidence that defendant has never objected to, such as testimony about the circumstances of Gahr's termination or about racial statements allegedly made by managers involved in Gahr's termination. Most importantly, plaintiff offers vague and conclusory allegations instead of the specifics required by the court. Only a few matters does he establish the necessary prerequisites to admissibility.

MATTERS ON WHICH PLAINTIFF'S PROFFER IS ADEQUATE

Plaintiff has made an adequate proffer only as to the following matters:

1. The termination of Caucasian screening manager Tom Young, compared to the non-termination of non-Caucasian screening manager Patti Igarashi.

      2.      The termination of screening supervisor Charles Turner, compared to the non-termination of non-Caucasian screener Shelley Ann Hee.

      3.      The belated termination of non-Caucasian screening supervisor Eddie Kaupe, apparently in comparison to the termination of plaintiff himself.

Plaintiff should be barred from inquiring into any personnel decisions other than these.

MATTERS ON WHICH PLAINTIFF'S PROFFER IS INADEQUATE

I.    WITNESSES.

Plaintiff proffers testimony from 10 witnesses. The proffered testimony of each is discussed below.

1. Tom Young. Young is certainly competent to testify about his own background, work performance, and the circumstances surrounding his termination (mainly for failing to show up to work). He is not competent to compare his performance to that of others. Plaintiff can call the decision-makers on Young's termination, Lowrey Leong and Howard Tagamori, and use the deposition testimony of deceased decision-maker Filbert Carvalho, to compare the stated reasons for Young's termination with the circumstances of the allegedly comparative employee specified in plaintiff's proffer: Patti Igarashi on the consequences to her of switching shifts without authorization and of being late for work.

Plaintiff also will apparently attempt to argue that Patrick Collins' write-ups of his criticisms of plaintiff were destroyed in October 2002, then rewritten later. Proffer at 3-4. Plaintiff apparently will use write-ups regarding on Young done by other employees (not named as witnesses) whose original statements were lost. The employees rewrote the statements a year later after Young filed his EEO complaint. The rewritten statements clearly indicated that they were rewrites, and were dated with the date of the rewrite, not the date of the original statement. As long as plaintiff restricts his inquiry to witnesses with personal knowledge of the write-ups (a group which does not include Young), defendant does not object to this rather strained line of questioning.

2. Lucas Bruno. Bruno was a Caucasian screener terminated, after retraining and repeated counselings by at lest four different managers, for being unable to master the basics of wanding. Plaintiff makes no attempt to proffer any specific evidence about Bruno or to compare his firing to that of a similarly situated non-Caucasian employee. The circumstances of Bruno's own termination are irrelevant, since he was a screener fired for incompetence, not (like plaintiff) a screening supervisor fired for insubordination.

Lisabeth Masuda's claim that Patti Igarashi ordered her on explicitly racial grounds to write up white employees is clearly

4

admissible, although that claim is unlikely to withstand cross-examination.

    3. Charles Turner. Turner was a Caucasian supervisory screener terminated for sexual harassment of three female subordinates. Plaintiff will attempt to show that he was treated differently than a non-Caucasian screener, Kiki Hee, who made profane comments. Plaintiff's proffer on this point is adequate.

    4. Liz Masuda. The proffered testimony is admissible as direct evidence of discriminatory intent. See above.

    5. Theresa Greenisen. The proffered testimony from Greenisen concerns Gahr directly, not another personnel action, so no proffer is necessary.

    6. Karin Phaneuf. Phaneuf's proffered testimony on the condition and use of checkpoint radios concerns Gahr's termination directly, so no proffer is necessary. The partial sentence on Eddie Kaupe (not Kaupie as the proffer has it) is an adequate proffer on the point that he had a criminal record. The remainder of the proffer is vague and conclusory, and utterly lacking in a foundation in personal knowledge. Plaintiff's proffer does not identify a single Caucasian employee who was improperly placed in a non-supervisory position, or a non-Caucasian improperly made a supervisor. The proffer does not assert that any TSA manager told Phaneuf of the reason for any particular decision, and she cannot possibly have personal

knowledge of the state of mind of those managers. Thus she cannot testify as to why TSA took certain actions. Nor can she testify that any particular action was taken, because plaintiff's proffer of her testimony simply does not give the specifics required by this court's order.

    7. Deborah Pike. The testimony regarding the radios is direct evidence, so no proffer is necessary. The proffer of testimony on Eddie Kaupe is adequate, as with Phaneuf. The remainder of the proffer suffers from the same fatal defects as that of proffer on Phaneuf.

    8. Mike Ferrill (not Ferrel as listed in the proffer). The assertion regarding Ferrill's testimony concerns direct evidence of discriminatory intent by a decision-maker, so no proffer is necessary.

    9. Heather Boyum. The testimony regarding the radios is direct evidence, so no proffer is necessary. The testimony regarding Filbert Carvalho's alleged statement to her is direct evidence of discriminatory intent by a decision-maker, so no proffer is necessary. The remainder of the proffer suffers from the same fatal defects as the proffer on Phaneuf.

    10. Justin Thomas. The testimony regarding the radios is direct evidence, so no proffer is necessary. The remainder of the proffer suffers from the same fatal defects as that of Phaneuf.

II.  EXHIBITS

Defendant has previously set forth its objections to plaintiff's exhibits.  In addition to those objections, plaintiff utterly fails to tie the exhibits proffered here to any particular personnel action.  The proffer on Exhibits 229, 231 and 232 is particularly inadequate, given the fact that there are scores of different documents, reflecting a similar number of personnel decisions, in these exhibits.

Exhibits 233 through 238 are deposition transcripts. Defendant objected to specific excerpts designated by plaintiff on a variety of grounds, including objections based on the motion <u>in limine</u> regarding other personnel actions.  Plaintiff's proffer simply alleges as a blanket matter that the depositions will show discrimination. This utterly fails to meet the terms of the court order requiring plaintiff to identify and show the relevance of specific personnel actions.  Indeed, the portion of proffer dealing with depositions does not identify any personnel actions at all. Accordingly, the court should exclude the testimony regarding other personnel actions in the depositions, as set

forth in defendant's objections to plaintiff's deposition designations.

    DATED:  April 17, 2007, at Honolulu, Hawaii.

                                    EDWARD H. KUBO, JR.
                                    United States Attorney
                                    District of Hawaii

                                        /s/ Thomas A. Helper
                                By_____
                                  THOMAS A. HELPER
                                  Assistant U.S. Attorney

                                Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER GAHR[1], | ) | CIVIL NO. 03-00567 JMS BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First Class Mail:

Moises A. Aviles                              April 17, 2007
Aviles & Associates
560 N. Arrowhead Ave., Suite 2A
San Bernardino, CA  92401

Served Electronically through CM/ECF:

G. Todd Withy                                 April 17, 2007
Withylawcourt@aol.com, withylaw@aol.com

    Attorneys for Plaintiff
    CHRISTOPHER GAHR

DATED:  April 17, 2007, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____