EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER   5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER GAHR, ) | CIVIL NO. 03-00567 JMS BMK |
| ) | |
| Plaintiff, ) | DEFENDANT'S OBJECTIONS TO |
| ) | PLAINTIFF'S EXHIBITS |
| vs. ) | CONTAINING SENSITIVE SECURITY |
| ) | INFORMATION; EXHIBIT "A"; |
| MICHAEL CHERTOFF, Secretary, ) | CERTIFICATE OF SERVICE |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
EXHIBITS CONTAINING SENSITIVE SECURITY INFORMATION

PRELIMINARY STATEMENT

Among plaintiff's exhibits are documents that contain Sensitive Security Information, information which is barred from public disclosure.  Plaintiff apparently kept the material after his termination, in violation of the law and the express instructions given to him at termination.  Defendant objects to the use of such material because its disclosure, even to the

jury, is barred by statute. In order to determine if SSI material really is at issue in this litigation, the court should direct plaintiff to make a detailed proffer, under seal, of what portions of the documents he believes are relevant. The appropriate authorities in Washington will review plaintiff's designations to determine if they are SSI or releasable. Although the SSI office will perform the review as expeditiously as possible, any problems resulting from the review are the result of plaintiff's failure to comply with applicable regulations of which he was certainly aware. Accordingly, this issue should not be allowed to affect the trial schedule, and the court should decline to receive the items at issue into evidence.

BACKGROUND

Among the mass of documents that plaintiff has identified as trial exhibits are documents training materials, standard operating procedures, maintenance handbooks and similar documents that contain detailed information about airline passenger screening. The documents include the following:

1. Standard Operating Procedures (dated April 3, 2002)
2. Alarm Recording Form
3. Training handout, "Basic Screener Explosives Trace Detection (ETD)"
4. Explosives Trace Detection Supervisor Maintenance Notebook, Ion Track

5. Explosives Trace Detection Supervisor Maintenance Notebook, IonScan
6. Flowchart, "Alarm Resolution"
7. Powerpoint slides, "Screening Checkpoint Introductory Training," "Special Screening Situations," and "Passengers with Disabilities" Powerpoint slides, "Introduction to Barringer"
8. Powerpoint slides, "Walk-Through Metal Detector," and "Hand-held Metal Detector"
9. Powerpoint slides, "Explosive Trace Detection"
10. Powerpoint slides, "Checkpoint Overview," "Customer Service," "Item Identification"
11. Flowchart, "Supervisor Alarm Resolution"

Upon receipt of these documents, defense counsel was concerned that some might contain Sensitive Security Information (SSI), as defined by 49 U.S.C. § 114(s) and 49 C.F.R. part 1520. Counsel therefore transmitted the documents to the Sensitive Security Information Office of the Transportation Security Administration (SSI Office) for review. Defendant informed the court and opposing counsel that it was taking this step in his Preliminary Objections to Plaintiff's Exhibits, at 6, n.2, filed April 3, 2007.

The SSI office has now informed defense counsel that its preliminary review indicates that plaintiff's documents

contain "at least some SSI, as defined by 49 U.S.C. § 114(s) and 49 C.F.R. part 1520, and may not be released publicly, which prohibition includes publication to the jury." See letter of April 17, 2007, attached as Exhibit A.

## ARGUMENT

As indicated in Exhibit A, Congress has delegated to the Administrator of the Transportation Security Administration the authority to designate materials as SSI. SSI cannot be released to the public, including to a jury. As set forth above, documents submitted by plaintiff in this matter contain SSI.

The procedures already adopted by the court for other portions of plaintiff's evidence will assist in resolving this issue. The court should direct plaintiff to make a proffer, under seal, as to what portion of the documents it intends to use in its case, and as to the relevance of each identified portion. Plaintiff should limit his designation as much as possible. Defendant will transmit the proffer to the SSI Office for expedited review.

Plaintiff and his counsel should have seen this issue coming long ago. Plaintiff's termination letter required him to return all TSA property, including training manuals and similar materials. At least one of documents he has identified has an SSI warning printed on it. The sensitivity of the other documents is obvious from their content (indeed, from their

titles), and plaintiff (like all TSA employees involved in screening) has been trained to keep the information secure. Plaintiff could have obtained an earlier alert from plaintiff's counsel if he had produced his exhibits in a timely fashion. Plaintiff could have obtained review of the material in a timely fashion from the SSI office pursuant to the applicable regulations.

Thus, any problems plaintiff may have as a result in a delay in obtaining permission to use the documents, or a denial of permission to use them, should be charged to plaintiff. The court should not alter the trial's set schedule to account for plaintiff's delays and breaches in security.

Ultimately, however, defendant believes that the information in the documents will not prove relevant, much less critical, to plaintiff's case. At the heart of this case are simple battles of credibility about whether plaintiff properly shut down his checkpoint at night, received counselings from his supervisors, and was insubordinate to his supervisors. Plaintiff was not fired for a technical defect that needs a technical explanation

of the details of screening procedures.  Accordingly, the ultimate resolution of the SSI issue should not affect trial proceedings one way or another.

        DATED:   April 18, 2007, at Honolulu, Hawaii.

                              EDWARD H. KUBO, JR.
                              United States Attorney
                              District of Hawaii

                                  /s/ Thomas A. Helper
                            By_____
                              THOMAS A. HELPER
                              Assistant U.S. Attorney

                              Attorneys for Defendant
                              United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER GAHR, | ) | CIVIL NO. 03-00567 JMS BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First Class Mail:

Moises A. Aviles                                   April 18, 2007
Aviles & Associates
560 N. Arrowhead Ave., Suite 2A
San Bernardino, CA  92401

Served Electronically through CM/ECF:

G. Todd Withy                                      April 18, 2007
Withylawcourt@aol.com, withylaw@aol.com

    Attorneys for Plaintiff
    CHRISTOPHER GAHR

DATED:  April 18, 2007, at Honolulu, Hawaii.

                                        /s/ Jan Yoneda
                                        _____