# EXHIBIT "A"

U.S. Department of
Homeland Security
Arlington, VA 22202



Transportation
Security
Administration

April 18, 2007

Thomas A. Helper
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, HI 96850

    Re: <u>Gahr v. Chertoff</u>, Civil No. 03-00567 JMS:BMK (D. Haw.)

Dear Mr. Helper:

    At your request, the Transportation Security Administration (TSA) Sensitive Security Information (SSI) Office has completed its preliminary review of the following documents that you forwarded on April 6, 2007, in connection with the above-captioned litigation. You have informed us that the documents have been produced by Plaintiff, a former TSA Supervisory Screener, and identified as trial exhibits for a trial beginning April 24, 2007. You had asked that we conduct at least a preliminary review of the documents prior to the April 19, 2007, final pre-trial conference with the Court.

1. Standard Operating Procedures (dated April 3, 2002)
2. Alarm Recording Form
3. Training handout, "Basic Screener Explosives Trace Detection (ETD)"
4. Explosives Trace Detection Supervisor Maintenance Notebook, Ion Track
5. Explosives Trace Detection Supervisor Maintenance Notebook, IonScan
6. Flowchart, "Alarm Resolution"
7. Powerpoint slides, "Screening Checkpoint Introductory Training," "Special Screening Situations," and "Passengers with Disabilities" Powerpoint slides, "Introduction to Barringer"
8. Powerpoint slides, "Walk-Through Metal Detector," and "Hand-held Metal Detector"
9. Powerpoint slides, "Explosive Trace Detection"
10. Powerpoint slides, "Checkpoint Overview," "Customer Service," "Item Identification"
11. Flowchart, "Supervisor Alarm Resolution"

Letter to Thomas A. Helper
April 18, 2007
Page 2

TSA's initial review indicates that all of the documents contain at least some SSI, as defined by 49 U.S.C. § 114(s) and 49 C.F.R. part 1520, and, as such, may not be released publicly, which prohibition includes publication to the jury.

Congress expressly has delegated to the TSA Administrator the authority to determine what is SSI, see 49 U.S.C. § 114(s), and to the United States Courts of Appeals exclusive jurisdiction to review orders issued by TSA on matters of transportation security, including SSI. See 49 U.S.C. § 46110(a) (vesting exclusive jurisdiction over orders issued pursuant to 49 U.S.C. § 114(s)). Under 49 U.S.C. § 46110(c), the courts of appeals have "exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order." See generally Gilmore v. Gonzalez, 435 F.3d 1125 (9th Cir. 2005); Chowdhury v. Northwest Airlines, 226 F.R.D. 608 (N.D. Cal. 2004).

As an initial matter, I note that Plaintiff should not have these materials in his possession, but should have returned them upon his departure from TSA, as his termination letter directed him to do. See Memorandum from Howard Tagamori to Christopher Gahr (dated Oct. 25, 2002). Further, as a covered person who once had a need to know the SSI contained in these materials, he may not disclose SSI to persons who do not have a "need to know," as that term is defined by regulation. See 49 C.F.R. §§ 1520.7(h) & (k), 1520.9, & 1520.11. Accordingly, TSA asks that you seek return of these materials and any others that contain SSI in Plaintiff's or his attorney's possession, together with sworn certification that all such materials and copies have been returned or destroyed.

Second, you have informed us that you have objected to all of the documents on relevance and other evidentiary grounds and that the Court has directed the plaintiff to make a proffer establishing the relevance and foundation for the admissibility of other items of evidence. We ask that you move the Court to establish a similar procedure for the documents listed above.

Third, in light of the above and the lateness of the submission, the SSI Office did not undertake the detailed and administratively burdensome task of conducting a line-by-line review of the documents to redact the SSI therein and permit disclosure of all non-sensitive information. If by April 19, 2007, Plaintiff narrows his proposed evidence to a few pages at most, the SSI Office may be able to perform such a review prior to the April 24, 2007, trial date, or shortly thereafter. The SSI Office cannot estimate the length of time such a review would take until Plaintiff has narrowed the request.

Thank you for your assistance with this matter.

Sincerely,

Carolyn Greene McKee
Senior Counsel for SSI Litigation
Office of Chief Counsel

www.tsa.gov