G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI. 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Attorneys for Plaintiff
CHRISTOPHER GAHR

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 20 2007

at 8 o'clock and 52 min. a M
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT,

## DISTRICT OF HAWAI'I.

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, TOM YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | CIVIL NO. 03-00567-JM:BMK<br><br>OPPOSITION TO DEFENDANT"S OFFER OF PROOF REGARDING PERSONNEL DECISIONS OF OTHERS.<br><br>Trial Date: Apr. 24, 2007.<br>Judge: The Hon. J. Michael Seabright |

///
///
///
///

Errata -Bruno v. Chertoff - 1

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Plaintiff Christopher Gahr objects to the Defendant's offer of proof in its entirety. The Court did not make in its Order of April 11, 2007, a requirement that the Government submit a proffer. The requirement for Plaintiff applied because according to *Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995), that:

> "We find that the district court erred by excluding evidence of Caruso's harassment of other female employees. The district court's evidentiary ruling excluding such testimony significantly hampered Heyne in her efforts to challenge Caruso's asserted motive. *See Mullen*, 853 F.2d at 1133; see also *Estes*, 856 F.2d at 1103 (stating that the trial court's exclusion of the employer's general treatment of Blacks was especially damaging in a race discrimination claim 'in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of its own motives.') Heyne should have been permitted to introduce evidence of Caruso's sexual harassment of other employees in order to rebut Caruso's proffered reason for terminating her.

> "Caruso next argues that Heyne cannot offer the testimony of other employees in evidence because she failed to make an offer of proof at trial regarding the substance and purpose of the testimony. Normally, counsel must make an offer of proof to show the substance of the proffered evidence and to demonstrate the purpose for which the evidence is introduced. *See Pau*, 928 F.2d at 887. A proper offer of proof informs the trial court of what counsel expects to prove by the excluded evidence and preserves the record so that an appellate court can review the trial court's decision for reversible error. *See* Jack B. Weinstein, 1 *Weinstein's Evidence* Par. 103[03], at 103-50 (1994).

///

Errata -Bruno v. Chertoff - 2

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

"The lack of an offer of proof, however, is excused where 'an entire class of evidence has been in advance formally declared inadmissible by the trial court during preliminary argument or colloquy, for the court's ruling relates forward to all possible offers of such evidence and renders them needless.' <u>Garner v. Santoro, 855 F.2d 629, 636 (5th Cir. 1989)</u> (quoting John H. Wigmore, 1 *Wigmore on Evidence* § 17, at 766 (Tillers rev. 1983) ('Wigmore')(footnote omitted)). In *Garner*, the Fifth Circuit excused the appellant's failure to make an offer of proof regarding a government contractor defense because, prior to trial, the district court had prohibited the defendant from making that defense. <u>Garner, 865 F.2d at 636-37</u>."

The purpose of the Plaintiff's Offer of Proof was to show to this Court that Plaintiff was discriminately terminated, and that such act was pretextual. Nothing in *Heyne* requires a defendant to make a proffer in opposition, or to show a non-discriminatory reason for the termination.

Defendant Michael Chertoff requests that the Court accept their offer of proof as to at least two areas:

1. The Government at the TSA in Maui promoted many Caucasian employees, thereby providing a "reason" for terminating Plaintiff and others.

2. The same Government fired a Pacific Islander for the same kind of reasons it had fired Plaintiff.

Here is a list of these "promotions":

| Name | Date of event | Notes |
|---|---|---|
| Debra Ames | ? | Defendant's assertion that there was no racism because Defendant employed Caucasians can |

Errata -Bruno v. Chertoff - 3

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

| | | |
|---|---|---|
| | | be paralleled to the assertion that on a southern Plantation, racism did not exist because some of the slaves worked inside the slave owner's house!<br>Defendant provides no details on Debra Ames, likely because it appears that Ames was hired substantially after Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October of 2003. |
| Patrick Collins | October 6 2002 | The story of Patrick Collins at the TSA in Maui reaffirms Plaintiff's contention of an environment of racism. Although Collins was hired in October of 2002, he has never been promoted.<br>This is very disturbing, because Collins' record and qualifications clearly indicate that Collins was much more qualified than any of the managers who were hired to serve above Collins in 2002 and after. |
| Dale Demotroplous | ? | As there are no details provided about the hire dates of Dale Demotroplous, it appears that he is another token white hired for appearance filed after the numerous EEOC investigations against TSA Maui in early 2003 and after the |

Errata.-Bruno v. Chertoff - 4

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

| | | |
|---|---|---|
| | | filing of legal action by Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October 10, 2003. |
| Nicholas Gianconi | September 11, 2004 | Irrelevant, due to time frame. This occurred substantially after the numerous EEOC investigations against TSA Maui in early 2003 and after the Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October 2003. |
| Anita Gray | June 13, 2004 | Irrelevant, due to time frame. This occurred substantially after the numerous EEOC investigations against TSA Maui in early 2003 and after the Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October 2003. |
| Theresa Greenisen | October 19, 2003 | Suspect token promotion that occurred immedia Plaintiffs Bruno, Gahr, Turner and Young filed lawsuit against TSA in October 10, 2003. |
| Russell Harlan | May 30 2004 | Irrelevant, due to time frame. This occurred substantially after the numerous EEOC investigations against TSA Maui in early 2003 and after the Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October 2003. |

Errata -Bruno v. Chertoff - 5

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

| Robert Karlen | October 31, 2004 | Irrelevant, due to time frame. This occurred substantially after the numerous EEOC investigations against TSA Maui in early 2003 and after the Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October 2003. |
|---|---|---|
| Joan Kostera | June 13, 2004 | Irrelevant, due to time frame. This occurred substantially after the numerous EEOC investigations against TSA Maui in early 2003 and after the Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October 2003. |
| Amanda Lagoy | ? | Amanda Lagoy is a Filipina name. Defendant provides no information given about her. It appears that she was hired substantially after the EEOC investigations and after the Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October 2003. |
| Joe Ann Rheinardt | October 19, 2003 | Suspect token promotion that occurred immediately after Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October 10, 2003. |
| Gary Leavitt | Dec 26, 2004 | Irrelevant, due to time frame. This occurred |

Errata -Bruno v. Chertoff - 6

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

| | | substantially after the numerous EEOC investigations against TSA Maui in early 2003 and after the Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October 2003. |
|---|---|---|
| Angela Williams | April 4, 2004 | Irrelevant, due to time frame. This occurred substantially after the numerous EEOC investigations against TSA Maui in early 2003 and after the Plaintiffs Bruno, Gahr, Turner and Young filed their lawsuit against TSA in October 2003. |
| | | |
| Mary Carvalho | Nov 12, 2002 | Defendant was able to show that it fired a non-Caucasian who was threatening bodily harm to her co workers and to passengers. Wow! |
| Jeffery Perriera | Nov 1, 2002 | Plaintiff, though his counsel, would like to thank the US Attorney for illustrating for the Court what it takes for an Asian / Pacific Islander to be terminated from OGG. According to the write-ups provided by Defendant, Perriera caused over $6,000 in damage and hundreds of hours of lost time though stupidity, lack of training, and lack of supervision. Defendant wrongfully alleges that |

Errata -Bruno v. Chertoff - 7

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

| | | |
|---|---|---|
| | | Plaintiff Gahr allowed AAA batteries to run down – cost $1 and 20 seconds of labor to replace the batteries. |
| Patty Igarashi | Sept 30 2003 | Plaintiff, through his counsel, would like to thank the US Attorney once again for illustrating the disparate treatment that occurs at TSA in Maui.<br>Assistant Federal Security Director Robert Au offered Igarashi the opportunity to resign prior to being terminated (as documented by both Au and Igarashi in Igarashi's personnel file). This courtesy was not offered to any of the Caucasian Plaintiff's in this case, in spite of the relatively mundane nature of their alleged transgressions.<br>In fact, this case would have settled in August 2006 had US Attorney complied with Gahr's request to "resign" rather than being "terminated."<br>Igarashi blatantly and intentionally broke US Federal Law, circumvented TSA rules and regulations, and trampled the Civil Rights of two Caucasian passengers. Considering Igarashi's sworn testimony that she held |

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

|  |  | disdain for Caucasians, one must ask if Igarashi would have so indifferently broken US Federal law and so aggressively violated the rights of two passengers had they been Asian / Pacific Islanders. That being said, this example is irrelevant, due to time frame. This occurred substantially after the numerous EEOC investigations against TSA Maui in early 2003 and after the Plaintiffs Bruno, Gahr, Turner and Young announced that they would file their lawsuit against TSA in October 2003. |
|---|---|---|

The "promotions" of many Caucasians occurred in mid to late-2004. This is several months after the EEOC did its investigation in early 2003 when Plaintiff Gahr and the former co-Plaintiffs filed their complaints with the EEOC. In October 2003, this suit was filed. The various "promotions" took place well after the EEOC investigations and the Action was filed. If there is a cut-off date, it should be July 1, 2003, by the time the last co-Plaintiff was terminated. Otherwise, it would not show the improper mindset of Plaintiff's managers and other Superiors who believed that it was "their airport", "their islands", and despite the official transfers from the TSA in Washington, DC. a blatant refusal to keep Caucasian Mainlanders employed at Maui Airport. This evidence is not probative under Federal Rules of Evidence 401-404.

Errata -Bruno v. Chertoff - 9

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Rather than showing that TSA in Maui as a diverse work environment, Defendant has proven the opposite – that it is racist.

Although Defendant takes pride in showing that it provided one promotion to Caucasians, averaging one promotion per 18 months, Defendant failed to mention that it provided Kiki Hee with two promotions – from Screener to Lead, then from Lead to Supervisor in under 10 months and retained that status, in spite of numerous write ups for missing work and arriving late, for making obscene gestures, gross sexual harassment, feigning obscene sexual acts on TSA equipment in the in front of passengers and coworkers.

Additionally, Plaintiff would like to point out that Supervisor Eddie Kaupie was hired and placed as Supervisor over Caucasians who had more seniority and infinitely better qualifications than Kaupie - specifically, Deborah Pike and Karin Phaneuf, both of whom served as Kaupie's guards. Kaupie never completed training, had a documented record of unacceptable work performance, and sexual relations with his subordinates. Eight months after beginning his position, the TSA's background investigation revealed what Deborah Pike and Karin Phaneuf had been telling TSA managers - that Eddie Kaupie was a convicted felon and that he had lied on his application – he was laid off.

With regard to the two names forwarded on the Defendant's Supplemental proffer of Evidence regarding Personnel Actions other than Plaintiff's Termination, both positions forwarded by Defendant are so substantially far removed from the position of Screener in qualification, compensation, and working conditions and nature, as to make the assertion irrelevant and a waste of the Court's valuable time under Federal Rules of Evidence 401-404.

Errata -Bruno v. Chertoff - 10

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Plaintiff requests that the Government's offer of proof be rejected *in toto*.

Dated this 20th day of April, 2007

By: _____ per d/H
G. TODD WITHY
(5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

Dated this 20th day of April, 2007

By: _____
MOISES A. AVILES
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Errata -Bruno v. Chertoff - 11

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## CERTIFICATE OF SERVICE.

I HEREBY CERTIFY that, on the date and by method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served by First Class Mail, E-mail, and Fax</u>

Thomas A Helper  5676
Assistant U. S. Attorney
Room 6-100 PJKK federal Building
300 Ala Moana Blvd
Honolulu Hawai'i 96850-6100
FAX: (808)541-3752
tom.helper@usdoj.gov,
tomrepleh@hotmail.com

April 20, 2007 at San Bernardino, California

_____

Errata -Bruno v. Chertoff - 12

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com