*w/ jms*

G. TODD WITHY (5975)
LAW OFFICES OF G. TODD WITHY
888 Mililani St., #700
Honolulu, HI., 96813
TEL.: (808) 521-2500
FAX: (808) 536-4474
withylawcourt@aol.com

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Attorneys for Plaintiff
CHRISTOPHER GAHR

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 0 2007

at 8 o'clock and 51 min. a M
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT,

## DISTRICT OF HAWAI'I.

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, TOM YOUNG, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | CIVIL NO. 03-00567-JM:BMK <br><br> AMENDED OFFER OF PROOF RE ORDER OF APRIL 11, 2007 <br><br> Trial Date: Apr. 24, 2007. <br> Judge: The Hon. J. Michael Seabright |

///

///

///

///

First Amended Proffer-Bruno v. Chertoff - 1

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

<u>A:</u>

**I. Thomas Young**

RACE: Caucasian.

DATES OF DISCRIMINATION: October 25 through November 13, 2002.

DISCRIMINATOR(S): Patrick Collins, Patti Igarashi, Filbert Carvalho, Lowery Leong, Howard Tagamori.

SUMMARY AS IT RELATES TO PLAINTIFF:

Thomas Young, (Caucasian, Male, substantially over the age of 40) was a Screening Manager who was fired within two weeks. It is easily argued that Thomas Young was the most qualified Screening Manager hired by the Transportation Security Administration. He is a retired Army First Sergeant in the Explosives and Ordinance Field. His army career included one tour of duty on loan to the US Secret Service as a Security Screener for Air Force One and the White House, and one tour of duty on loan to the US Secret Service managing a crew of Security Screeners for Air Force One and the White House. The following is a list of alleged transgressions which lead to Young's termination from the TSA:

**Counseled for not following the Chain of Command**

Keep in mind that Young is a retired Army First Sergeant, whose job description includes the efficient control and maintenance of the company through the Chain of Command. In Young's letter of termination and in numerous other evidentiary items, the TSA management at the Airport in Maui stresses the strict adherence to the Chain of Command. However in the case of Plaintiff Cahr, the TSA chooses to ignore the Chain of Command, when it terminates Gahr in part

First Amended Proffer-Bruno v. Chertoff - 2

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

from statements written by Morning Screening Manager Patrick Collins (not in Gahr's Chain of Command) alleging that Gahr failed to follow Collins' directions when Morning Screening Manager Collins ordered Evening Supervisor Gahr to take over several Screening Manager responsibilities. The problem with that is as a Supervisor, the TSA prohibited Supervisors from performing Managers' duties, such as calibrating the ETD machines. Evening Screening Manager Igarashi was present at the checkpoint but not present when this allegedly occurred.

**Counseled because he was not available at peak flow and was not able to control a passenger**

This improbable scenario was allegedly documented by several questionable statements authored by screeners almost a year after the incident occurred.

This is very relevant to Plaintiff Gahr's case, because Patrick Collins admits in his deposition that the statements against Young were concocted almost a year after the Young's termination. Likewise, Plaintiff's attorneys believe that statements by Patrick Collins against Plaintiff Christopher Gahr were concocted substantially after Gahr's termination. This belief is based on the two e-mails provided by Defendant and listed by Defendant as Exhibits 105 and 106. In Exhibit 105, Plaintiff Gahr sends and e-mail to Filbert Carvalho requesting "not to drop in Maui." In Exhibit 106, Plaintiff Gahr sends and e-mail to Filbert Carvalho referencing the first e-mail and then stating, "in accordance with our agreement, I trust that the statement (sic [should read statements]) against me will be destroyed."

First Amended Proffer-Bruno v. Chertoff - 3

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Based on sworn statements by statements by Defendant's witness Manager Patrick Collins, Plaintiff contends that any statements against Plaintiff Gahr which may have existed at the time of the e-mails were destroyed, then, concocted nearly a year after the termination to be submitted as genuine during the EEOC investigation – exactly as occurred in the Young case.

### Counseled him when he switched shifts with another manager

This clear illustration of disparate treatment goes to the heart of the case, in that Asian Pacific Islanders were treated more favorably and Caucasians were treated more harshly for the same offenses. Manager Thomas Young was terminated in part for switching shifts with manager Patty Igarashi. However, Igarashi suffered no consequence. Defendant was unable to provide any documentation that Igarashi had suffered any consequence in incident in for which Thomas Young was so severely punished.

### Not present for opening shift, briefings and calibrations.

Again, this is a clear illustration of the disparate treatment that was propagated by the TSA management at OGG. Igarashi was late for her shift (see Managers Log book entry page 18). Again, the same crime in the same time, however, Igarashi suffered NO ramification for her failure.

///

///

First Amended Proffer-Bruno v. Chertoff - 4

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## II. Lucas Bruno

RACE: Caucasian.

DATES OF DISCRIMINATION: October 20-December 9, 2002

DISCRIMINATOR(S) includes but not limited to Patrick Collins, Patti Igarashi, Filbert Carvalho, Lowery Leong, Howard Tagamori,

SUMMARY AS IT RELATES TO PLAINTIFF:


Former Plaintiff Lucas Bruno is a former Naval Officer and holds a Ph. D. The facts revolving around his termination are extremely relevant to Plaintiff's case, because of Bruno's former trainer and supervisor Liz Masuda refutes that Bruno was terminated for being "untrainable" as stated in his letter of termination. In sworn testimony regarding the termination of Lucas Bruno, Liz Masuda will testify that Manager Igarashi ordered Masuda to write up White employees, so that they could be terminated; and that Manager Igarashi stated, "It is brown for brown, or white for white and if you don't learn that you will find yourself on lane five!" (Lane five is a euphemism for being terminated).

Manager Igarashi was the manager to whom Plaintiff Christopher Gahr reported. Igarashi's imput to the management of the TSA at OGG had a great impact on Gahr's termination.

///

///

///

///

///

First Amended Proffer-Bruno v. Chertoff - 5

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

### III. Charles Turner

RACE: Caucasian.

DATES OF DISCRIMINATION: March 24, 2003

DISCRIMINATOR(S) includes but not limited to Patrick Collins, Patti Igarashi, Filbert Carvalho, Lowery Leong, Howard Tagamori.

SUMMARY AS IT RELATES TO PLAINTIFF:

Former Plaintiff Charles Turner was terminated due to allegations of inappropriate statements. The letter of termination authored by Assistant Federal Security Director Robert Au states:

"You have repeatedly approached subordinate female employees, asking to meet with them off duty. You have repeatedly asked why they haven't called you, or come to your home. You've made inquiries regarding their boyfriends. You have made comments about engaging in three party sex."

In comparison, Supervisor Kelly Ann "Kiki" Hee (Asian / Pacific Islander) was counseled on August 23, 2003, for the following transgressions and many others:

August 13, 2003:

"Kiki is quoted as using profanity at the workplace, stating that 'management is full of shit' and that she 'hates this fucking place'. She has made verbal and physical gestures in view of passengers and co-workers in reference to oral sex and, (sic) according to the co-worker on one occasion feigned a sexual act on a screening table."

///

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

August 21, 2003:

"Hee has made obscene gestures and made statements with sexual connotations to co-workers and porters. Specifically, Screener Kiki Hee asked porter 'Michael' if she could rub his bald head and give him an erection. On another occasion Screener Kiki Hee took a tampon and asked a porter if he had a nose bleed because she would take care of him." The lead screener goes on to say that Screener Kiki Hee has been heard "asking several male screeners what kind of noises they make when they are having sex."

Clearly this demonstrates the need to keep testimony other than Plaintiff Gahr's IN the case to illustrate the Defendant's pattern of disparate treatment. In this case, specifically that Caucasian Supervisor Chuck Turner was terminated for making vague comments which were taken out of context, while Asian / Pacific Islander Supervisor Kiki Hee's profane sexual statements and sexually explicit bodily demonstrations in front of TSA coworkers, airport employees, and passengers were answered with a letter of counseling.

///

///

///

///

///

///

///

///

///

First Amended Proffer-Bruno v. Chertoff - 7

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## IV. Liz Masuda

RACE: Asian / Pacific Islander

DATES OF DISPARATE TREATMENT: About December 9, 2002.

WHO PROPOGATED DISPARATE TREATMENT: Caucasian

WHO RECEIVED DISPARATE TREATMENT: Manager Patti Igarashi

SUMMARY AS IT RELATES TO PLAINTIFF:

She will testify that Manager Igarashi ordered her to write up White employees, so that they could be terminated; and that Manager Igarashi stated, "It is brown for brown, or white for white and if you don't learn that you will find yourself on lane five!" (Lane five is a euphemism for being terminated).

Her testimony is extremely relevant to the Plaintiff's case because she is reporting discriminatory behavior as part of a pattern of discrimination by Manager Igarashi who was the Plaintiff's manager.

## V. Theresa Greenisen

RACE: Caucasian

DATES OF DISPARATE TREATMENT: About October 17, 2002.

WHO PROPOGATED DISPARATE TREATMENT: Manager filbert Carvalho

WHO RECEIVED DISPARATE TREATMENT: Christopher Gahr, Theresa Greenisen

SUMMARY AS IT RELATES TO PLAINTIFF:

///

///

First Amended Proffer-Bruno v. Chertoff - 8

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Her testimony is directly related to the issues that were outlined within Plaintiff Gahr's termination letter. She will testify that during the incident on October 17, 2002, Manager Filbert Carvalho sent her home for having a sprained finger; that Gahr acted professionally and respectfully; that Carvalho acted disrespectfully and irrationally; and that Gahr offered logical solutions to resolve the dilemma.

**B:**

**I. Karin Phaneuf**

RACE: Caucasian

DATES OF FAVORABLE TREATMENT: October 17, 2002-June 4, 2003

WHO PROPOGATED FAVORABLE TREATMENT: Patrick Collins, Patti Igarashi, Filbert Carvalho, Lowery Leong, Howard Tagamori.

WHO RECEIVED FAVORABLE TREATMENT: Igarashi, Kaupie, Hee, Koa, and other Asian / Pacific Islander employees.

SUMMARY AS IT RELATES TO PLAINTIFF:

Her testimony is directly related to the issues that were outlined within Plaintiff Gahr's termination letter. She will testify that Gahr was meticulous about equipment and procedures; that previous managers and supervisors did not use the radios in question; that Gahr put the radios into use because White screeners complained that they were being exiled to the exit lanes for 10 hours with no breaks and no communications; that the radios were nearly useless in the airport; that the management in TSA at Maui targeted Gahr for termination because he was an effective manager and supervisor; that Edward Kaupie (Gahr's replacement) was her former Prison inmate; that Manager Igarashi required personnel to bring in

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

birth certificates prior to passing out promotions; and that personnel hired and paid by the federal government to be screeners, were placed into supervisor positions because they were Pacific Islanders; that personnel hired and paid by the federal government to be Supervisors were relegated to the position of screener because they were Caucasian.

Karin Phaneuf will testify that in a meeting on or about October 14, two days before Christopher Gahr arrived in Maui. She will testify that Manager Patti Igarashi stated in a briefing to all of the personnel who were hired as Leads and Supervisors by the Federal Government, and had already been trained to TSA standards, that as soon as "my people" come back (referring to "local" or "Asian / Pacific Islanders" who were in training at that moment, "I am putting them in the supervisory and lead positions."

She will testify that she witnessed in October of 2002 that Everett Reinhardt (Caucasian, 50ish) was cornered and humiliated in front of the entire crew and passengers for a minor infraction during OJT, and that Igarashi clearly targeted Caucasian men for harassment.

She will testify that Patricia Teeters (Caucasian female) came to work and reported to her regular post, and worked for over an hour with two Supervisors (Asian / Pacific Islanders). After an hour the Supervisors informed her that her scheduled had changed and that she would be reported AWOL.

She will testify that Igarashi held pizza parties <u>during work hours</u> and would invite only "Asian / Pacific Islanders."

She will testify that Igarashi forbade the Threat Image Projection System (TIPS) from being turned on for the Caucasians. The TIPS is a training tool that randomly inserts images of guns knives, and bombs into 500 prerecorded images

First Amended Proffer-Bruno v. Chertoff - 10

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

as a training tool to assist Screeners to pass the required tests to continue employment.

She will testify that Davelyn Gordon (Asian / Pacific Islander, Female) stated to her that she (Phaneuf) "wouldn't be well like" because she was not an "Asian / Pacific Islander," and stated about disparate treatment in the work place, "that is just the way it is."

She will testify that she was ostracized for many weeks because she was not "local."

She will testify that the same treatment was witnessed by Kathleen McCarthy, Steve Madison, Chuck Turner, Debra Frey, Geln Archibald, Nacny Flower, Brenda Luck, Dwayne Fawlkner, Everett Reinhardt, Deborah Pike, Ann Quinones, Serri Joaqin, Nerilyn Balwin, Susan Bos, Travis Lacno, Amanda Domingo, Angela Allen, Richard Montigne, Ryan Nobriga, Kristie Joslyn , Matt Fuller and others.

///
///
///
///
///
///
///
///
///
///
///

First Amended Proffer-Bruno v. Chertoff- 11

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

**II. Deborah Pike**

RACE: Caucasian

DATES OF FAVORABLE TREATMENT: October 17, 2002-June 4, 2003

    WHO GAVE FAVORABLE TREATMENT: Patrick Collins, Patti Igarashi, Filbert Carvalho, Lowery Leong, Howard Tagamori.

    WHO RECEIVED FAVORABLE TREATMENT: Edward Kaupie, and all other employees born in Hawai'i.

    SUMMARY AS IT RELATES TO PLAINTIFF:

    Her testimony is directly related to the issues that were outlined within Plaintiff Gahr's termination letter. She will testify that that Edward Kaupie (Gahr's replacement) was her former Prison inmate while she was a prison guard; that Gahr put the radios into use because several White screeners complained that they were being exiled to the exit lanes for 10 hours with no breaks and no communications; that Gahr was meticulous about equipment and procedures; that previous managers and supervisors refused to use the radios in question because they were of such poor quality; that the radios were nearly useless in the airport; that the management in TSA at Maui targeted Gahr for termination because he was an effective manager and supervisor; that promotions were based birth certificates; that personnel hired and paid by the federal government to be screeners, were placed into supervisor positions because they were Pacific Islanders; and that personnel hired and paid by the federal government to be Supervisors were relegated to the position of screener because they were Caucasian. She will identify specific individuals and specific times when transgressions by Asian Pacific Islanders were treated lightly by

First Amended Proffer-Bruno v. Chertoff - 12

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

Management or not were ignored completely, compared to the harsh treatment received by Caucasians for similar transgressions in the same time frame.

She will state that she witnessed Supervisor Eddie Kaupie (Asian / Pacific Islander, late 20's early 30's) was Gahr's direct replacement and began work on the day Gahr was told to leave the Airport. That Kaupie is a convicted felon and former inmate, that Pike was his prison guard, that Kaupie constantly left work unfinished, failed to do his work, had a questionable attendance record, engaged in sexual relations with his at least subordinates on his shift. She   will testify that in spite of his poor attendance and performance, Kaupie was never suffered any adverse consequences. These statements are and was promoted above her in spite of her seniority and superior qualifications.

She will testify that Kiki Hee (Asian / Pacific Islander) was promoted to Lead and eventually to Supervisor in spite of a record of bad performance and poor attendance. Kiki regularly arrived late for work or on occasion did not show up at all. These events are documented by managers in write ups.

Deborah Pike will testify that she (Pike) was written up and fired for allegations of insubordination and for minor and unsubstantiated infractions such as leaning against a pole (documented that she had injured her back shortly before this write up), while "Asian / Pacific Islanders" such as Kiki Hee, continuously for several months, used profane gestures and language to passengers and coworker, and was openly rebellious against the TSA, for which she received only verbal or written warnings. The facts regarding Hee's behavior are well documented and substantiated by the Managers write ups and the Managers Log book.

///

///

First Amended Proffer-Bruno v. Chertoff - 13

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

**III. Lt Col Michael Ferrel (US Army, Ret.)**

RACE: Caucasian

DATES OF FAVORABLE TREATMENT: Early October 2002.

WHO GAVE FAVORABLE TREATMENT: Lowery Leong.

WHO RECEIVED FAVORABLE TREATMENT: All employees born in Hawai'i, and not Caucasian.

SUMMARY AS IT RELATES TO PLAINTIFF:

He will testify that he applied to several positions with the TSA in Maui, where he was living while serving as the Anti Terrorism Officer for US Forces, Pacific, and that during a phone conversation with Federal Security Director Lowrey Leong, Leong stated that he (Leong) did not want Caucasian people working in his airport.

**IV. Heather Boyum**

RACE: Caucasian

DATES OF FAVORABLE TREATMENT: October 17-24, 2002.

WHO GAVE FAVORABLE TREATMENT: Patrick Collins, Patti Igarashi, Filbert Carvalho, Lowery Leong, Howard Tagamori.

WHO RECEIVED FAVORABLE TREATMENT: All employees born in Hawai'i, but not Caucasian.

SUMMARY AS IT RELATES TO PLAINTIFF:

She will testify that disparate treatment was accepted and encouraged by the Managers in the TSA at Maui and that favorable treatment were given to non-Caucasians; that the radios were not used until Gahr put them in use, because they

First Amended Proffer-Bruno v. Chertoff - 14

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

were of very low quality; that she overheard Manager Carvalho telling Manager Igarashi, "Here comes that Haole Gahr, We need to get rid of that asshole;" and that Gahr was meticulous about equipment and procedures. She will identify specific individuals and specific times when transgressions by Asian Pacific Islanders were treated lightly by Management or not were ignored completely, compared to the harsh treatment received by Caucasians for similar transgressions in the same time frame.

<u>C.</u>

I. **Exhibit 214**

DATE: August 25, 2003

DISCRIMINATORY

SUMMARY AS IT RELATES TO PLAINTIFF:

This sworn affidavit by Liz Masuda was part of the evidence from the EEOC investigation on former Plaintiff Lucas Bruno. In the sworn statement, Masuda states that Igarashi ordered her (Masuda) to write up White employees, so that they could be terminated; and that Manager Igarashi stated, "It is brown for brown, or white for white and if you don't learn that you will find yourself on lane five!" (Lane five is a euphemism for being terminated).

This document is extremely relevant to the Plaintiff's case because Masuda is reporting discriminatory behavior as part of a pattern of discrimination by Manager Igarashi who was the Plaintiff's manager.

///

///

///

First Amended Proffer-Bruno v. Chertoff - 15

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

**II. Exhibit 216**

DATE: 2003

DISCRIMINATORY

SUMMARY AS IT RELATES TO PLAINTIFF:

This letter and attached previous letter (both by former Plaintiff Lucas Bruno) were both part of Bruno's EEOC investigaion are extremely relevant to the Plaintiff's case because Lucas Bruno, a trained and certified Human Resource Manager and former Chair of the distinguished Society for Human Resource Management, clearly delineates the Human Resource mess, labor law violations and civil rights abuses which were a part of daily suffering of the Security Screeners at the airport in Maui.

**III. Exhibit 227**

DATE: 2002

NEITHER

SUMMARY AS IT RELATES TO PLAINTIFF:

This Letter of Termination is included as an illustration of the pattern of behavior extending outside of TSA at Maui. It shows the overwhelming silliness of TSA management in terminating a screener, allegedly for borrowing a pen from a passenger. Please note that Beverly Jenkins was the only African American on her shift and one of very few African Americans working at Ontario Airport in California.

///

First Amended Proffer-Bruno v. Chertoff - 16

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

**IV. Exhibit 228**

DATE: 2003

FAVORABLE

SUMMARY AS IT RELATES TO PLAINTIFF:

These documents clearly show that the supervisor Eddie Kaupie who replaced Gahr was substantially younger, substantially less qualified, and as a felon, was not permitted to hold a security position with the Federal Government.

The TSA Management at Maui knowingly employed convicted felon Eddie Kaupie. Please note that three of the Screeners who reported to Kaupie were his Kaupie's former Prison Guards! Two were terminated for fabricated infractions and one resigned prior to being fired.

**V. Exhibit 229**

DATE: 2003

FAVORABLE

SUMMARY AS IT RELATES TO PLAINTIFF:

All documents in Defendants Response to Plaintiffs 3rd Request for Production of Documents, #1 and #2, would show disparate treatment of Caucasian employees, and favorable treatment of non-Caucasian employees.

///

///

///

///

First Amended Proffer-Bruno v. Chertoff - 17

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

**VI. Exhibit 230**

DATE: 2003

FAVORABLE

SUMMARY AS IT RELATES TO PLAINTIFF:

The personnel file of Screening Manager Patti Igarashi would show that her record of Manager was less than exemplary.

**VII. Exhibit 231**

DATE: October 2002-June 2003

DISCRIMINATORY AND FAVORABLE

SUMMARY AS IT RELATES TO PLAINTIFF:

The documents relating to Lucas Bruno III, Charles Turner, Thomas Young, and Karen Phaneuf are evidence of similar testimony as stated above.

**VIII. Exhibit 232**

DATE: October 2002-June 2003

DISCRIMINATORY AND FAVORABLE

SUMMARY AS IT RELATES TO PLAINTIFF:

The Defendant's Responses to Plaintiff's First Request for Production of Documents would show some leniency to non-Caucasian employees, and harsh treatment given to Caucasian employees.

///

///

First Amended Proffer-Bruno v. Chertoff - 18

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

### IX. Exhibit 233

DATE: February 9, 2003

DISCRIMINATORY

SUMMARY AS IT RELATES TO PLAINTIFF:


The Deposition of Lucas Bruno contains similar testimony that he would otherwise testify to.

### X. Exhibit 234

DATE: February 8, 2003

DISCRIMINATORY

SUMMARY AS IT RELATES TO PLAINTIFF:


The Deposition of Charles Turner contains similar testimony that he would otherwise testify to.

### XI. Exhibit 235

DATE: March 15, 2003

DISCRIMINATORY

SUMMARY AS IT RELATES TO PLAINTIFF:


The Deposition of Thomas Young contains similar testimony that he would otherwise testify to.

///

///

///

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## XII. Exhibit 236

DATE: May 12, 2006

DISCRIMINATORY

SUMMARY AS IT RELATES TO PLAINTIFF:


The majority of the Deposition of Filbert Carvalho dealt with issues regarding Plaintiff Christopher Gahr and issues related to Gahr's termination. In those parts of the depositions which were not directly related to Plaintiff Gahr (related to the termination of the other / former Plaintiffs) that testimony is extremely relevant to Plaintiff's case as it shows a pattern of :

1. Discriminatory or racially prejudiced attitude and behavior by members of the management at the TSA in OGG, and / or propagated by the management as a whole.

2. Favoritism directed toward Asian / Pacific Islanders by members of the management at the TSA in OGG, and / or propagated by the management as a whole.

3. Harsher treatment toward Caucasians by members of the management at the TSA in OGG, and / or propagated by the management as a whole, for alleged transgression for which Asian Pacific Islanders received lesser or no consequences for the same transgression in the same time frame.

4. Use of potty mouth (racial and defamatory slurs).

///

///

///

First Amended Proffer-Bruno v. Chertoff - 20

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## XIII. Exhibit 237

DATE: June 20, 2006

DISCRIMINATORY

SUMMARY AS IT RELATES TO PLAINTIFF:

The majority of the Deposition of Patti Igarashi dealt with issues regarding Plaintiff Christopher Gahr and issues related to Gahr's termination. In those parts of the depositions which were not directly related to Plaintiff Gahr (related to the termination of the other / former Plaintiffs) that testimony is extremely relevant to Plaintiff's case as it shows a pattern of :

    1. Discriminatory or racially prejudiced attitude and behavior by members of the management at the TSA in OGG, and / or propagated by the management as a whole.

    2. Favoritism directed toward Asian / Pacific Islanders by members of the management at the TSA in OGG, and / or propagated by the management as a whole.

    3. Harsher treatment toward Caucasians by members of the management at the TSA in OGG, and / or propagated by the management as a whole, for alleged transgression for which Asian Pacific Islanders received lesser or no consequences for the same transgression in the same time frame.

    4. Use of potty mouth (racial and defamatory slurs).

///

///

///

///

First Amended Proffer-Bruno v. Chertoff - 21

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## XIV. Exhibit 238

DATE: May 12, 2006

DISCRIMINATORY

SUMMARY AS IT RELATES TO PLAINTIFF:

The majority of the Deposition of Patrick Collins dealt with issues regarding Plaintiff Christopher Gahr and issues related to Gahr's termination. In those parts of the depositions which were not directly related to Plaintiff Gahr (related to the termination of the other / former Plaintiffs) that testimony is extremely relevant to Plaintiff's case as it shows a pattern of :

1. Discriminatory or racially prejudiced attitude and behavior by members of the management at the TSA in OGG, and / or propagated by the management as a whole.

2. Favoritism directed toward Asian / Pacific Islanders by members of the management at the TSA in OGG, and / or propagated by the management as a whole.

3. Harsher treatment toward Caucasians by members of the management at the TSA in OGG, and / or propagated by the management as a whole, for alleged transgression for which Asian Pacific Islanders received lesser or no consequences for the same transgression in the same time frame.

///

///

///

///

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

4. Use of potty mouth (racial and defamatory slurs).

Dated this 20th day of April, 2007

By:_____   per JMA

    G. TODD WITHY
    (5975)
    LAW OFFICES OF G.
    TODD WITHY
    888 Mililani St., #700
    Honolulu, HI., 96813
    TEL.: (808) 521-2500
    FAX: (808) 536-4474
    withylawcourt@aol.com

Dated this 20th day of April, 2007

By:_____

    MOISES A. AVILES
    AVILES &
    ASSOCIATES
    560 N. Arrowhead Av.,
    #2A
    San Bernardino, CA.,
    92404
    TEL.: (909) 383-2333
    FAX: (909) 383-9550
    maviles1231@aol.com

First Amended Proffer-Bruno v. Chertoff - 23

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com

## CERTIFICATE OF SERVICE.

I HEREBY CERTIFY that, on the date and by method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First Class Mail, E-mail, and Fax

Thomas A Helper  5676
Assistant U. S. Attorney
Room 6-100 PJKK federal Building
300 Ala Moana Blvd
Honolulu Hawai'i 96850-6100
FAX: (808) 541-3752
tom.helper@usdoj.gov, *tomrepleh@hptmail.com*

April 20, 2007 at San Bernardino, California

First Amended Proffer-Bruno v. Chertoff - 24

AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92404
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231@aol.com