EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS A. HELPER  5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER GAHR, | CIVIL NO. 03-00567 JMS BMK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL FILED APRIL 12, 2007 |
| vs. | |
| MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, | |
| Defendants. | |

ORDER DENYING PLAINTIFF'S MOTION
TO CONTINUE TRIAL FILED APRIL 12, 2007

This matter came for hearing on April 17, 2007, on Plaintiff's Motion to Continue Trial, filed April 12, 2007. Defendant submitted an opposition brief on April 16, 2007. Having considered the briefs, the arguments of counsel, and the court's files and proceedings to date, the court hereby DENIES Plaintiff's Motion to Continue Trial.

The procedural history of this case up to January 20, 2007 is set forth in this court's order of that date denying plaintiff's first motion to continue trial from the then-current February 13, 2007 trial date. That order established that in the period between July 2006 to January 2007 when plaintiff Christopher Gahr was acting <u>pro se</u>, Gahr was not diligent in either preparing for trial or in attempting to locate a new attorney.

On January 25, 2007, plaintiff's current counsel, Moises Aviles, Esq., appeared specially for the first time along with local counsel G. Todd Withy. On January 26, 2007, through a declaration lodged in support of his motion to appear <u>pro hac vice</u>, plaintiff's counsel made a second motion to continue the trial. Counsel requested a three-month continuance of the February 13, 2007 trial date (which he erroneously identified as a March trial date). Declaration of Moises Aviles, January 26, 2007, ¶ 9.

The court heard the second motion to continue on January 29, 2007. The court informed the parties that April 17, 2007 was open on its calendar. The court warned plaintiff and his counsel in strong terms that they had to be ready on that date. Counsel explicitly confirmed that he would be ready:

> [The COURT:] If I continue thus till sometime around April 17, my warning to you [Mr. Withy] and Mr. Aviles would be that this case will not be continued again, period, absent a criminal trial somehow kicking it....

> And so what I need from you and Mr. Aviles is an assurance for me to accept to go forward in this manner that you'll be prepared to go forward on April 17.
>
> MR. WITHY: .... I am available on that date and on that week, but I must defer to Mr. Aviles. I will be available, I will do my best to make sure it goes, but the lead counsel in this case at the moment is Mr. Aviles; so maybe I better let him address it.
>
> MR. AVILES: Yes, Your Honor. I'm also available.
>
> \* \* \*
>
> THE COURT: All right. So I understand I have a commitment from you that you will be available for trial on April 17, 2007.
>
> MR. AVILES: Yes.
>
> THE COURT: Mr. Withy, the same from you.
>
> MR. WITHY: I have that commitment with you, yes.
>
> THE COURT: All right. And I can tell you this: coming in and saying we're not ready isn't going to cut it. It's not going to work. It simply is not going to happen.
>
> So with that understanding, Mr. Aviles, are you willing to go forward?
>
> MR. AVILES: Yes.
>
> THE COURT: Mr. Withy?
>
> MR. WITHY: Yes, I am.

Transcript of Proceedings, January 26, 2007, at 7-9.

The court granted the motion to continue, and set a new trial date of April 17, 2007. The court later continued the trial for an additional week, to April 24, 2007.

On April 12, 2007, plaintiff filed the instant motion to continue.

The Ninth Circuit has set forth a four-part test for determining whether a trial should be continued:

> First, we consider the extent of appellant's diligence in his efforts to ready his [case] prior to the date set for hearing.  Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted.  Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses.  Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial.

United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985), amended, 764 F.2d 675 (9th Cir. 1985) (citations and quotation marks omitted).  See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) (applying Flynt test in civil case).

Plaintiff has not met any of the four Flynt factors.  The lack of diligence is not simply that of current plaintiff's counsel, but also that of plaintiff himself, dating back to July of 2006 when he parted ways with his initial attorney.  Plaintiff has never established what efforts he made to find a new attorney prior to January 2007.  His current counsel does not establish now what he has done to prepare for trial since January 2006. Accordingly, plaintiff has not been diligent.

Plaintiff cannot meet the second <u>Flynt</u> factor because he gives no assurance that a further continuance would do any good. He gives no assurance that his pressing load of other cases will diminish or that his resources will increase.

Plaintiff cannot meet the third factor, regarding prejudice to the opposing party and the court.  Defendant has already rescheduled its witnesses once.  Defendant's witnesses reside on Maui or the mainland.  Some are government officials responsible for supervising scores or hundreds of other employees.  Most of them are intimately involved in providing airline security to the flying public.  Requiring these witnesses, as well as government counsel and legal staff (for both the Departments of Justice and Homeland Security), to clear their schedules for another two-week period for a new trial date, would cause substantial prejudice to the government.  A continuance would also cause prejudice to the interests of the court and the public in efficient use of resources and in maintaining a predicable, reliable calendar. This matter is one of the oldest cases on the court's docket, having been filed in 2003.  Both the court and defendant have expended substantial time on trial preparation that would have to be repeated in large part if the trial were continued.

Plaintiff cannot meet the final <u>Flynt</u> factor either.  This is not an especially complicated matter, so counsel should be able to prepare adequately in the time remaining before trial.

5

CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion to continue.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 23, 2007.



J. Michael Seabright
United States District Judge

Gahr v. Chertoff; Civil No. 03-00567 JMS BMK; ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL FILED APRIL 12, 2007