# ORIGINAL

EDWARD H. KUBO, JR.   2499
United States Attorney
District of Hawaii

THOMAS A. HELPER   5676
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: tom.helper@usdoj.gov

Attorneys for Defendants

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 3 2007

at 11 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER GAHR, | CIVIL NO. 03-00567 JMS BMK |
| Plaintiff, | STIPULATED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE |
| vs. | |
| MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY, | Trial: April 24, 2007 Time: 9:00 a.m. Judge: J. Michael Seabright |
| Defendants. | |

<u>STIPULATED JURY INSTRUCTIONS</u>

Pursuant to Local Rules 51.1 of the United States District Court for the District of Hawaii, the parties hereby submit its stipulated jury instructions.

DATED: Honolulu, Hawaii, April _____, 2007.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____

_____
MOISES A. AVILES
Attorney for Plaintiff
CHRISTOPHER GAHR

THOMAS A. HELPER
Assistant U.S. Attorney

Attorneys for Defendants

## STIPULATED JURY INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. It becomes by duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is now my duty to instruct you on the law applicable to the case.

Source:    Honorable J. Michael Seabright's Model Jury Instruction No. 1

## STIPULATED JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened in this case - that is, in reaching your decision as to the facts - it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

In deciding the facts of this case you must not be swayed by sympathy, bias or prejudice as to any party. This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice. The government and its employees are entitled to the same fair trial at your hands as is a private individual.


Source:    Honorable J. Michael Seabright's Model Jury Instruction
           No. 2B (Modified to change "corporation" to "government
           and its employees".)

STIPULATED JURY INSTRUCTION NO. 3

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Source:    Honorable J. Michael Seabright's Model Jury Instruction
           No. 3

STIPULATED JURY INSTRUCTION NO. 4

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

Source:    Honorable J. Michael Seabright's Model Jury Instruction
           No. 4

<u>STIPULATED JURY INSTRUCTION NO. 5</u>

During the course of a trial I may occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to he questions of counsel.  Do not assume from anything I have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

Source:    Honorable J. Michael Seabright's Model Jury Instruction
           No. 5

<u>STIPULATED JURY INSTRUCTION NO. 6</u>

The court may take judicial notice of certain facts or events. When the court declares it will take judicial notice of some fact or event, you may accept the court's declaration as evidence, and regard the fact or event which has been judicially noticed as conclusively proved.

Source:    Honorable J. Michael Seabright's Model Jury Instruction
           No. 6

<u>STIPULATED JURY INSTRUCTION NO. 7</u>

In this case, the parties have agreed, or stipulated, as to certain facts.  This means that they both agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

Source:   Honorable J. Michael Seabright's Model Jury Instruction No. 7

<u>STIPULATED JURY INSTRUCTION NO. 8</u>

Certain testimony has been read into evidence from depositions.  A deposition is testimony taken under oath before the trial and preserved in writing.  You are to consider that testimony as if it had been given in court.

Source:    Honorable J. Michael Seabright's Model Jury Instruction
           No. 8

## STIPULATED JURY INSTRUCTION NO. 9

During the course of the trial you have heard reference made to the word "interrogatory".  An interrogatory is a written question asked by one party or another, who must answer it under oath in writing.  You are to consider interrogatories and the answers to interrogatories the same as if the questions had been asked and answered here in court.

Source:    Honorable J. Michael Seabright's Model Jury Instruction
           No. 9

<u>STIPULATED JURY INSTRUCTION NO. 10</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Source:   Honorable J. Michael Seabright's Model Jury Instruction
          No. 10

<u>STIPULATED JURY INSTRUCTION NO. 11</u>

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the testimony. In weighing the testimony of a witness you should consider: (1) the witness's relationship to the plaintiff or to the defendant; (2) the witness's interest, if any, in the outcome of the case; (3) the witness's manner of testifying; (4) the witness' opportunity to observe or acquire knowledge concerning the facts about which the witness testified; (5) the witness's condor, fairness, and intelligence; and (6) the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source:   Honorable J. Michael Seabright's Model Jury Instruction
          No. 11

<u>STIPULATED JURY INSTRUCTION NO. 12</u>

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of any expert witness is not based upon sufficient education and/or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

Source:    Honorable J. Michael Seabright's Model Jury Instruction No. 12

<u>STIPULATED JURY INSTRUCTION NO. 13</u>

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that, at some other time, the witness said or did something that is inconsistent with the witness's present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Source:    Honorable J. Michael Seabright's Model Jury Instruction No. 13

<u>STIPULATED JURY INSTRUCTION NO. 14</u>

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

Source:   Honorable J. Michael Seabright's Model Jury Instruction
          No. 14

STIPULATED JURY INSTRUCTION NO. 15

The burden is on the plaintiff in a civil action such as this to prove every essential element of the claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue had been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.

Source:   Honorable J. Michael Seabright's Model Jury Instruction
          No. 17A

STIPULATED JURY INSTRUCTION NO. 16

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source:   Honorable J. Michael Seabright's Model Jury Instruction No. 20

<u>STIPULATED JURY INSTRUCTION NO. 17</u>

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indiction that I believe the plaintiff should, or should not, prevail in this case.

Source:    Honorable J. Michael Seabright's Model Jury Instruction No. 21

## STIPULATED JURY INSTRUCTION NO. 18

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please put your messages or question in a note, and have the foreperson sign the note.  The foreperson will then contact the Courtroom Deputy via the telephone located in the hallway outside the jury room.  The Courtroom Deputy will pick up the note and bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.  For example, you should never state the "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.

Source:    Honorable J. Michael Seabright's Model Jury Instruction
           No. 22

STIPULATED JURY INSTRUCTION NO. 19

As to the plaintiff's claim that his race and national origin was a motivating factor for the defendant's decision to discharge him, the plaintiff has the burden of proving the following by a preponderance of the evidence:

the plaintiff's race or national origin was a motivating factor in the defendant's decision to discharge the plaintiff.

If plaintiff has failed to prove either of these elements, your verdict should be for the defendant. If plaintiff has proved both of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. The plaintiff is entitled to monetary damages if you find that the defendants decision was motivated both by race and a lawful reason, unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiffs race had played no role in the employment decision.[1]

---

[1]    From 9th Circuit Model Civil Instruction 12.1C.

<u>STIPULATED JURY INSTRUCTION NO. 20</u>
<u>Burden of Proof</u>

The burden is on the plaintiff in a civil action such as this to prove every essential element of the claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.

Source:    United States District Judge J. Michael Seabright's General Federal Jury Instructions in Civil Case on the website for the United States District Court for the District of Hawaii, Instruction No. 17A.

<u>STIPULATED JURY INSTRUCTION NO. 21</u>

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means that amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

(Insert types of damages)

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.[2]

---

[2]   From 9th Circuit Model Civil Instruction 7.1.

<u>STIPULATED JURY INSTRUCTION NO. 22</u>

Punitive damages, which are damages designed to punish a wrongdoer for illegal activities, cannot be assessed against the United States government. Therefore, your deliberations on damages should not include any notion of punishment against the defendant or to warn other employers or government agencies not to engage in unlawful discrimination. Rather, any monetary award that you make must be calculated solely to provide fair compensation to the plaintiff for any actual injuries caused by unlawful discrimination, and no other basis.

<u>STIPULATED JURY INSTRUCTION NO. 23</u>
<u>Verdict Form</u>

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question in a note, and have the foreperson sign the note. The foreperson will then contact the Courtroom Deputy via the telephone located in the hallway outside the jury room. The Courtroom Deputy will pick up the note and bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time. For example, you should never state that "x" number of jurors are

leaning or voting one way and "x" number of jurors are leaning or voting another way.

Source:    United States District Judge J. Michael Seabright's General Federal Jury Instructions in Civil Case on the website for the United States District Court for the District of Hawaii, Instruction No. 22.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUCAS BRUNO III, CHRISTOPHER GAHR, FRANK ROBERT PAULSON, CHARLES TURNER, and TOM YOUNG,<br><br>          Plaintiffs,<br><br>  vs.<br><br>MICHAEL CHERTOFF, Secretary, DEPARTMENT OF HOMELAND SECURITY,<br><br>          Defendant. | CIVIL NO. 03-00567 JMS BMK<br><br>CERTIFICATE OF SERVICE |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

    <u>Served by First Class Mail</u>:

    Moises A. Aviles
    Aviles & Associates
    560 N. Arrowhead Ave., Suite 2A
    San Bernardino, CA  92401

    <u>Served Electronically through CM/ECF</u>:

    G. Todd Withy
    <u>Withylawcourt@aol.com</u>, <u>withylaw@aol.com</u>

    Attorneys for Plaintiff
    CHRISTOPHER GAHR

DATED:  Honolulu, Hawaii, April _____, 2007.

                         _____